**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DINO KURT, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:25-cv-05017-CHK |
| Plaintiff, | |
| v. | |
| FLY-E GROUP, INC., ZHOU OU, and SHIWEN FENG, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF KENNETH RIISBORG AND ANDVIC HOLDING APS'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND <u>APPROVAL OF LEAD COUNSEL</u>**

1

Kenneth Riisborg and Andvic Holding ApS ("Riisborg and Andvic") submit this memorandum of law in support of their motion pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq*. (the "PSLRA") for an Order: (1) appointing Riisborg and Andvic as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B); (2) approving Riisborg and Andvic's selection of Glancy Prongay & Murray LLP as Lead Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v); and (3) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I.    PRELIMINARY STATEMENT

This is a class action on behalf of all persons and entities who purchased or otherwise acquired publicly traded Fly-E Group, Inc. ("Fly-E" or the "Company") securities between July 15, 2025 and August 14, 2025, both dates inclusive (the "Class Period").

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that the Court shall appoint the "most adequate plaintiff"—the plaintiff most capable of adequately representing the interests of class members—as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B). Pursuant to the PSLRA, the plaintiff or movant with the largest financial interest in the relief sought by the class who otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") is presumed to be the most adequate plaintiff. This motion is made on the grounds that Riisborg and Andvic are the "most adequate plaintiff" as defined by the PSLRA.

Riisborg and Andvic believe that they are the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on their financial losses suffered as a result of Defendants Fly-E Group, Inc., Zhou Ou, and Shiwen Feng, ("Defendants")' wrongful conduct as alleged in this action. Additionally, for purposes of this motion, Riisborg and Andvic satisfy the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as their claims are typical of other class members' claims and they are committed to fairly and adequately representing the

interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, Riisborg and Andvic respectfully submit that they are presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, Riisborg and Andvic's selection of Glancy Prongay & Murray LLP as lead counsel for the class should be approved because the firm has substantial expertise in securities class actions, and the experience and resources to efficiently prosecute this action.

## II.    FACTUAL BACKGROUND[1]

Fly-E designs, installs, and sells smart electric motorcycles, electric bikes, electric scooters, and related accessories under the Fly E-Bike brand in the United States, Mexico, and Canada. The Company offers e-mopeds, e-motorcycles, e-tricycles, and e-scooters; e-bikes, including city, foldable, standard; and traditional bikes. In addition, it provides accessories and spare parts, as well as offering after sales services consisting of repair and maintenance services.

On August 14, 2025, Fly-E disclosed that it was unable to timely file its Form 10-Q for the first quarter of fiscal year 2026, revealing a 32% year-over-year decline in net revenues, primarily driven by decreased unit sales following multiple lithium-battery accidents involving its E-Bikes and E-Scooters. The Company further warned that these incidents, along with retail store closures, would continue to weigh on future revenue.

On this news, Fly-E's stock price fell $6.76, or 87.1%, to close at $1.00 per share on August 15, 2025, thereby injuring investors.

The complaint filed in this action alleges that, throughout the Class Period, the Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to

---

[1] This section is adapted from the complaint filed in this action (Dkt. No. 1).

disclose to investors: (1) material adverse facts concerning the safety of Fly-E's lithium battery which took a material toll on E-vehicle sales revenue; (2) risks associated with its lithium battery, supply chain changes, the regulatory environment, and demand fluctuations; (3) that, despite making lofty long-term projections, Fly-E's forecasting processes fell short as sales continued to decline and operating expenses increased; and (4) as a result, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis at all relevant times.

As a result of the Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities during the Class Period, Riisborg and Andvic and other members of the class have suffered significant losses and damages.

## III.   ARGUMENT

### A.   Riisborg and Andvic Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the class—is the class member that:

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.

4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Riisborg and Andvic satisfy all of the PSLRA criteria and has complied with all of the PSLRA's requirements for appointment as lead plaintiff. Riisborg and Andvic have, to the best of their knowledge, the largest financial interest in this litigation and meets the relevant requirements of Rule 23. In addition, Riisborg and Andvic are not aware of any unique defenses the Defendants could raise against them that would render them inadequate to represent the class. Accordingly, Riisborg and Andvic respectfully submit that they should be appointed lead plaintiff. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

### 1.    Riisborg and Andvic Filed a Timely Motion

Riisborg and Andvic have made a timely motion in response to a PSLRA notice. On September 9, 2025, pursuant to Section 21D(a)(3)(A)(I) of the PSLRA, notice was published in connection with this action. *See* Declaration of Gregory B. Linkh in Support of Kenneth Riisborg and Andvic Holding ApS's Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel ("Linkh Decl."), Ex. A. Therefore, Riisborg and Andvic had sixty days (*i.e.*, until November 7, 2025) to file a motion to be appointed as lead plaintiff. As purchasers of Fly-E securities during the Class Period, Riisborg and Andvic are members of the proposed class and has

5

hereby timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in his PSLRA certification, Riisborg and Andvic attest that they have reviewed the complaint, adopt the allegations therein, and are willing to serve as a representative of the class. *See* Linkh Decl., Ex. B. Accordingly, Riisborg and Andvic satisfy the first requirement to serve as lead plaintiff for the class.

