**WOLF HALDENSTEIN ADLER**
  **FREEMAN & HERZ LLP**
Matthew M. Guiney
Patrick Donovan
Rourke C. Donahue
270 Madison Avenue
New York, NY 10016
Tel: (212) 545-4600
Fax: (212) 686-0114
Guiney@whafh.com
Donovan@whafh.com
Donahue@whafh.com

*Counsel for Lead Plaintiff Movant Kenneth Zalba*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DINO KURT, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>FLY-E GROUP, INC., ZHOU OU, and SHIWEN FENG,<br><br>Defendants. | Case No: 1:25-cv-05017-CHK<br><br>Hon. Clay H. Kaminsky<br><br>**MEMORANDUM OF LAW IN SUPPORT OF KENNETH ZALBA'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**<br><br>**CLASS ACTION** |

**TABLE OF CONTENTS**

**Page(s)**

I.      INTRODUCTION ................................................................................................ 1

II.     FACTUAL BACKGROUND ............................................................................... 2

III.    PROCEDURAL HISTORY .................................................................................. 3

IV.     ARGUMENT ....................................................................................................... 4

        A.      Appointing Movant Zalba as Lead Plaintiff Is Appropriate. .................. 4

                **1.**    Movant Zalba Filed a Timely Motion ........................................ 5

                **2.**    Movant Zalba Has the Largest Financial Interest in the Relief Sought. ...... 6

                **3.**    Movant Zalba Satisfies the Relevant Requirements of Rule 23. ................ 7

                        a)      Movant Zalba's Claims Are Typical ............................... 8

                        b)      Movant Zalba Is an Adequate Representative. ............... 8

        B.      Approving Lead Plaintiff's Choice of Counsel Is Appropriate. ............. 9

V.      CONCLUSION .................................................................................................. 10

i

## TABLE OF AUTHORITIES

**CASES**                                                                                                    **Page(s)**

*Brady v. Top Ships Inc.*,
   324 F. Supp. 3d 335 (E.D.N.Y. 2018) ...................................................................5, 6

*In re Cendant Corp.*,
   264 F.3d 201 (3d Cir. 2001)............................................................................9

*City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.*,
   269 F.R.D. 291 (S.D.N.Y. 2010) ......................................................................8

*Finocchiaro v. NQ Mobile, Inc.*,
   No. 15 Civ. 6385 (NRB), 2016 WL 7031613 (S.D.N.Y. Dec. 1, 2016)....................................5

*Ford v. VOXX Int'l Corp.*,
   No. 14-cv-4183 (JS)(AYS), 2015 WL 4393798 (E.D.N.Y. July 16, 2015) ...............................7

*Mastrella v. WCI Communities, Inc.*,
   No. 08-80055-CIV-HURLEY/HOPKINS, 2008 WL 11331712 (S.D. Fl. May 28, 2008) ...... 5-6

*Quinn v. Ready Cap. Corp.*,
   No. 25 Civ. 1883-PAE, 2025 WL 1883836 (S.D.N.Y. July 8, 2025)...................................... 5-6

*Kuriakose v. Fed. Home Loan Mortg. Co.*,
   No. 1:08-cv-7281-JFK, 2008 WL 4974839 (S.D.N.Y. Nov. 24, 2008) .......................................8

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*,
   No. 10-cv-00864 (SLT)(RER), 2011 WL 3511057 (E.D.N.Y. May 31, 2011)...........................8


**STATUTES & RULES**

Federal Rules of Civil Procedure
   Rule 23 ................................................................................................. *passim*
   Rule 23(a).............................................................................................7, 8

Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78a, *et seq.,*
   § 78n(b) ("Section 10(b)")............................................................................1
   § 78t(a) ("Section 20(a)") ............................................................................1
   § 78u-1(a)(3)(A)(i)....................................................................................5
   § 78u-4(a)(3)(B) ("Section 21D(a)(3)(B)") ........................................................ *passim*

Private Securities Litigation Reform Act of 1995 ("PSLRA"),
   15 U.S.C. § 78u-4(a), *et seq.*........................................................................ *passim*

§ 78u-4(a)(3)(B)........................................................................................................................1, 4

§ 78u-4(a)(3)(B)(iii)(I).........................................................................................................4, 6, 7

§ 78u-4(a)(3)(B)(iii)(II) ..........................................................................................................4, 9

§ 78u-4(a)(3)(B)(v) ...................................................................................................................9

SEC Rule 10b-5, 17 C.F.R. § 240.10b-5 .....................................................................................1

## I.    INTRODUCTION

Movant Kenneth Zalba ("Movant Zalba") respectfully submits this memorandum of law in support of his motion ("Motion") to appoint him as Lead Plaintiff and approve his selection of Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein" or the "Firm") as Lead Counsel pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), on behalf of a class consisting of all persons and entities other than Defendants that purchased or otherwise acquired Fly-E Group, Inc. ("Fly-E" or the "Company") securities between July 15, 2025, to August 14, 2025, both dates inclusive (the "Class Period"), concerning claims under Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder, against Fly-E, Zhou Ou, and Shiwen Feng (collectively, "Defendants").

