**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| DINO KURT, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>v.<br><br>FLY-E GROUP, INC., ZHOU OU, and SHIWEN FENG,<br><br>        Defendants. | Case No.: 1:25-cv-05017-CHK<br><br>Hon. Clay H. Kaminsky |

**MEMORANDUM OF LAW IN SUPPORT OF THE FLY-E INVESTOR GROUP'S
MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND
<u>APPROVAL OF SELECTION OF COUNSEL</u>**

**TABLE OF CONTENTS**

**Page(s)**

I.    FACTUAL BACKGROUND ............................................................................................. 2

II.   PROCEDURAL HISTORY ............................................................................................. 3

III.  ARGUMENT .................................................................................................................. 4

    A.  Appointing the Fly-E Investor Group as Lead Plaintiff Is Appropriate ......................... 4

       1.  The Fly-E Investor Group Filed a Timely Motion. ...................................................... 5

       2.  The Fly-E Investor Group Has the Largest Financial Interest in the Relief Sought. ................................................................................................................................. 6

       3.  The Fly-E Investor Group Satisfies the Relevant Requirements of Rule 23 .............. 6

          a.  The Fly-E Investor Group's Claims Are Typical. .............................................. 7

          b.  The Fly-E Investor Group Is An Adequate Representative. ............................... 8

    B.  Approving the Fly-E Investor Group's Choice of Counsel Is Appropriate. ................... 9

IV.   CONCLUSION ............................................................................................................. 10

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Brady v. Top Ships Inc.,*
324 F. Supp. 3d 335 (E.D.N.Y. 2018) ................................................................. 5, 6

*In re Cendant Corp.,*
264 F.3d 201 (3d Cir. 2001) .............................................................................. 9

*City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,*
269 F.R.D. 291 (S.D.N.Y. 2010) ......................................................................... 8

*In re E-Trade Financial Corp.* Securuties Litigation,
No. 07-cv-8538 (S.D.N.Y.) .............................................................................. 9

*Ford v. VOXX Int'l Corp.,*
No. 14-cv-4183-JS-AYS, 2015 U.S. Dist. LEXIS 92705 (E.D.N.Y. Apr. 13, 2015) .............. 7

*In re Gentiva Sec. Litig.,*
281 F.R.D. 108 (E.D.N.Y. 2012) ......................................................................... 7

*Gurevitch v. KeyCorp, et al.,*
No. 1:23-cv-01520 (N.D. Ohio Dec. 26, 2023) ....................................................... 10

*Jaramillo v. Dish Network Corporation, et al.,*
No. 1:23-cv-00734 (D. Colo. Aug. 16, 2023) ......................................................... 9

*Kuriakose v. Fed. Home Loan Mortg. Co.,*
No. 1:08-cv-7281-JFK, 2008 U.S. Dist. LEXIS 95506 (S.D.N.Y. Nov. 24, 2008) ................. 7

*Martin v. BioXcel Therapeutics, Inc. et al.,*
No. 3:23-cv-00915 (D. Conn. Oct. 4, 2023) .......................................................... 9

*Petersen v. Stem, Inc. et. al.,*
No. 3-23-cv-02329 (N.D. Cal. Aug 22, 2023) ......................................................... 9

*Rensin, Trustee of the Rensin Joint Trust v. United States Cellular Corporation, et al.,*
No. 1:23-cv-02764 (N.D. Ill. July 11, 2023) ......................................................... 9

*Solomon v. Peloton Interactive, Inc. et al.,*
No. 1:23-cv-04279 (E.D.N.Y. Sept 7, 2023) .......................................................... 10

*In re Tesla Inc. Securities Litigation,*
No. 3:18-cv-4865 (N.D. Cal.) ........................................................................... 9

*Thant v. Rain Oncology Inc. et al.,*
5:23-cv-03518 (N.D. Cal. Nov. 1, 2023) ............................................................... 9

*Thant v. Veru, Inc. et al.,*
  No. 1:22-cv-23960 (S.D. Fla. July 27, 2023).......................................................................... 10

