UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DINO KURT, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> FLY-E GROUP, INC., ZHOU OU, and SHIWEN FENG, <br><br> Defendants. | Case No.: 1:25-cv-05017-CHK <br><br> <u>CLASS ACTION</u> <br><br> MEMORANDUM OF LAW IN SUPPORT OF MOVANT ELLIS REINBLATT'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL |

- 1 -

**TABLE OF CONTENTS**

I.    INTRODUCTION ...........................................................................................................1

II.   FACTUAL BACKGROUND.........................................................................................2

III.  ARGUMENT.................................................................................................................3

     A.     Movant Should Be Appointed Lead Plaintiff ...............................................3

          1.     This Motion Is Timely ......................................................................4

          2.     Movant Has the Largest Financial Interest in the Relief Sought by the Class ............................................................................................4

          3.     Movant Otherwise Satisfies Rule 23 of the Federal Rules of Civil Procedure ........................................................................................6

     B.     The Court Should Approve Movant's Selection of Counsel...................................8

IV.  CONCLUSION.............................................................................................................9

## TABLE OF AUTHORITIES

**CASES**                                                             **PAGE(S)**

*David v. Brit. Am. Tobacco P.L.C.*,
   No. 24-CV-517(AMD)(MMH), 2024 WL 4351311 (E.D.N.Y. Sept. 30, 2024)............5, 6

*Goldstein v. Puda Coal, Inc.*,
   827 F. Supp. 2d 348 (S.D.N.Y. 2011)..................................................................6

*Himstreet v. Scharf*,
   No. CGC-22-599223 (Cal. Super. Ct., S.F. Cty.) ...............................................8

*In re eSpeed, Inc. Sec. Litig.*,
   232 F.R.D. 95 (S.D.N.Y. 2005) .........................................................................6

*In Re GeneDx de-SPAC Litigation*,
   C.A. No. 2023-0140-PAF (Del. Ch. Dec. 2, 2024)............................................8

*In re IMAX Sec. Litig.*,
   No. 06 Civ. 6128 (NRB), 2009 WL 1905033 (S.D.N.Y. June 29, 2009)...........6

*In re Titan, Inc. Sec. Litig.*,
   No. 04-CV-0676-LAB (S.D. Cal. Dec. 20, 2005) ..............................................8

*In re WorldCom, Inc. Sec. Litig.*,
   219 F.R.D. 267 (S.D.N.Y. 2003) .......................................................................6

*Kaplan v. Gelfond*,
   240 F.R.D. 88 (S.D.N.Y. 2007) .........................................................................6

*Linn v. Allied Irish Banks, PLC*,
   No. 02 Civ. 1738 (DAB), 2004 WL 2813133 (S.D.N.Y. Dec. 8, 2004) ............6

*Parot v. Clarivate Plc*,
   No. 22-CV-394 (ARR), 2022 WL 1568735 (E.D.N.Y. May 18, 2022) ..............5

*Peifa Xu v. Gridsum Holding Inc.*,
   No. 18 Civ. 3655 (ER), 2018 WL 4462363 (S.D.N.Y. Sept. 17, 2018) .............5

*Vladimir v. Bioenvision, Inc.*,
   No. 07 Civ. 6416(SHS)(AJP), 2007 WL 4526532 (S.D.N.Y. Dec. 21, 2007) ....5

*Yang v. Tr. for Advised Protfolios [sic]*,
   No. 21-CV-1047 (FB)(MMH), 2022 WL 970772 (E.D.N.Y. Mar. 31, 2022)......7

**STATUTES, RULES & OTHER AUTHORITIES**

15 U.S.C.
§78u-4(a)(1) ..................................................................................................................3
§78u-4(a)(3)(A)(i) ........................................................................................................3
§78u-4(a)(3)(A)-(B) .....................................................................................................4
§78u-4(a)(3)(B) .............................................................................................................4
§78u-4(a)(3)(B)(i) .........................................................................................................3
§78u-4(a)(3)(B)(iii) ...................................................................................................1, 4
§78u-4(a)(3)(B)(iii)(I)(bb) ...........................................................................................4
§78u-4(a)(3)(B)(iii)(I)(cc)............................................................................................6
§78u-4(a)(3)(B)(iii)(II)(aa) ..........................................................................................8
§78u-4(a)(3)(B)(v) .....................................................................................................1, 8

Fed. R. Civ. P. 23(a)(3)-(4)..........................................................................................6

Movant Ellis Reinblatt ("Movant") respectfully submits this Memorandum of Law in support of his Motion for: (i) appointment as Lead Plaintiff in the above-captioned action pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4; and (ii) approval of Movant's selection of Robbins LLP ("Robbins") as Lead Counsel and Johnson Fistel, PLLP ("Johnson Fistel") as Liaison Counsel for Lead Plaintiff and the proposed class.