### 2. Riisborg and Andvic Have the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Riisborg and Andvic believes that they have the largest financial interest among class members who filed timely applications for appointment as lead plaintiff and is presumed to be the "most adequate plaintiff."

Riisborg and Andvic purchased Fly-E securities during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial losses of $216,182.23. *See* Linkh Decl., Ex. C. To the best of their knowledge, Riisborg and Andvic are not aware of any other class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest and is otherwise adequate. As such, Riisborg and Andvic believe they have the "largest financial interest in the relief sought by the class," and thus satisfy the second PSLRA requirement to be appointed as lead plaintiff for the class. *See Varghese*, 589 F. Supp. 2d at 396.

### 3. Riisborg and Andvic Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23

of the Federal Rules of Civil Procedure." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a). In making its determination that a lead plaintiff candidate otherwise satisfy the requirements of Rule 23, "typicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination." *City of Monroe Employees' Ret. Sys. v. Hartford Fin. Svcs. Group, Inc.*, 269 F.R.D. 291, 296 (S.D.N.Y. 2010). At the lead plaintiff stage of the litigation, a movant need only make a preliminary showing that they satisfy Rule 23's typicality and adequacy requirements. *Id*. at 296-97 (citing *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005)); *Kuriakose v. Federal Home Loan Mortg. Co.*, No. 08-cv-7281, 2008 WL 4974839, at *5 (S.D.N.Y. Nov. 24, 2008).

### a)    Riisborg and Andvic's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See Kuriakose*, 2008 WL 4974839, at *4. Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Riisborg and Andvic's claims are typical of the claims asserted by the proposed members of the class. Like all members of the class, Riisborg and Andvic allege that the Defendants' material misstatements and omissions concerning Fly-E's business, operations, and financial prospects violated the federal securities laws. Riisborg and Andvic, like all members of the class, purchased Fly-E securities in reliance on the Defendants' alleged misstatements and omissions

7

and was damaged thereby. Accordingly, Riisborg and Andvic's interests and claims are "typical" of the interests and claims of the class.

### b) Riisborg and Andvic Are Adequate Representatives

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe*, 269 F.R.D. at 297.

Riisborg and Andvic have demonstrated their adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and their financial losses ensure that they has sufficient incentive to provide vigorous advocacy. *See* Linkh Decl., Ex. C. Riisborg resides in Kolding, Denmark. Andvic is also based in Kolding, Denmark. Riisborg, who is the owner of Andvic, has been managing his own investments for approximately seven years. Riisborg has a college degree, and, for the last six years, has been employed facilitating Executive and Board education programs for the Scandinavian Executive Institute. He has also completed multiple executive leadership programs through INSEAD, the European business school, in the last five years. Previously, Riisborg owned and operated three retail stores. Moreover, Riisborg and Andvic are not aware of any conflict between their claims and those of the class. As such, Riisborg and Andvic are adequate to represent the class and should be appointed as lead plaintiff.

### B. The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cendant*, 264 F.3d at 274. Here, Riisborg and Andvic have retained Glancy Prongay & Murray LLP as lead counsel to pursue this litigation on their behalf and will retain the firm as the class's lead counsel in the event they are

appointed lead plaintiff. Glancy Prongay & Murray LLP possesses extensive experience in securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected in the firm's résumé attached to the Linkh Declaration as Exhibit D. Thus, the Court may be assured that, by granting the Motion, the class will receive the highest caliber of legal representation.

## IV.    CONCLUSION

For the foregoing reasons, Riisborg and Andvic respectfully request that the Court grant their Motion and enter an Order (1) appointing Riisborg and Andvic as Lead Plaintiff; (2) approving their selection of Glancy Prongay & Murray LLP as Lead Counsel for the class; and (3) granting such other relief as the Court may deem just and proper.

Respectfully submitted,

DATED: November 7, 2025

**GLANCY PRONGAY & MURRAY LLP**

By:  _/s/ Gregory B. Linkh_
Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 358
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
glinkh@glancylaw.com

Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Kenneth Riisborg and Andvic Holding ApS and Proposed Lead Counsel for the Class*

**LAW OFFICES OF HOWARD G. SMITH**
Howard G. Smith
3070 Bristol Pike, Suite 112

Bensalem PA 19020
Telephone: (215) 638-4847
Facsimile: (215) 638-4867

*Additional Counsel*

10

## CERTIFICATE OF COMPLIANCE

The undersigned counsel for Kenneth Riisborg and Andvic Holding ApS certifies that this

brief contains 2,639 words, which complies with the word limit of L.R. 7.1(c).

*/s/ Gregory B. Linkh*
Gregory B. Linkh

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On November 7, 2025, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Eastern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 7, 2025, at Brooklyn, New York.

*/s/ Gregory B. Linkh*
Gregory B. Linkh