Pursuant to the PSLRA, the movant with the largest financial interest in the relief sought by the Class who also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the "most adequate" plaintiff—*i.e.*, the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate movant as lead plaintiff. Movant Zalba believes that he is the "most adequate" movant, as defined by the PSLRA, and should be appointed lead plaintiff based on the substantial financial losses he suffered due to Defendants' wrongful conduct as alleged in this litigation. Moreover, Movant Zalba satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other Class members' claims, and he will fairly and adequately represent the interests of the Class. In addition, Movant Zalba's selection of Wolf Haldenstein as Lead Counsel should be approved because the Firm has substantial experience in securities class action litigation and the expertise and resources necessary to efficiently prosecute the Action.

## II.    FACTUAL BACKGROUND[1]

Fly-E designs, installs, and sells smart electric motorcycles, electric bikes, electric scooters, and related accessories under the Fly E-Bike brand in the United States, Mexico, and Canada. The Company offers e-mopeds, e-motorcycles, e-tricycles, and e-scooters; e-bikes, including city, foldable, standard; and traditional bikes. In addition, it provides accessories and spare parts, as well as offering after-sales services consisting of repair and maintenance services. ¶ 19.

The *Kurt* Complaint alleges that Defendants provided investors with material information concerning Fly-E's overall revenue growth from sales of the Company's E-bikes, E-motorcycles and E-scooters. Defendants' statements included, among other things, confidence in Fly-E's ability to enhance its position as a leader in urban mobility solutions by growing its product and service portfolio for food and package delivery workers, expanding its international sales network, and increasing growth in the online market. ¶ 2.

Defendants provided these overwhelmingly positive statements to investors while, at the same time, disseminating materially false and misleading statements and/or concealing material adverse facts concerning the safety of Fly-E's lithium battery, which, in turn, took a material toll on its E-vehicle sales revenue. Further, despite making lofty long-term projections, Fly-E's forecasting processes fell short as sales continued to decline and operating expenses increased, ultimately, derailing the Company's revenue projections. Such statements absent these material facts caused Plaintiff and other shareholders to purchase Fly-E's securities at artificially inflated prices. ¶ 3.

---

[1] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Kurt* Complaint") filed in the United States District Court for the Eastern District of New York in the action styled *Kurt v. Fly-E Grp., Inc., et. al.*, Case No. 1:25-cv-05017-CHK (the "Action"). Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Kurt* Complaint. The facts set forth in the *Kurt* Complaint are incorporated herein by reference.

On August 14, 2025, the truth emerged when Fly-E filed a form NT 10-Q: Notification of inability to timely file Form 10-Q for the first quarter of fiscal year 2026 revealing a substantial decrease of 32% in net revenues "primarily driven by a decrease in total units sold." In pertinent part, the Company attributed the decline to "recent lithium-battery accidents involving E-Bikes and E-Scooters." As a result of the lithium battery incidents and retail store closures, Defendants disclosed their expectation of a further decrease in retail sales revenue for the Company's 2026 fiscal year. ¶ 4.

Investors and analysts reacted immediately to Fly-E's revelation. The price of Fly-E's common stock declined dramatically. From a closing market price of $7.76 per share on August 14, 2025, Fly-E's stock price fell to $1.00 per share on August 15, 2025, a decline of about 87% in the span of just a single day. ¶ 5.

## III.    PROCEDURAL HISTORY

Pending before this Court is the above-captioned Action against the Defendants. Plaintiff Dino Kurt ("Kurt") commenced the first-filed action on September 8, 2025. On September 9, 2025, counsel acting on Kurt's behalf ("Levi & Korsinsky") published a notice on *ACCESS Newswire* announcing that a securities class action had been initiated against the Defendants and alerting investors that they had until November 7, 2025, to file a lead plaintiff motion. *See* Guiney Decl., Ex. C. However, this notice contained an error because it identified an incorrect lead plaintiff motion deadline. Accordingly, on September 17, 2025, Levi & Korsinsky filed a second, corrected notice on *ACCESS Newswire* informing investors about the class action and that they had until November 10, 2025 – the actual lead plaintiff deadline - to file a lead plaintiff motion. *See* Guiney Decl., Ex. D (the "Notice").