*In re U.S. Steel Securities Litigation,*
  No. 2:17-579-CB (W.D. Pa.) ..................................................................................................... 9

*Villanueva v. Proterra Inc. et al.,*
  No. 5:23-cv-03519 (N.D. Cal. Oct. 23, 2023) ......................................................................... 9

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*,
  No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552 (E.D.N.Y. May 31, 2011)................... 7

*Xiangdong Chen v. X Fin.*,
  No. 19-CV-6908-KAM-SJB, 2020 U.S. Dist. LEXIS 86292 (E.D.N.Y. May 13, 2020)......... 5

**Statutes**

15 U.S.C. § 78u-4 .......................................................................................................*passim*

**Rules**

FED. R. CIV. P. 23................................................................................................. 1, 5, 6, 7

Marina Mazzeo, Stanley Eng, and Jan Lindberg (the "Fly-E Investor Group") respectfully submits this memorandum of law in support of its motion ("Motion") to appoint it as lead plaintiff and approve its selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel pursuant to Section 21D of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), on behalf of all investors who purchased or otherwise acquired Fly-E Group, Inc. ("Fly-E" or the "Company") securities between July 15, 2025, to August 14, 2025, inclusive (the "Class" who purchased during the "Class Period"), concerning claims under Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. §240.10b-5), against Defendants Fly-E, Zhou Ou ("Ou"), and Shiwen Feng ("Feng") (collectively, "Defendants").

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the Class who also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure are presumed to be the "most adequate" plaintiff—*i.e.*, the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate movant as lead plaintiff. The Fly-E Investor Group believes that it is the "most adequate" movant, as defined by the PSLRA, and should be appointed lead plaintiff based on the substantial financial losses it suffered as a result of defendants' wrongful conduct as alleged in this litigation. Moreover, the Fly-E Investor Group satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as its claims are typical of other Class members' claims and it will fairly and adequately represent the interests of the Class. In addition, the Fly-E Investor Group's selection of Levi & Korsinsky as Lead Counsel should be

approved because the firm has substantial experience in securities class action litigation and the experience and resources to efficiently prosecute the Action.

## I.    FACTUAL BACKGROUND[1]

Fly-E designs, installs, and sells smart electric motorcycles, electric bikes, electric scooters, and related accessories under the Fly E-Bike brand in the United States, Mexico, and Canada. ¶ 19. The company offers e-mopeds, e-motorcycles, e-tricycles, and e-scooters; e-bikes, including city, foldable, standard; and traditional bikes. *Id.* In addition, it provides accessories and spare parts, as well as offering after sales services consisting of repair and maintenance services. *Id.*

The statements in Paragraphs 20 to 23 of the *Kurt* Complaint were false and/or materially misleading. ¶ 24. Defendants created the false impression that they possessed reliable information pertaining to the Company's projected revenue outlook and anticipated sales. *Id.* In truth, Fly-E's optimistic revenue goals and demand for its EV products and services fell short of reality; the Defendants continually praised Fly-E's brand reputation in the industry, cost reductions and favorable pricing from suppliers as a key component for Fly-E's ability to grow its sales network, while simultaneously minimizing risks associated with its lithium battery, supply chain changes and the regulatory environment and possible demand fluctuations for its E-Bikes and E-Scooters. *Id.*

On August 14, 2025, Fly-E filed with the SEC a form NT 10-Q: Notification of inability to timely file Form 10-Q for the first quarter of fiscal year 2026. ¶ 25. The filing revealed a significant 32% decrease in Fly-E's net revenue compared to the same period in 2024. *Id.* Notably,

---

[1] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Kurt* Complaint") filed in the action styled *Kurt v. Fly-E Group, Inc., et. al.,* Case No. 1:25-cv-05017-CHK (the "*Kurt* Action"). Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Kurt* Complaint. The facts set forth in the *Kurt* Complaint are incorporated herein by reference.