## I.    INTRODUCTION

Presently pending in this District is the securities class action lawsuit (the "Action") on behalf of acquirers of Fly-E Group, Inc. ("Fly-E" or the "Company") securities between July 15, 2025, and August 14, 2025, inclusive (the "Class Period").   The Action is seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").

Under the PSLRA, the Court is tasked with appointing the Lead Plaintiff in the Action. The PSLRA governs the selection of the lead plaintiff in class actions asserting claims under the Exchange Act.   Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant: (i) making a timely motion under the PSLRA's sixty day deadline; (ii) who asserts the largest financial interest in the litigation; and (iii) who also satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").   *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).   Movant meets these requirements, because: (i) Movant timely filed for appointment as Lead Plaintiff; (ii) to the best of his knowledge, Movant has the largest financial interest in this litigation; and (iii) Movant meets the applicable requirements under Rule 23.   *See id.*; *infra* Section III.A.

Finally, the Court should approve Movant's choice of Lead and Liaison Counsel.   Movant has retained experienced and competent counsel.   As the "most adequate plaintiff" under the PSLRA, the Court should defer to Movant's selection of Robbins as Lead Counsel and Johnson Fistel as Liaison Counsel for the class and should be approved.   *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.    FACTUAL BACKGROUND

Fly-E is a Delaware corporation that is headquartered in Flushing, New York.  It designs, install, and sells smart electric motorcycles, electric bikes, electric scooters, and related accessories in the United States, Mexico, and Canada.  In addition, it provides accessories and spare parts, as well as offering after sales services consisting of repair and maintenance services.  The Company's shares trade on the Nasdaq Stock Market under the ticker symbol "FLYE."

The Action alleges that throughout the Class Period, defendants made materially false and misleading statements regarding the Company's business, operational, and compliance policies. Specifically, defendants made false and misleading statements and failed to disclose the safety issues surrounding Fly-E's lithium battery and as a result, the Company's public statements were materially false and misleading at all relevant times.  In turn, the undisclosed "increasing number of lithium-battery explosion incidents in New York" took a material toll on Fly-E's E-vehicle sales revenue and sales.

In particular, on July 15, 2025, defendants provided investors with material information concerning Fly-E's overall revenue growth from sales of the Company's E-bikes, E-motorcycles and E-scooters in the Company's Form 10-K filed with the U.S. Securities and Exchange Commission.  Defendants' statements included, among other things, confidence in Fly-E's ability to enhance its position as a leader in urban mobility solutions by growing its product and service portfolio for food and package delivery workers, expanding its international sales network, and increasing growth in the online market.  The Form 10-K also highlighted that the Company's E-vehicle products were "subject to extensive environmental, safety, and regulations, which include products safety and testing, as well as battery safety and disposal."  Further, defendants in the Form 10-K touted Fly-E's positive growth prospects, including cost reductions and "favorable pricing."

- 2 -

On August 14, 2025, the truth emerged when Fly-E filed a form NT 10-Q: Notification of inability to timely file Form 10-Q for the first quarter of fiscal year 2026 revealing a substantial decrease of 32% in net revenues "primarily driven by a decrease in total units sold."  In pertinent part, the Company attributed the decline to "recent lithium-battery accidents involving E-Bikes and E-Scooters." As a result of the lithium battery incidents and retail store closures, defendants expect a further decrease in retail sales revenue for the Company's 2026 fiscal year.

Investors and analysts reacted immediately to Fly-E's revelation.  The price of Fly-E's common stock declined dramatically.  From a closing market price of $7.76 per share on August 14, 2025, Fly-E's stock price fell to $1.00 per share on August 15, 2025, a decline of about 87% in the span of just a single day damaging investors.

## III.    ARGUMENT

### A.    Movant Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."   15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i).

First, a plaintiff who files the initial action must publish a notice to the class within twenty days of filing the action informing class members of the following: (i) the pendency of the action; (ii) the claims asserted therein; (iii) the purported class period; and (iv) the right to move the Court to be appointed as Lead Plaintiff within sixty days of the publication of the notice.  15 U.S.C. §78u-4(a)(3)(A)(i).  Here, the relevant notice was published in *Globe Newswire* on September 9, 2025.  *See* Declaration of Ralph M. Stone in Support of Movant Ellis Reinblatt's Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel ("Stone Decl."), Ex. A, filed concurrently herewith.  Within sixty days after publication of the notice, any "person" or "group

- 3 -

of persons" who are members of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. *See* 15 U.S.C. §78u-4(a)(3)(A)-(B).

Second, the PSLRA provides that within ninety days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as Lead Plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. *See* 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is:

the person or group of persons that-

(aa)  has either filed the complaint or made a motion in response to a notice ... ;

(bb)  in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).