### IV.  ARGUMENT

#### A.  Appointing Movant Zalba as Lead Plaintiff Is Appropriate.

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff(s) filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" — *i.e.*, the plaintiff most capable of adequately representing the interests of the Class — is the class member or group of class members that:

> (aa) has either filed the complaint or made a motion in response to a notice. . .
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption "may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff—

> (aa) will not fairly and adequately protect the interests of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."

15 U.S.C. § 78U-4(a)(3)(B)(iii)(II).

As set forth below, Movant Zalba satisfies the foregoing criteria and has complied with all PSLRA requirements to be appointed lead plaintiff. Movant Zalba has a significant loss—having

lost $87,474.07 as a result of his transactions in Fly-E securities—and meets the relevant requirements of Federal Rule of Civil Procedure 23. *See* Guiney Decl., Ex. B ("Zalba Loss Chart"). In addition, Movant Zalba is not aware of any unique defenses that Defendants could raise against him that would render him inadequate to represent the Class. Accordingly, Movant Zalba respectfully submits that he should be appointed as lead plaintiff. *See Brady v. Top Ships Inc.*, 324 F. Supp. 3d 335, 350 (E.D.N.Y. 2018).

### 1.    Movant Zalba Filed a Timely Motion.

On September 9, 2025, pursuant to 15 U.S.C. § 78u-1(a)(3)(A)(i), Levi & Korsinsky published a notice on *ACCESS Newswire*—a widely circulated national business-oriented wire service—announcing that a securities class action had been filed against Defendants herein and advising purchasers of Fly-E shares that they had sixty days from the publication of the September 9, 2025, notice to file a motion to be appointed as lead plaintiff. Sixty days from September 9, 2025, is November 8, 2025. However, because this date is a Saturday, the motion deadline is the following weekday, Monday, November 10, 2025. Notably, Levi & Korsinsky's first notice incorrectly listed the motion deadline as November 7, 2025. *See* Guiney Decl., Ex. C.

Accordingly, on September 17, 2025, Levi & Korsinsky filed a second, corrected notice informing investors about the class action and that they had until November 10, 2025, to file a lead plaintiff motion. *See* Guiney Decl., Ex. D (the "Notice")[2]; *see also Quinn v. Ready Cap. Corp.*,

---

[2] The harmless error in Levi & Korsinsky's initial notice listing the incorrect lead plaintiff motion deadline does not require republication of notice pursuant to the PSLRA. *See Finocchiaro v. NQ Mobile, Inc.*, No. 15 Civ. 6385 (NRB), 2016 WL 7031613, at *2 (S.D.N.Y. Dec. 1, 2016) (error in notice listing the lead plaintiff deadline as a Saturday instead of the following weekday, a Monday, was "harmless and immaterial"); *Mastrella v. WCI Communities, Inc.*, No. 08-80055-CIV-HURLEY/HOPKINS, 2008 WL 11331712, at *2 (S.D. Fl. May 28, 2008) ("Although the notice should have indicated that the 60-day period ran from February 1 rather than January 23, this *de minimis* deviation from the statutory requirements is not enough, standing alone, to require republication of notice. *See In re USEC Sec. Litig.*, 168 F. Supp. 2d 560, 567 (D. Md. 2001) (finding notice compliant with PSLRA requirements notwithstanding

No. 25 Civ. 1883-PAE, 2025 WL 1883836, at *1 (S.D.N.Y. July 8, 2025) (granted lead plaintiff motion filed pursuant to *ACCESS Newswire* notice).

Movant Zalba timely filed his motion within the sixty-day period following publication of the corrected Notice. Further, submitted herewith is a sworn certification by Movant Zalba attaching his transactions in Fly-E securities and attesting that he is willing to serve as representative of the Class. *See* Guiney Decl., Ex. A ("PSLRA Certification"). By making a timely motion in response to the Notice, Movant Zalba satisfies the first PSLRA requirement to be appointed as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in his Declaration (*see* Guiney Decl., Ex. E), Movant Zalba is willing to act in the best interests of the Class during the course of the litigation to provide effective representation and to ensure that Lead Counsel effectively litigates the Action.

Accordingly, Movant Zalba satisfies the first PSLRA requirement to be appointed as lead plaintiff.

### 2.      Movant Zalba Has the Largest Financial Interest in the Relief Sought.

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Movant Zalba believes that he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and, accordingly, is presumed to be the "most adequate plaintiff."

Movant Zalba acquired Fly-E securities at prices alleged to have been artificially inflated by Defendants' materially false and misleading statements and was injured thereby. As a result of

---

slight mistake in notice's calculation of lead-plaintiff deadline)").

Defendants' false statements, Movant Zalba suffered an approximate loss of $87,474.07. *See* Guiney Decl., Ex. B. Movant Zalba is unaware of any other Class member claiming a larger financial interest in this matter that has filed a motion for appointment as lead plaintiff. Consequently, Movant Zalba believes that he has the "largest financial interest in the relief sought by the Class." Thus, Movant Zalba satisfies the second PSLRA requirement—the largest financial interest—and should be appointed as lead plaintiff for the Class. *See Top Ships*, 324 F. Supp. 3d at 350.