Defendants stated that the primary driver for the revenue decrease was a decline of "total units sold" as customers were less inclined to purchase E-Bikes due to an "increasing number of lithium battery explosion incidents in New York". *Id.* Although there was mention of sector wide lithium battery incidents in the 10-K filed on July 15, 2025, none were specific to Fly-E's lithium battery. *Id.* Further, Defendants reiterated the fact that the EV industry is "subject to extensive environmental, safety and other laws and regulations, which include products safety and testing, as well as battery safety and disposal." *Id.*

The aforementioned press release, NT 10-Q SEC filing and statements made by the Individual Defendants are in direct contrast to statements they made in the Company's 10-K Annual Report filed with the SEC on July 15, 2025. ¶ 26. In that filing, Defendants continually praised Fly-E's brand reputation in the industry, cost reductions and favorable pricing from suppliers as a key component for Fly-E's ability to grow its sales network and improve gross margins forecasted for the fiscal year 2026, while simultaneously minimizing risks associated with supply chain changes and the regulatory environment, the potential impact of the macro environment, and possible demand fluctuations for its E-Bikes and E-Scooters. *Id.*

Investors and analysts reacted immediately to Fly-E's revelation. ¶ 27. The price of Fly-E's common stock declined dramatically. *Id.* From a closing market price of $7.76 per share on August 14, 2025, Fly-E's stock price fell to $1.00 per share on August 15, 2025, a decline of about 87% in the span of just a single day. *Id.*

## II.    PROCEDURAL HISTORY

Pending before this Court is the above-captioned *Kurt* Action against the Defendants. Plaintiff Dino Kurt ("Kurt") commenced the first-filed action on September 8, 2025. On the next day, Levi & Korsinsky, counsel acting on Kurt's behalf, published a notice on *Globe Newswire*

announcing that a securities class action had been initiated against the Defendants. *See* Exhibit C ("Press Release") to the Declaration of Adam M. Apton in Support of the Fly-E Investor Group's Motion ("Apton Decl.").[2]

### III.    ARGUMENT

#### A.    Appointing the Fly-E Investor Group as Lead Plaintiff Is Appropriate

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" — *i.e.*, the plaintiffs most capable of adequately representing the interests of the Class — is the class member or group of class members that:

> (aa) has either filed the complaint or made a motion in response to a notice. . .
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

The presumption "may be rebutted only upon proof by a purported member of the plaintiff class that the presumptively most adequate plaintiff—

> (aa) will not fairly and adequately protect the interest of the class; or

---

[2] The Press Release stated that the deadline was November 7th, 2025, but was subsequently corrected to November 10th, 2025.

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, the Fly-E Investor Group satisfies the forgoing criteria and has complied with all of the PSLRA's requirements to be appointed lead plaintiff. The Fly-E Investor Group has, to the best of its knowledge, the largest financial interest in this litigation—having lost $1,016,707.29 as a result of its transactions and meets the relevant requirements of Federal Rule of Civil Procedure 23. *See* Loss Chart, Ex. B to Apton Decl. In addition, the Fly-E Investor Group is not aware of any unique defenses that Defendants could raise against it that would render it inadequate to represent the Class. Accordingly, the Fly-E Investor Group respectfully submits that it should be appointed as lead plaintiff. *See Brady v. Top Ships Inc.,* 324 F. Supp. 3d 335, 350 (E.D.N.Y. 2018).

### 1. The Fly-E Investor Group Filed a Timely Motion.

On September 9, 2025, pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), counsel for Kurt published the Press Release on *Globe Newswire*—a widely circulated national business-oriented wire service—announcing that a securities class action had been filed against defendants herein and advising purchasers of Fly-E securities that they had 60 days from the publication of the September 9, 2025 notice to file a motion to be appointed as lead plaintiff. *See* Apton Decl., Ex. C; *Xiangdong Chen v. X Fin.*, No. 19-CV-6908-KAM-SJB, 2020 U.S. Dist. LEXIS 86292, at \*6 (E.D.N.Y. May 13, 2020) (finding that a notice published on *Globe Newswire* satisfied Rule 23).

The Fly-E Investor Group timely filed its motion within the 60-day period following publication of the September 9, 2025 Press Release and each member has submitted herewith a sworn certification attaching their transactions in Fly-E securities and attesting that they each are willing to serve as representatives of the Class. *See* PSLRA Certifications, Ex. A to Apton Decl.