### 1.    This Motion Is Timely

The notice published in this Action informed class members that the deadline to move for appointment as Lead Plaintiff was sixty days from September 9, 2025, or November 10, 2025. *See* Stone Decl., Ex. A. As this motion is being filed on November 10, 2025, it is timely. Thus, Movant has complied with the PSLRA's first requirement and is entitled to be considered for appointment as Lead Plaintiff.

### 2.    Movant Has the Largest Financial Interest in the Relief Sought by the Class

To be eligible for the "most adequate plaintiff" presumption, a movant must also possess the "largest financial interest in the relief sought by the class." 15 U.S.C. §78u-

- 4 -

4(a)(3)(B)(iii)(I)(bb).  "The PSLRA does not define the term 'largest financial interest' nor provide a method for determining which plaintiff has the largest financial interest in the relief sought by the class." *Vladimir v. Bioenvision, Inc.*, No. 07 Civ. 6416(SHS)(AJP), 2007 WL 4526532, at *4 (S.D.N.Y. Dec. 21, 2007).  "Courts in the Second Circuit have developed a four-factor test focusing on: (1) the total number of shares purchased (or sold) during the class period; (2) the number of net shares purchased (or sold) during the class period (i.e., the difference between the number of shares purchased (or sold) and the number of shares sold (or purchased)); (3) the total net funds expended during the class period (i.e., the difference between the amount spent to purchase shares and the amount received for the sale of shares during the class period); and (4) the approximate loss suffered during the class period." *Id*. (citations omitted); *David v. Brit. Am. Tobacco P.L.C.*, No. 24-CV-517(AMD)(MMH), 2024 WL 4351311, at *4 (E.D.N.Y. Sept. 30, 2024).  "Most crucial to the Court's determination is the fourth factor—the approximate financial loss suffered." *Parot v. Clarivate Plc*, No. 22-CV-394 (ARR), 2022 WL 1568735, at *5 (E.D.N.Y. May 18, 2022); *Peifa Xu v. Gridsum Holding Inc.*, No. 18 Civ. 3655 (ER), 2018 WL 4462363, at *3 (S.D.N.Y. Sept. 17, 2018) ("Of these factors, courts have consistently held that the fourth, the magnitude of the loss suffered, is most significant.") (Citations omitted).

Under this rubric, Movant's financial interest in the relief sought by the class here, is as follows:

| Shares Purchased: | Net Shares Purchased: | Net Funds Expended: | Losses: |
|---|---|---|---|
| 112,426 | 85,996 | $694,862.28 | $617,420.82 |

*See* Stone Decl., Exs. B and C.  To the best of Movant's counsel's knowledge, Movant's financial interest in this matter is the largest of any known lead plaintiff movants.  Therefore, Movant satisfies the PSLRA's prerequisite of having the largest financial interest.

### 3.    Movant Otherwise Satisfies Rule 23 of the Federal Rules of Civil Procedure

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).    Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(3)-(4).

"In a PSLRA motion to appoint lead plaintiff, the Court considers only whether the proposed plaintiff has made a 'preliminary showing' that two of Rule 23's requirements—typicality and adequacy—are satisfied."  *Brit. Am. Tobacco P.L.C.*, 2024 WL 4351311, at *5 (citations omitted); *see also Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007) *on reconsideration in part sub nom. In re IMAX Sec. Litig.*, No. 06 Civ. 6128 (NRB), 2009 WL 1905033 (S.D.N.Y. June 29, 2009) (cited approvingly by *Goldstein v. Puda Coal, Inc.*, 827 F. Supp. 2d 348, 352-53 (S.D.N.Y. 2011)).  "Further, at this stage of litigation, only a preliminary showing of typicality and adequacy is required."  *Id*.  (citing *In re eSpeed, Inc. Sec. Litig*., 232 F.R.D. 95, 102 (S.D.N.Y. 2005)).

Under Rule 23(a), "[t]he typicality requirement is satisfied when the claims of the proposed lead plaintiff 'arise from the same conduct from which the other class members' claims and injuries arise.'"  *Linn v. Allied Irish Banks, PLC*, No. 02 Civ. 1738 (DAB), 2004 WL 2813133, at *5 (S.D.N.Y. Dec. 8, 2004) (citation omitted).  Typicality exists even if there are some factual distinctions between the claims of the named plaintiff and those of other class members. *In re WorldCom, Inc. Sec. Litig.*, 219 F.R.D. 267, 280 (S.D.N.Y. 2003) (noting that "[t]he factual background of each named plaintiff's claim need not be identical to that of all of the class members as long as the disputed issue of law or fact occup[ies] essentially the same degree of centrality to

- 6 -

the named plaintiff's claim as to that of other members of the proposed class") (citations and internal quotations omitted).