### 3.    Movant Zalba Satisfies the Relevant Requirements of Rule 23.

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff candidate satisfies the requirements of Rule 23, typicality and adequacy are the only provisions of Rule 23 that are to be considered. *Ford v. VOXX Int'l Corp.*, No. 14-cv-4183 (JS)(AYS), 2015 WL 4393798, at *4 (E.D.N.Y. July 16, 2015). At the lead plaintiff stage of the litigation, Movant Zalba need only make a preliminary showing that he satisfies Rule 23's typicality and adequacy requirements. *Id*.

### a)      Movant Zalba's Claims Are Typical.

The Rule 23(a) typicality requirement is satisfied when a lead plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and lead plaintiff's claims are based on the same legal theory. *See Kuriakose v. Fed. Home Loan Mortg. Co.*, No. 1:08-cv-7281 (JFK), 2008 WL 4974839, at *4 (S.D.N.Y. Nov. 24, 2008). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Movant Zalba's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movant Zalba alleges that Defendants' material misstatements and omissions concerning Fly-E's business, operational, and financial results violated the federal securities laws. Movant Zalba, like all members of the Class, purchased or otherwise acquired Fly-E securities during the Class Period. *Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, No. 10-cv-01405 (SLT)(RER), 2011 WL 3511057, at *4 (E.D.N.Y. May 31, 2011) (typicality satisfied where movants purchased stock at artificially inflated prices "and suffered damages as a result"). Accordingly, Movant Zalba's interests and claims are "typical" of the interests and claims of the Class.

### b)      Movant Zalba Is an Adequate Representative.

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.*, 269 F.R.D. 291, 297 (S.D.N.Y. 2010). Movant Zalba has demonstrated his adequacy by retaining competent and experienced counsel, Wolf Haldenstein, with the resources and expertise to efficiently prosecute the Action (*see* Guiney Decl., Ex. F), and Movant Zalba's financial losses ensure that he has sufficient incentive to ensure the vigorous advocacy of

the Action. *See* Guiney Decl., Ex. B. Additionally, Movant Zalba is not aware that any conflict exists between his claims and those asserted on behalf of the Class.

Moreover, Movant Zalba has submitted a Declaration, attesting to, *inter alia*, his education history, occupation, and investment experience, as well as to his understanding of the strength of this case, the responsibilities and duties of serving as a lead plaintiff, his desire to obtain the best result for the Class, and the steps that he will take to supervise this litigation. Therefore, Movant Zalba has demonstrated his significant interest in the outcome of the case and his plans to ensure vigorous advocacy. *See* Guiney Decl., Ex. E.

Accordingly, Movant Zalba meets the adequacy requirement of Rule 23.

**B.      Approving Lead Plaintiff's Choice of Counsel Is Appropriate.**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp. Litig.*, 264 F.3d 201, 274 (3d Cir. 2001). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Movant Zalba has selected Wolf Haldenstein to pursue this litigation on his behalf and has retained the Firm as the Class's Lead Counsel in the event he is appointed as lead plaintiff. Wolf Haldenstein possesses adequate experience in securities litigation and has successfully prosecuted numerous securities class actions on behalf of injured investors including securities class actions litigated in this District, as reflected by the Firm Résumé attached to the Guiney Decl. as Ex. F. Moreover, Wolf Haldenstein has often been appointed as lead counsel in similar actions across the country arising under the federal securities laws on behalf of investors. Thus, the Court may rest assured that by granting Movant Zalba's motion, the Class will receive the highest caliber of legal representation possible.

## V.    CONCLUSION

For the foregoing reasons, Movant Zalba respectfully requests that the Court grant his Motion and enter an Order: (1) appointing Movant Zalba as Lead Plaintiff, (2) approving his selection of Wolf Haldenstein as Lead Counsel for the Class, and (3) granting such other relief as the Court may deem just and proper.

Dated: November 10, 2025                Respectfully Submitted,

                                        **WOLF HALDENSTEIN ADLER
                                           FREEMAN & HERZ LLP**

                                        By: */s/ Matthew M. Guiney*

                                        Matthew M. Guiney
                                        Patrick Donovan
                                        Rourke C. Donahue
                                        270 Madison Avenue
                                        New York, NY 10016
                                        Tel: (212) 545-4600
                                        Fax: (212) 686-0114
                                        Guiney@whafh.com
                                        Donovan@whafh.com
                                        Donahue@whafh.com

                                        *Counsel for Movant Zalba and [Proposed]
                                        Lead Counsel for the Class*