5

By making a timely motion in response to a PSLRA notice, the Fly-E Investor Group satisfies the first PSLRA requirement to be appointed as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa).

**2.    The Fly-E Investor Group Has the Largest Financial Interest in the Relief Sought.**

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, the Fly-E Investor Group believes that it has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and, accordingly, is presumed to be the "most adequate plaintiff."

The Fly-E Investor Group acquired Fly-E securities at prices alleged to have been artificially inflated by Defendants' materially false and misleading statements and was injured thereby. As a result of Defendants' false statements, the Fly-E Investor Group suffered an approximate loss of $1,016,707.29. *See* Apton Decl., Ex. B. The Fly-E Investor Group is unaware of any other Class member claiming a larger financial interest in this matter that has filed a motion for appointment as lead plaintiff. Consequently, the Fly-E Investor Group believes that it has the "largest financial interest in the relief sought by the Class." Thus, the Fly-E Investor Group satisfies the second PSLRA requirement—the largest financial interest—and should be appointed as lead plaintiff for the Class. *See Top Ships,* 324 F. Supp. 3d at 350.

**3.    The Fly-E Investor Group Satisfies the Relevant Requirements of Rule 23.**

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule

6

23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

FED. R. CIV. P. 23(a).

In making its determination that a lead plaintiff candidate satisfies the requirements of Rule 23, typicality and adequacy are the only provisions of Rule 23 that are to be considered. *Ford v. VOXX Int'l Corp.,* No. 14-cv-4183-JS-AYS, 2015 U.S. Dist. LEXIS 92705, at \*6 (E.D.N.Y. Apr. 13, 2015) (citing *In re Gentiva Sec. Litig.,* 281 F.R.D. 108, 112 (E.D.N.Y. 2012)). At the lead plaintiff stage of the litigation, the Fly-E Investor Group need only make a preliminary showing that it satisfies Rule 23's typicality and adequacy requirements. *Id*. at \*6.

### a.    The Fly-E Investor Group's Claims Are Typical.

The Rule 23(a) typicality requirement is satisfied when a lead plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and lead plaintiff's claims are based on the same legal theory. *See Kuriakose v. Fed. Home Loan Mortg. Co.,* No. 1:08-cv-7281-JFK, 2008 U.S. Dist. LEXIS 95506, at \*11-13 (S.D.N.Y. Nov. 24, 2008); Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

The Fly-E Investor Group's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, the Fly-E Investor Group alleges that Defendants' material misstatements and omissions concerning Fly-E's business, operational and financial results violated the federal securities laws. The Fly-E Investor Group, like all members of the Class, purchased or otherwise acquired Fly-E securities during the Class Period. *Waterford Twp. Police*

*& Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552, at \*12 (E.D.N.Y. May 31, 2011) (typicality satisfied where movants purchased stock at artificially inflated prices "and suffered damages as a result"). Accordingly, the Fly-E Investor Group's interests and claims are "typical" of the interests and claims of the Class.

**b.        The Fly-E Investor Group Is An Adequate Representative.**

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,* 269 F.R.D. 291, 297 (S.D.N.Y. 2010). The Fly-E Investor Group has demonstrated its adequacy by retaining competent and experienced counsel, Levi & Korsinsky, with the resources and expertise to efficiently prosecute the Action, and the Fly-E Investor Group's financial losses ensure that it has sufficient incentive to ensure the vigorous advocacy of the Action. *See* Apton Decl., Ex. B. The Fly-E Investor Group is not aware that any conflict exists between its claims and those asserted on behalf of the Class.

Moreover, members of the Fly-E Investor Group have submitted a Joint Declaration, attesting to, *inter alia*, their education history, occupation, and investment experience, as well as to their understanding of the strength of this case, the responsibilities and duties of serving as a lead plaintiff, their shared desire to obtain the best result for the Class, and the steps that they will take to supervise this litigation. *See* Joint Declaration, Ex. D. to Apton Decl. Therefore, the Fly-E Investor Group will prosecute the Action vigorously on behalf of the Class.