Here, Movant satisfies the typicality requirement for purposes of selecting a Lead Plaintiff because, like other class members, he: (i) purchased Fly-E securities during the Class Period; (ii) paid allegedly inflated prices because of claimed false and misleading statements by defendants; and (iii) thereby suffered damages. Thus, Movant's claims are typical of those of other class members since his claims and the claims of other class members arise out of the same course of events.

"The adequacy requirement is satisfied where '(1) class counsel is qualified, experienced and generally able to conduct the litigation; (2) the class members' interests are not antagonistic to one another; and (3) the [proposed lead plaintiff and] class [have] a sufficient interest in the outcome of the case to ensure vigorous advocacy.'" *Yang v. Tr. for Advised Protfolios [sic]*, No. 21-CV-1047 (FB)(MMH), 2022 WL 970772, at *4 (E.D.N.Y. Mar. 31, 2022) (citations omitted). Movant is an adequate Lead Plaintiff. His interest in aggressively pursuing the claims against defendants is aligned with the interests of the members of the class who were similarly harmed as a result of defendants' false and misleading statements. There is no antagonism between Movant's interests and those of the other members of the class and there is nothing to indicate that Movant will do anything but vigorously pursue the claims on behalf of the class. In addition, Movant has submitted a certification detailing his investments in Fly-E during the Class Period and confirming his willingness to discharge the obligations of class representatives in this Action. *See* Stone Decl., Ex. B.

In addition, as described below, Movant has selected and retained highly competent counsel with significant experience in class action and securities litigation to represent the class.

All of these factors sufficiently evidence Movant's satisfaction of the Rule 23 requirements and capacity and willingness to serve as Lead Plaintiff.

> **B.    The Court Should Approve Movant's Selection of Counsel**

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). This Court should not disturb the Lead Plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa). Movant has selected Robbins to serve as Lead Counsel and Johnson Fistel as Liaison Counsel.

Robbins is a nationally-recognized shareholder rights firm focusing its practice on complex shareholder litigation. *See* Stone Decl., Ex. D. Robbins' attorneys have secured impressive recoveries in shareholder rights' actions. For example, earlier this year Robbins served as sole Lead Counsel in the derivative action, *Himstreet v. Scharf*, No. CGC-22-599223 (Cal. Super. Ct., S.F. Cty.), and secured a $100 million settlement, the largest cash payment made directly to a company in a shareholder derivative action in California state court history (and the thirteenth largest such payment in a derivative settlement in any jurisdiction). Robbins also recently secured a $21 million settlement on behalf of investors as Co-Lead Counsel in *In Re GeneDx de-SPAC Litigation*, C.A. No. 2023-0140-PAF (Del. Ch. Dec. 2, 2024) and served as Lead Counsel in a securities fraud class action *In re Titan, Inc. Sec. Litig.*, No. 04-CV-0676-LAB (S.D. Cal. Dec. 20, 2005), which settled for $61.5 million. Johnson Fistel is similarly well qualified to serve as Liaison Counsel. Johnson Fistel has significant experience in complex class and multiparty actions. *See* Stone Decl., Ex E.

Based on these qualifications, the Court may be assured that the members of the class will receive the highest caliber of legal representation available from Robbins and Johnson Fistel if this motion is granted. Accordingly, Movant's selection of counsel should be approved.

## IV.    CONCLUSION

Movant has satisfied each of the PSLRA's requirements for appointment as Lead Plaintiff. As such, Movant respectfully requests that the Court appoint him as Lead Plaintiff, approve his selection of Robbins as Lead Counsel and Johnson Fistel as Liaison Counsel for Lead Plaintiff and the proposed class, and grant such other relief as the Court may deem just and proper.

Dated: November 10, 2025

Respectfully submitted,

JOHNSON FISTEL, PLLP

/s/ *Ralph M. Stone*

RALPH M. STONE
620 Fifth Avenue, 2nd Floor
New York, NY 10020
Telephone: (212) 292-5690
Facsimile: (619) 363-8326
E-mail: ralphs@johnsonfistel.com

*Counsel for Movant Ellis Reinblatt and*
*[Proposed] Liaison Counsel*

ROBBINS LLP
BRIAN J. ROBBINS
STEPHEN J. ODDO
5060 Shoreham Place, Suite 300
San Diego, CA 92122
Telephone: (619) 525-3990
Facsimile: (619) 525-3991
E-mail: brobbins@robbinsllp.com
          soddo@robbinsllp.com

*Counsel for Movant Ellis Reinblatt and*
*[Proposed] Lead Counsel*

1709410

- 9 -

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned counsel for Movant Ellis Reinblatt certifies that this brief contains 2,551 words, which complies with the word limit of L.R. 7.1(c).

Executed November 10, 2025.

/s/ *Ralph M. Stone*
RALPH M. STONE

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 10, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Court's electronic mail notice list.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed November 10, 2025.

/s/*Ralph M. Stone*
RALPH M. STONE