Accordingly, the Fly-E Investor Group meets the adequacy requirement of Rule 23.

## B. Approving the Fly-E Investor Group's Choice of Counsel Is Appropriate.

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d 201, 274 (3d Cir. 2001). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, the Fly-E Investor Group has selected Levi & Korsinsky to pursue this litigation on its behalf and has retained the firm as the Class' Lead Counsel in the event it is appointed as lead plaintiff. Levi & Korsinsky possesses adequate experience in securities litigation and has successfully prosecuted numerous securities class actions on behalf of injured investors, as reflected by the Firm Résumé attached to the Apton Decl. as Ex. E. Moreover, Levi & Korsinsky has often been appointed as lead counsel in similar actions across the country arising under the federal securities laws on behalf of investors. As lead counsel in *In re U.S. Steel Securities Litigation,* No. 2:17-579-CB (W.D. Pa.), Levi & Korsinsky secured a $40 million recovery on behalf of investors in the securities of U.S. Steel. The firm also secured a $79 million recovery on behalf of E-Trade investors in *In re E-Trade Financial Corp*. Securities Litigation, No. 07-cv-8538 (S.D.N.Y.). Levi & Korsinsky also has trial experience relating to *In re Tesla Inc. Securities Litigation,* No. 3:18-cv-4865 (N.D. Cal.), representing Tesla investors who were harmed by Elon Musk's "funding secured" tweet from August 7, 2018. *Id*. In the last year alone, Levi & Korsinsky has been appointed lead or co-lead counsel in a number of actions in this Circuit and across the Country including *Thant v. Rain Oncology Inc. et al.*, 5:23-cv-03518 (N.D. Cal. Nov. 1, 2023); *Jaramillo v. Dish Network Corporation, et al.*, No. 1:23-cv-00734 (D. Colo. Aug. 16, 2023); *Villanueva v. Proterra Inc. et al.,* No. 5:23-cv-03519 (N.D. Cal. Oct. 23, 2023); *Martin v. BioXcel*

*Therapeutics, Inc. et al.,* No. 3:23-cv-00915 (D. Conn. Oct. 4, 2023); *Rensin, Trustee of the Rensin Joint Trust v. United States Cellular Corporation, et al.*, No. 1:23-cv-02764 (N.D. Ill. July 11, 2023); *Petersen v. Stem, Inc. et al.,* No. 3-23-cv-02329 (N.D. Cal. Aug 22, 2023); *Solomon v. Peloton Interactive, Inc. et al.,* No. 1:23-cv-04279 (E.D.N.Y. Sept 7, 2023); *Gurevitch v. KeyCorp, et al.*, No. 1:23-cv-01520 (N.D. Ohio Dec. 26, 2023); *Thant v. Veru, Inc. et al.,* No. 1:22-cv-23960 (S.D. Fla. July 27, 2023). Thus, the Court may rest assured that by granting the Fly-E Investor Group's motion, the Class will receive the highest caliber of legal representation possible.

## IV.    CONCLUSION

For the foregoing reasons, the Fly-E Investor Group respectfully requests that the Court grant its Motion and enter an Order: (1) appointing the Fly-E Investor Group as Lead Plaintiff, (2) approving its selection of Levi & Korsinsky as Lead Counsel for the Class, and (3) granting such other relief as the Court may deem just and proper.

Dated: November 10, 2025                                  Respectfully Submitted,

**LEVI & KORSINSKY, LLP**

By: */s/ Adam M. Apton*
Adam M. Apton
33 Whitehall Street, 27th Floor
New York, NY 10004
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Lead Counsel for the Fly-E Investor Group and [Proposed] Lead Counsel for the Class*

**CERTIFICATE OF WORD COUNT**

The undersigned, counsel of record for the Fly-E Investor Group, certifies that this brief contains 2,990 words, which complies with the word limit of L.R. 7.1(c).

Executed on November 10, 2025.

/s/ Adam M. Apton
Adam M. Apton