# Exhibit D



5060 Shoreham Pl., Ste. 300
San Diego, CA 92122
619.525.3990 *phone*
619.525.3991 *fax*
www.robbinsllp.com

# FIRM RESUME

Robbins LLP[1] is a nationally recognized shareholder rights law firm dedicated to the prosecution of shareholder derivative and class action lawsuits.  We are committed to the principle that the directors and managers of publicly traded corporations must be held accountable to the owners of the enterprise – the shareholders.  A leader in corporate governance reform, Robbins LLP has worked with individual and institutional shareholders to improve board oversight, legal compliance, transparency, and responsiveness at more than 400 Fortune 1000 companies.  The firm has also helped secure several of the largest monetary recoveries in the history of shareholder derivative litigation and has helped clients to realize more than $1 billion in value for themselves and the companies in which they have invested.

For its achievements, the firm has received numerous accolades, including inclusion in the first *Chambers California Spotlight Guide for 2025*; recognition from *U.S. News & World Report*, which named the firm a Best Law Firm for 2017-2026, *Daily Journal*, which named the firm a 2015 Top 25 Boutique in California, the *Legal 500*, which named the firm a Leading Firm in Merger and Acquisition Litigation in 2013-2018, the *National Law Journal*, which included the firm on its 2012 Litigation Boutiques Hot List, and ISS's Securities Class Action Services, which has listed the firm among the nation's top shareholder plaintiffs' firms.  Each year, Robbins LLP's attorneys are honored as Super Lawyers and Rising Stars. In addition, Robbins LLP's co-founder, Brian J. Robbins, is featured in Best Lawyers in America for Securities Litigation (2016-2026), in *San Diego Business Journal* as Best of the Bar (2014-2016), and in *The Daily Transcript* as a Top Attorney (2015).

## Practice Areas

Robbins LLP represents individual and institutional investors in shareholder derivative actions, securities fraud class actions arising from violations of Section 10(b) of the Exchange Act, and class actions arising out of mergers and acquisitions, initial public offerings, and going private transactions that violate Section 11 of the Securities Act. Additional Robbins LLP practice areas include antitrust actions, Employee Retirement Income Security Act (ERISA) actions, whistleblower actions under the Dodd-Frank Wall Street Reform and Consumer Protection Act and the False Claims Act, and consumer class actions.

## Leadership

Robbins LLP's experienced attorneys provide skilled representation to clients through all phases of complex litigation.  The firm's partners include former federal prosecutors, defense counsel from top corporate law firms, in-house counsel from leading financial institutions, and career shareholder rights litigators.  Collectively, they have litigated hundreds of cases in nearly every state, serving in numerous court-appointed leadership roles in complex multi-jurisdictional litigation.  They currently serve as lead or co-lead counsel in dozens of cases nationwide.  The firm's attorneys are supported by investigators, corporate research analysts, client relations specialists, and legal support professionals, each of whom provides exceptional client service.  Our talented team has helped secure significant results for our clients.  We feature below some of the firm's achievements across the nation.

- ▪ ***Pirelli Armstrong Tire Corp. Ret. Med. Benefits Trust v. Hanover Compressor Co.***, No. H-02-0410 (S.D. Tex. Feb. 6, 2004):  Shareholders of Hanover Compressor Company, a

---

[1] "Robbins LLP" and "the firm" herein collectively refer to the firm's previous names of Robbins Arroyo LLP, Robbins Umeda LLP, and Robbins Umeda & Fink, LLP.

provider of natural gas compression services operating in the United States and select international markets, brought claims on behalf of the company against company officers and directors for breach of fiduciary duty, waste of corporate assets, abuse of control, and gross mismanagement.  The claims arose out of an off-balance-sheet joint venture to build and operate a natural gas processing plant on barges off the coast of Nigeria.  Robbins LLP attorneys, serving as lead negotiators for derivative plaintiffs, secured extraordinary results for Hanover, including $57.4 million in compensation (a cash payment of $26.5 million and the return of 2.5 million shares valued at approximately $30.9 million by an entity controlled by certain of the individual defendants) and corporate governance changes that have been noted as having "groundbreaking" and "unprecedented" benefits for Hanover, including the appointment of two shareholder-nominated directors and becoming one of the first companies in the United States to commit to implementing a five-year rotation rule for its outside audit firms.

- ▪ ***In re Nicor, Inc. S'holder Derivative Litig.***, No. 02 CH 15499 (Ill. Cir. Ct.-Cook Cnty. Mar. 29, 2005):  The firm served as co-lead counsel for plaintiffs who brought claims for breach of fiduciary duty and unjust enrichment against several officers and directors of Nicor, Inc., one of the largest natural gas distributors in the United States. Plaintiffs alleged that Nicor's management made material misrepresentations and omitted material information from the Illinois Commerce Commission and the company's shareholders and customers, and unlawfully manipulated the company's operating results.  Robbins LLP attorneys recovered $33 million for Nicor and secured personnel changes among Nicor's executive officers and board members.

- ▪ ***In re OM Group, Inc. Derivative Litig.***, No. 1:03-CV-0020 (N.D. Ohio Nov. 10, 2005): The firm served as lead counsel to plaintiffs in this derivative action arising out of a massive accounting fraud at this global solutions provider and specialty chemical manufacturer.  During the litigation, our attorneys opposed and defeated defendants' motions to dismiss, reviewed thousands of documents produced during discovery, conducted expert discovery, and took over forty depositions of witnesses and defendants throughout the United States and Europe.  Robbins LLP obtained a settlement that included a $29 million payment to the company, the termination of the company's chief executive officer, the addition of two shareholder-nominated directors, and the implementation of various other beneficial corporate governance procedures at the company.

- ▪ ***Lieb v. Unocal Corp.***, No. BC331316 (Cal. Super. Ct.-L.A. Cnty. Dec. 20, 2005): Robbins LLP served as co-lead counsel for the public shareholders of Unocal Corporation in this securities class action against Unocal and several of its insiders, officers, and directors for self-dealing and breach of fiduciary duty in connection with the proposed sale of Unocal to Chevron Corporation.  Plaintiffs alleged that Unocal's management failed to obtain the highest share price reasonably available by tailoring the proposed acquisition terms to meet the specific needs of acquirer Chevron, and by discouraging alternative bids. After obtaining broad expedited discovery, the firm was credited for helping Unocal shareholders to realize $500 million in additional consideration as a result of Chevron's increased bid of $17.4 billion.  The firm also secured supplemental proxy statement disclosures before Unocal shareholders voted on whether to accept Chevron's bid over a nominally higher bid by the Chinese National Offshore Oil Corporation.

- ▪ ***In re Titan, Inc. Sec. Litig.***, No. 04-CV-0676-LAB (NLS) (S.D. Cal. Dec. 20, 2005): The firm served as co-lead counsel in this securities fraud class action against The Titan Corporation and certain of its officers and directors for violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and breach of fiduciary duty.  Robbins LLP's efforts resulted in a recovery of $61.5 million for Titan's shareholders.

- ***In re Tenet Healthcare Corp. Derivative Litig.***, No. 01098905 (Cal. Super Ct.-Santa Barbara Cnty. May 5, 2006), *aff'd*, No. B192252 (Cal. App. Sept. 20, 2007): The firm served as co-lead counsel for the plaintiffs, who alleged that Tenet Healthcare Corp.'s top executives breached their fiduciary duties to the company by failing to monitor, investigate, and oversee Tenet's patient procedures, Medicare billing, and accounting practices.  After prosecuting the case for over three years, Robbins LLP's attorneys negotiated a comprehensive settlement, which included $51.5 million in cash contributions to Tenet and sweeping corporate governance reforms and other remedial measures designed to ensure the independence and accountability of the company's board of directors.  The new governance regime included separation of the positions of chief executive officer and chairman of the board of directors, strict internal financial controls, enhanced guidelines for stock ownership and stock retention, and a comprehensive insider trading policy. The settlement was upheld on appeal.

- ***In re Qwest Sav. & Inv. Plan ERISA Litig.***, No. 02-cv-00464 (D. Colo. Jan. 29, 2007): Robbins LLP served on plaintiffs' executive committee in a class action brought as a civil enforcement suit for ERISA violations. The employees alleged that Qwest's management repeatedly misrepresented the financial status of the company to its employees to encourage employees to make discretionary investments in Qwest common stock.  When the truth about Qwest's financial condition and egregious accounting manipulations was revealed, the price of Qwest common stock plummeted, but employees were restricted from selling their retirement fund shares under the terms of the Qwest Savings & Investment Plan. When the restriction was lifted, Qwest stock was trading at an all-time low, devastating the employees' retirement funds. After years of contentious litigation, Robbins LLP helped achieve a $37.5 million settlement for the benefit of the employees who had invested in the retirement plan.

- ***Staehr v. Walter***, No. 02-CVG-11-0639 (Ohio Ct. C.P.-Del. Cnty. Dec. 17, 2007): Robbins LLP led the charge in derivative litigation on behalf of the plaintiff who brought claims against certain Cardinal Health Inc. officers and directors arising out of Cardinal's proposed stock-for-stock acquisition of Syncor International Corp.  The action forced Cardinal to reduce the previously negotiated acquisition price for Syncor, saving the company millions of dollars.  During its work on the Syncor transaction, Robbins LLP and other firms discovered that Cardinal insiders had engaged in a massive revenue inflation scheme to fraudulently overstate the company's financial performance.  Robbins LLP filed an amended complaint against several of Cardinal's officers and directors, defeated multiple motions to dismiss, and pursued and reviewed millions of pages of documents in discovery.  The firm ultimately negotiated and resolved the matter by obtaining $70 million for the company—among the largest monetary recoveries ever in a shareholder derivative action.  The settlement also required Cardinal's board of directors to implement significant corporate governance and internal accounting controls designed to improve the board's oversight of Cardinal's senior management and to prevent the recurrence of the alleged accounting manipulations.

- ***In re Juniper Networks, Inc. Derivative Litig.***, No. 1:06-CV-064294 (Cal. Super. Ct.-Santa Clara Cnty. Dec. 4, 2008): Robbins LLP served as co-lead counsel in this state shareholder derivative suit against several officers and directors of Juniper Networks, Inc., a global networking and communications technology company, for breach of fiduciary duty, abuse of control, gross mismanagement, waste of corporate assets, unjust enrichment, insider selling, accounting, and rescission in connection with a stock option backdating scheme.  After extensively prosecuting the case, the firm helped secure substantive corporate governance reforms and the forfeiture of more than $22 million in stock options to the company from four executives and directors of the board.

- ***In re KB Home S'holder Derivative Litig.***,. No. 2:06-CV-05148-FMC (CTx) (C.D. Cal. Feb. 9, 2009): Robbins LLP served as co-lead counsel for the plaintiffs, who alleged that insiders of KB Home, Inc., a prominent builder of single-family homes in the United States and France,

manipulated their stock option grant dates to misappropriate millions of dollars in illicit compensation.  Robbins LLP's efforts helped return nearly $50 million in value to the company, including a cash payment of over $31 million.  In addition, the firm helped KB Home secure corporate governance enhancements and implement remedial measures, including separation of the chairman of the board and chief executive officer positions; declassification of the board of directors; majority voting for elections to the board; adoption of formal written procedures for the grant of stock options; and limits on future executive severance payments, among others.

- **_Overby v. Tyco Int'l Ltd._**, No. 02-CV-1357-B (D.N.H. Nov. 23, 2009): Robbins LLP represented a class of employees of Tyco International Ltd., the largest electronics security provider in the world, when employees brought claims against the company for ERISA violations.  Robbins LLP helped obtain a $70 million settlement for the beneficiaries of Tyco's defined contribution retirement plan.

- **_In re Brocade Communications Systems, Inc. Derivative Litigation_**, No. 1:05-CV-041683 (Cal. Super. Ct.-Santa Clara County Jan. 28, 2010): Robbins LLP represented plaintiffs in this shareholder derivative action against officers and directors of Brocade Communications Systems, Inc., an industry leader in data center networking solutions, following the announcement that Brocade would have to restate two fiscal years of financial statements to correct its improper accounting for stock-based compensation expenses.  For years, Brocade's insiders had engaged in a secret stock option backdating scheme designed to reward executives and recruit engineers with stock options priced below their fair market value as of the date of the grants.  Robbins LLP successfully petitioned the court to proceed with litigation to prevent an inadequate settlement of a related federal action, which would have released the officers, directors, and agents of the company responsible for the criminal backdating scheme for no money to the company nor a payment of attorney's fees, even as the U.S. Government pursued and ultimately won criminal convictions against the responsible executives.  After almost three years of diligently prosecuting the case, during which Robbins LLP engaged in extensive motion practice, reviewed approximately three million pages of documents, and marshaled evidence from related cases involving the conduct at Brocade, Brocade's Special Litigation Committee retained Robbins LLP to serve as its co-counsel, and, after presentations from Robbins LLP, authorized the continued prosecution of claims against Brocade's officers and directors and on behalf of the shareholders.

- **_In re PETCO Animal Supplies, Inc. S'holder Litig._**, No. GIC 869399 (Cal. Super. Ct.-San Diego Cnty. Mar. 26, 2010):  Robbins LLP served as co-lead counsel to the public shareholders of PETCO Animal Supplies, Inc., in a class action that sought to enjoin PETCO's insiders, directors, and affiliates from consummating any sale of PETCO unless and until the company implemented a procedure to ensure that PETCO's shareholders received the highest possible price for the sale.  Over the course of three years, our attorneys engaged in extensive motion practice and document, expert, and witness discovery. Shortly before the case went to trial, Robbins LLP assisted in achieving a settlement that secured a $16 million settlement fund for the class.

- **_In re Am. Int'l Group, Inc. Derivative Litig._**, No. 04 Civ. 8406 (DLC) (S.D.N.Y. Mar. 14, 2011): The firm was appointed lead counsel in the consolidated federal action alleging breach of fiduciary duty claims in connection with a bid-rigging scheme with Marsh & McLennan Companies, Inc., sham reinsurance transactions with General Re Corporation, and other activities intended to falsify American International Group, Inc.'s ("AIG") financial results.  As part of a global settlement of the derivative claims on AIG's behalf, Robbins LLP helped secure a $90 million payment to AIG, one of the largest monetary recoveries in the history of shareholder derivative actions.

- ***Kloss v. Kerker***, No. 50-2010-CA-018594-XXXX-MB (Fla. Cir. Ct.-Palm Beach Cnty. May 27, 2011): Robbins LLP worked with the parties to derivative litigation filed on behalf of the Internet's leading vitamin and supplement retailer, Vitacost.com, Inc., to save the $158 million market cap company from bankruptcy and to preserve the equity interests of its shareholders. Robbins LLP was instrumental in achieving a settlement that enabled the company to bring its financial statements and Security and Exchange Commission ("SEC") filings current; allowed Vitacost to hold a long overdue shareholder meeting to address fundamental defects in the corporation's formation, board composition, and past stock issuances; and helped the company to persuade NASDAQ to lift its trading moratorium and provide the company and its shareholders access to the capital markets. The firm worked with the company's new board of directors to implement a series of corporate governance best practices, including a robust insider trading policy. Vitacost hired Robbins LLP to evaluate and potentially to prosecute the company's claims against other parties relating to the defects in its formation, stock issuances, and other pre-IPO issues.

- ***Martinez v. Toll (Toll Bros., Inc.)***, No. 2:09-cv-00937-CDJ (E.D. Pa. Mar. 27, 2013); *Pfeiffer v. Toll*, No. 4140-VCL (Del. Ch. Mar. 15, 2013): Robbins LLP represented shareholders in the Toll Brothers, Inc. shareholder derivative litigation in which plaintiffs alleged that certain company officers and directors, including the co-founders, traded on inside information and grossly misled investors about company earnings projections during a housing market downturn. After four years of contentious litigation, the firm helped secure one of the largest *Brophy* (*Brophy v. Cities Serv. Co.*, 70 A.2d 5 (Del. Ch. 1949)) settlements ever, a $16.25 million cash payment to the luxury homebuilding company. The settlement included a $6.45 million payment from the executive directors—an unprecedented result in shareholder litigation of this type.

- ***Cook v. McCullough***, No. 1:11-cv-09119 (N.D. Ill. Jan. 28, 2014): Robbins LLP served as co-lead counsel in shareholder derivative litigation arising out of Career Education Corp.'s alleged publication of false statements regarding job placement and student loan repayment rates, and failure to ensure compliance with Title IV regulations. The firm played a leading role in negotiating the global resolution of a series of actions brought against and on behalf of the company, and helped secure a $20 million recovery and comprehensive board and management-level corporate governance and oversight reforms for Career Education, including enhanced compliance and whistleblower policies, new director independence standards, improved executive compensation claw-back provisions, a comprehensive director education and employee training program, and an improved regulatory risk management and disclosure regime.

- ***In re Star Scientific, Inc. Securities Litigation***, No. 3:13-CV-00183-JAG (E.D.Va.July 6, 2015): Robbins LLP served as lead counsel in this securities fraud class action against Star Scientific, Inc. alleging that the defendants made materially false and misleading statements regarding Johns Hopkins University School of Medicine's purported involvement in the clinical development and testing of the company's main product - Anatabloc® - to increase Star Scientific's stock price to the detriment of stockholders and to secure the equity financing the company needed to stay in business. The firm successfully defeated defendants' motion to dismiss, engaged in extensive settlement discussions, and ultimately secured a $5.9 million settlement fund on behalf of stockholders who purchased their shares of Star Scientific stock based on these misrepresentations.

- ***Espinoza v. Zuckerberg, C.A.*** No. 9745-CB (Del. Ch. Mar. 30, 2016): Robbins LLP served as counsel in shareholder derivative litigation on behalf of Facebook, Inc. arising from the alleged award of unfair excessive compensation by the board of directors to its non-employee members. Certain members of Facebook's board of directors attempted to circumvent corporate law procedures to obtain controlling stockholder approval of compensation awarded

by the Board to its non-employee members.  After deposing Facebook's Chief Executive Officer Mark Zuckerberg and beating a motion for summary judgment, Robbins LLP convinced Facebook to impose corporate governance reforms designed to ensure the Board awards executive compensation fairly and not to the detriment of the company, including allowing stockholders to vote on non-employee directors' compensation. As such, Robbins LLP helped established that public companies with controlling stockholders must comply with corporate law procedures.

- ***In re Venoco, Inc. S'holder Litig.,*** No. 6825-VCG (Del. Ch. Oct. 5, 2016)**:** Robbins LLP served as co-lead counsel to the public shareholders of Venoco, Inc. in this class action arising out of a scheme by the energy company's Chief Executive Officer to buy out Venoco's minority shareholders at an inadequate share price.  Robbins LLP conducted extensive fact and expert discovery for two years after the closing of the acquisition.  During this time, Venoco floundered due to a decline in the price of oil, a burst pipeline, and additional debt from the acquisition, which ultimately led the company to file for bankruptcy.  Amidst the company's demise, the firm achieved a settlement fund of $19 million for shareholders—a significant recovery in light of Venoco's dire financial circumstances.  At the final approval hearing, the Honorable Sam Glasscock III, Vice Chancellor, in the Court of Chancery of the State of Delaware, touted the settlement as a "good result for all" and "very fortunate for the class," and noted Robbins LLP as "excellent counsel." (Transcript of Proceeding at 19, 22).

- ***In re Fifth Street Finance Corp. Shareholder Derivative Litigation***, Lead Case No. 3:15-cv-01795-RNC (D. Conn. Dec. 13, 2016): Robbins LLP served as lead counsel in shareholder derivative litigation brought on behalf of Fifth Street Finance Corp. to challenge alleged conflicts of interest in Fifth Street's relationship with its investment advisor, FSAM.  Plaintiffs alleged that certain Fifth Street and FSAM officers and directors caused Fifth Street to make reckless investments, use bogus accounting, and pay excessive fees to inflate FSAM's perceived value in the lead up to FSAM's initial public offering.  The firm's settlement negotiations resulted in advisory fee reductions worth at least $30 million and comprehensive corporate governance, oversight, and conflicts management enhancements.

- ***In re Community Health Systems, Inc. Shareholder Derivative Litig***., No. 3:11-cv-00489 (M.D. Tenn. Jan. 20, 2017): Serving as co-lead counsel against the officers and directors of Community Health, Inc. in shareholder derivative litigation alleging that the fiduciaries systematically steered patients into medically unnecessary inpatient admissions when they should have been treated as outpatient, Robbins LLP was instrumental in obtaining what is believed to be the largest shareholder derivative recovery in the Sixth Circuit to date.  After five years of contentious litigation and discovery, defendants agreed to settle the case, which included a $60 million cash payment to Community Health and the implementation of extensive corporate governance reforms, including board modifications to ensure director independence, improved internal disclosure policies to allow for the confidential reporting of suspected violations of healthcare laws, and the establishment of a Trading Compliance Committee to ensure compliance with Community Health's insider stock trading policy, among others.

- ***In re Saba Software, Inc. Stockholder Litig***., No. 10697-VCN (Del.Ch. Sept. 26, 2018): Robbins LLP served as lead counsel in this shareholder class action in the Delaware Chancery Court against the officers and directors of Saba Software, Inc. for breaches of fiduciary duties related to the buyout of Saba by Vector Capital Management.  Plaintiffs alleged that because the company was facing mounting financial concerns, including delisting by the U.S. Securities and Exchange Commission and a failure to complete its internal review of the accounting treatment of certain international transactions, defendants chose to sell the company in a flawed and self-serving sales process in exchange for inadequate merger consideration of Saba shareholders.  After three and a half years of litigation, including extensive discovery, mediation, and a lengthy settlement negotiation process, defendants agreed to pay Saba's

former shareholders $19.5 million.  In approving the settlement, Vice Chancellor Slights called the firm's representation of the class "exemplary" and touted the settlement as a "strong recovery for the class."

- *In re Twitter, Inc*. **Shareholder Derivative Litig.**, No. 1:18-cv-00062-VAC-MPT (D. Del. July 27, 2021): The firm served as co-lead counsel on behalf of the federal shareholder plaintiffs in a shareholder derivative action that alleged defendants breached their fiduciary duties to Twitter and its stockholders by making materially false and/or misleading statements about Twitter's user growth and user management prospects and that certain individual defendants profited on their inside information. After extensive litigation, including multiple mediations and months of settlement discussions, Robbins LLP's attorneys were instrumental in obtaining a $38 million settlement to Twitter and substantial corporate governance reforms, including enhancements to the Disclosure and Audit Committees, the creation of an independent Chief Compliance Officer position, and improved compliance training and insider trading policies.

- *In Re Workhorse Group Inc. Stockholder Derivative Litigation*, No. A-21-833050-B (NV. Dist. Ct.-Clark Cnty June 22, 2023): The firm represented the plaintiffs in the Nevada state court derivative action who alleged that defendants made false and misleading statements regarding Workhorse's future business prospects, including its ability to win all, or a significant portion off, the United States Postal Service's multibillion dollar contract to replace its aging fleet of vehicles with electric vehicles, and sales of stock by Workhorse directors and officers while the company's stock price was allegedly inflated by those false and misleading statements. After extensive negotiations that included the parties to various derivative cases involving Workhorse, counsel reached a settlement that included $12.5 million to the company, the creation of a Disclosure Controls Committee and Chief Compliance Officer Position, and numerous other substantial reforms designed to prevent similar future wrongdoing.

- *In re Altria Group, Inc. Derivative Litigation*, No. 3:20-cv-772 (DJN) (E.D. VA, Feb 20, 2023): Robbins LLP served as additional counsel to the federal plaintiffs in this coordinated litigation on behalf of Altria Group Inc. wherein plaintiffs alleged that Altria's $12.8 billion investment in Juul Labs, Inc. undermined the company's hard-fought reputational progress with regulators and lawmakers after decades of marketing tobacco products and funding misleading research about the harmful effects of smoking. After a yearlong negotiation, Robbins LLP was instrumental in achieving a hard-fought settlement that required multiple mediations, months of continued discussions, informal mediation conferences, and extensive document review of over 35 million pages. When achieved, the settlement contemplated a comprehensive and global resolution of the actions. As a result of the settlement, Altria committed to funding $117 million over five years, with a minimum spend of $20 million each year to address policy and governance measures relating to youth prevention and transaction oversight that may include: (i) positive youth development programs; (ii) smoking and vaping cessation treatment; and (iii) point of sale age verification technology.

- *Yu v. RMG Sponsor, LLC, et al.*, No. 2021-0932-NAC (Del. Ch. Oct. 18, 2024): Robbins LLP served as co-lead counsel for the class that sued defendants asserting claims for breach of fiduciary duty and unjust enrichment in connection with the merger between RMG Acquisition Corp., a SPAC, and Romeo Systems, Inc., a privately held company purportedly engaged in the design and manufacture of lithium-ion battery modules and packs for commercial electric vehicles. Post-merger, Romeo revealed that it had overstated its revenue projections and understated its backlog projections. The company was ultimately acquired by Nikola Corporation in a stock-for-stock transaction that valued Romeo at $144 million ($0.74 a share). After extensive discovery, the parties reached a settlement that resulted in plaintiff securing a $11.99 million settlement for the class, nearly 100% of the damages.

- *In Re GeneDx de-SPAC Litigation*, No. 2023-0140-PAF (Del. Ch. Dec. 2, 2024): Robbins LLP served as co-lead counsel for the class of CM Life Sciences, Inc. stockholders who were entitled to redeem their stock in connection with the company's merger with a formerly privately held company, Mount Sinai Genomics, Inc. d/b/a Sema4 Holdings Corp. The stockholders claimed that the defendants breached their fiduciary duties by issuing a misleading proxy that impaired their decision on whether to redeem their CML Life Sciences, Inc. stock when it merged with Legacy Sema4. Post-merger, GeneDx reported less revenue than projected in the Proxy Statement issued in support of the merger, lowered revenue expectations, and announced its exit from one of its core businesses. As a result, GeneDx's share price fell below $0.50 per share. After extensive and contested discovery, the parties reached an agreement that resulted in a recovery of $21 million to the class.

- *Siseles, et al. v. Lutnick, et al.*, No. 2023-1152-JTL (Del. Ch. Dec. 6, 2024): Robbins LLP served as co-lead counsel for the class who brought claims arising from the business combination between special purpose acquisition company CF Finance Acquisition Corp. II and Legacy View, Inc., which CF II shareholders voted to approve on March 5, 2021. After reviewing corporate documents and records, plaintiffs filed a complaint against View asserting claims for breach of fiduciary duty resulting from defendants' alleged impairment of CF II stockholders' redemption rights in connection with the merger. View filed for bankruptcy relief under Chapter 11 of the Bankruptcy Code on April 2, 2024, and sought to release defendants and plaintiffs from future claims. Notwithstanding, the parties to the bankruptcy action agreed that certain causes of action of this matter would be carved out of the Chapter 11 Plan. Through mediation, the parties agreed to settle for $12 million.

- *Walsh, et al. v. Buchholz, et al.*, No. 0:19-cv-01856-JWB-DTS (D. Minn. Mar. 12, 2025): Robbins LLP represented a class of unitholders who challenged the fairness of the April 2019 unit-for-unit acquisition of Apollonia, LLC by St. Renatus, LLC. Plaintiffs alleged the acquisition was designed to unlawfully divest Apollonia, LLC unitholders of the company's valuable assets for grossly inadequate consideration via a flawed sales process. After five years of litigation, including multiple private mediation sessions and a settlement conference, plaintiffs achieved a settlement on the eve of trial of $11.6 million for the class of former Apollonia unit holders.

- *In re Prudential Financial Inc. Derivative Litigation*, No. 2:20-cv-12772-SRC-CLW (Dist. NJ June 9, 2025): Robbins LLP served as co-lead counsel for plaintiffs who sued for damages in connection with oversight and disclosures regarding adverse mortality experience and corresponding reserves for life insurance policies acquired from The Hartford Financial Services Group, Inc. Plaintiffs alleged that defendants knew that adverse mortality experience would require material adjustments in the mortality exceptions, yet misled investors during its June 2019 investor conference by stating that the mortality experience was in the range of normal volatility and below previous experience. After protracted litigation, Robbins LLP obtained $10 million for the company. In approving the settlement, the Honorable Stanley R. Chesler noted that the settlement was "not only a reasonable recovery, it is a remarkable recovery and is a tribute to plaintiffs and plaintiffs' lawyer efforts in this case." (Transcript of Motion on Final Settlement Approval at 19-20).

- *Drulias v. Apex Technology Sponsor LLC, et al.*, No. 2024-0094-LWW (Del. Ch. July 10, 2025): Robbins LLP served as co-lead counsel for the class of Apex Technology Acquisition Corporation stockholders who were entitled to redeem their shares of stock in connection with the company's merger with AvePoint, Inc. Shareholders sued for breach of fiduciary duty alleging that the Proxy contained multiple materially false and misleading representations about AvePoint's value and prospects and the extent of the director and officers' misaligned pecuniary interests. Robbins LLP was able to secure a $14.4 million recovery for the class.

- ***In re Kensington-QuantumScape De-SPAC Litigation***, No. 2022-0721-JTL (Del. Ch. July 11, 2025): Robbins LLP served as co-lead counsel for the class of Kensington Capital Acquisition Corp. stockholders wo were entitled to redeem their shares of stock in connection with the company's merger with Legacy QuantumScape Corporation. Shareholders sued for breach of fiduciary duty alleging the Proxy included misleading claims about the due diligence done by the Kensington Board, the value of Legacy QuantumScape, and the capabilities of Legacy QuantumScape's technology. After more than three of litigation, Robbins LLP secured $8.75 million for the class.

- ***In re Gores Holdings IV, Inc. Stockholder Litigation,*** No. 2023-0284-LWW (Del. Ch. July 15, 2025): Robbins LLP served as co-lead counsel for the class who brought claims arising from the business combination between Gores IV, a special purpose acquisition company, and SFS Holdings Corp., United Wholesale Mortgage, LLC, and UWM Holdings, LLC (collectively, "Legacy UWM"). Plaintiffs alleged breach of fiduciary duty noting that the Proxy's patently unattainable financial projections dissuaded them from redeeming their stock in connection with the merger with Legacy UWM. Robbins LLP secured $17.5 million for the class.

- ***Himstreet, et al. v. Scharf, et al***., No. CGC-22-599223 (Cal. Super. Ct.-S.F. Cnty. July 24, 2025): Robbins LLP represented plaintiffs who are shareholders in Wells Fargo & Co in a derivative shareholder action alleging breaches of fiduciary duty by certain Wells Fargo officers and directors stemming from the purported mismanagement of and noncompliance with myriad consent orders and failures relating to the corporate governance and risk management framework of the company.  Plaintiffs defeated numerous dispositive motions and a writ of mandate filed in a California appeals court, intervened in federal court to secure a ruling that streamlined all proceedings into the California state court, negotiated  the production of two million pages of discovery, worked through complex privilege issues with federal regulators to secure additional documents, and negotiated a settlement providing for a $100 million cash payment to the company. This settlement is the largest payment made directly to a company in a derivative action in California state court history. The settlement also acknowledged that plaintiffs' allegations in the derivative action caused significant corporate governance reforms related to Wells Fargo's risk structure, programs, policies, and procedures, additional training for employees, expanded and enhanced oversight of risk management by Wells Fargo's Board of Directors, and changes to the composition of Wells Fargo's Board of Directors.

- ***In re Emergent BioSolutions Inc., Stockholder Derivative Litigation***, No. 8:21-cv-01595-DLB (D. Md. Aug. 6, 2025): Serving as lead counsel, the firm secured $15 million for Emergent BioSolutions Inc., as well as an agreement by the company to implement and maintain a package of corporate governance reforms, in shareholder derivative litigation arising from Emergent's failed internal controls at its Bayview, Maryland facility, which led to the termination of Emergent's contracts to manufacture COVID-19 vaccine bulk drug substance as part of the U.S. government's "Operation Warp Speed" pandemic response and left the company on the brink of insolvency.

- ***In re Becton Dickinson and Company Stockholder Derivative Litigation***, No. 2:20-cv-15474-SRC-CLW (D.N.J. Aug. 11, 2025): Robbins LLP served as co-lead counsel for plaintiffs in shareholder derivative litigation involving breach of fiduciary duty and other claims arising from alleged false and misleading statements concerning known issues with the company's Alaris infusion pump system.  Robbins LLP led a coordinated multi-jurisdictional litigation effort that culminated in a $9 million payment to Beckton Dickinson and significant governance reforms, including enhanced oversight designed to prevent regulatory compliance violations and product-related issues, improvements to the company's disclosure controls, the addition of an independent corporate governance expert, and the implementation of strengthened vetting processes to ensure Board independence.

## Awards & Recognition

For our achievements, Robbins LLP and our attorneys have received numerous accolades, including:

- Chambers *California Spotlight Guide* (2025)
- Best Law Firm, *U.S. News & World Report* (2017-2026)
- Leading Firm in Merger and Acquisition Litigation, *Legal 500* (2013-2018)
- Top 20 Settlements in California (2017)
- Top 25 Boutique Law Firm in California, *Daily Journal* (2015)
- Litigation Boutiques Hot List, *National Law Journal* (2012)
- Among Top Shareholder Plaintiffs' Firms by ISS's Securities Class Action Services
- Ten attorneys named to *Super Lawyer* lists (2025)
- Top 50 Attorney in San Diego, *Super Lawyers,* George C. Aguilar (2016-2020)
- Top 50 Attorney in San Diego, *Super Lawyers*, Brian J. Robbins (2014, 2016, 2018-2025)
- *Best Lawyers,* Brian J. Robbins (2016-2026); Gregory Del Gaizo (2020-2026); Stephen J. Oddo (2020-2026); Shane P. Sanders (2020-2026)
- *Best Lawyers*, Lawyer of the Year, Brian J. Robbins (2014-2016; 2021, 2026)
- Best of the Bar, *San Diego Business Journal,* Brian J. Robbins (2016)
- Best Overall Lawyer in San Diego, *Fine Magazine,* Brian J. Robbins (2016)
- Top Attorney, *The Daily Transcript,* Brian J. Robbins (2015)
- Attorney of the Year, *SD La Raza*, George C. Aguilar (2014)

## Judicial Accolades

Robbins LLP's achievements in the courtroom have been recognized by respected jurists.  We feature a selection of commendations below.

- *"The quality of representation by the Derivative Plaintiffs' Counsel was witnessed first hand by this Court through their articulate, high quality, and successful pleadings. Moreover, as shown by their excellent efforts in this case, Derivative Plaintiffs' Counsel are dedicated to vindicating the rights of shareholders …."*

  **Honorable Ed Kinkeade**, Judge of the U.S. District Court for the Northern District of Texas, *In re Heelys, Inc. Derivative Litig.***,** No. 3:07-CV-1682-K

- *"I think you've actually set the bar kind of high for future settlements. This looks like an excellent result for the various class members in both the derivative action and the other action.... And it's to the credit of the lawyers that they were able to achieve this result before a lot of discovery and a lot of expenses were undertaken ... And so, I would be quite delighted and satisfied to make the necessary findings that this is an excellent settlement for plaintiffs."*

  **Honorable Robert S. Lasnik**, Judge of the U.S. District Court for the Western District of Washington, *In re Cutter & Buck Sec. Litig.*, No. C02-1948L

- Robbins LLP's lawyers proved *"competent, experienced, [and] trustworthy."*

  **Honorable Larry A. Burns**, Judge of the U.S. District Court for the Southern District of California, *In re Sequenom, Inc. Derivative Litig.*, No. 09CV1341-LAB (WMC)

- *"Class counsel is highly experienced in bringing both class actions and derivative claims"* and have *"a nationwide reputation for handling shareholder derivative litigation, various class actions, and complex litigation…. Throughout the litigation, [class counsel] has shown themselves to be capable and qualified to represent the class."*

**Honorable Darla Williamson**, Judge of the Fourth Judicial District of the State of Idaho, County of Ada, *Carmona v. Bryant*, CV-OC-0601251

- *"The court also notes that the settlement appears to place the shareholders in a much better position than that which existed prior to the beginning of this litigation."*

**Honorable John A. Houston**, Judge of the U.S. District Court for the Southern District of California, *In re Wireless Facilities Inc., Derivative Litig.*, No. 04-CV-1663 JAH (NLS)

- *"I have high regard for … your firm."*

**Honorable James P. Kleinberg,** Judge of the Superior Court of California, County of Santa Clara, *In re Altera Corp. Derivative Litig.,* No. 1-06-CV-063537

- *"[W]e had … competent counsel who were able to reach a very handsome settlement for the shareholders who were working here on behalf of the shareholders interests."*

**Honorable Denise de Bellefeuille**, Judge of the Superior Court of California, County of Santa Barbara, *In re Tenet Healthcare Corp. Derivative Litig.*, No. 01098905

- *"Thank you very much for the good work that you all did.  And I think that your stockholders will appreciate it, too."*

**Honorable Sophia H. Hall**, Judge of the Circuit Court of Cook County, Illinois, *In re Nicor, Inc. S'holder Derivative Litig.*, No. 02CH 15499

- *"Thank you for your good work on behalf of your clients.  I appreciate it."*

**Honorable Thomas Barkdull**, Circuit Judge of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, *Kloss v. Kerker*, No. 50-2010-CA-018594-XXXX-MB

- *"I want to tell you what a pleasure it is dealing with talented counsel….  Thank you very much."*

**Honorable John G. Evans**, Judge of the Superior Court for the State of California, Riverside County, *Hess v. Heckmann*, No. INC10010407

- *"I think the plaintiffs and their counsel did a good job pressing forward with this action and achieving a good result…. I think that all in all, [$16.25 million] is a good value, a significant benefit for the company."*

**Honorable J. Travis Laster,** Vice Chancellor in the Court of Chancery of the State of Delaware, *Toll Bros.,* No. 2:09-cv-00937-CDJ and No. 4140-VCL

- *"It seems to me to be an excellent settlement in light of all the circumstances: and "a good result for all."  "[P]laintiffs' counsel [got] a result that I think is very fortunate for the class."*

**Honorable Sam Glasscock III,** Vice Chancellor in the Court of Chancery of the State of Delaware, *In re Venoco, Inc. Shareholder Litigation,* C.A. No. 6825-VCG

- *"I think y'all have done a great job pulling this thing together.  It was complicated, it was drawn out, and a lot of work clearly went into this…. I'll approve this settlement.  I appreciate the work you all did on this.  I think this is one where – I can't always say this … there is … benefit to the shareholders that are above and beyond money, a benefit to the company above and beyond money that changed hands."*

**Honorable Kevin H. Sharp,** U.S. Chief District Judge, U.S. District Court for the Middle District of Tennessee Nashville Division, *In re Community Health Systems, Inc., Shareholder Derivative Litigation,* No. 3:11-cv-00489

- "[T]his recovery is a strong recovery for the class.  And, it's one, again, that I think counsel should be commended forer achieving.

**Honorable Joseph R. Slights, III**, Vice Chancellor in the Court of Chancery of the State of Delaware, *In re Saba Software, Inc. Stockholder Litig., C.A. No. 10697-VCN*

## Partners

**George C. Aguilar**

George C. Aguilar is a former federal prosecutor and trial lawyer who has tried more than forty federal criminal trials.  Mr. Aguilar concentrates his practice on complex litigation that focuses on shareholder rights and antitrust actions. Mr. Aguilar has litigated on behalf of shareholder clients against fraudulent management and company insiders, securing meaningful corporate governance reforms at companies across the U.S, and on behalf of businesses and consumers challenging anticompetitive behavior.

In *Himstreet, et al. v. Scharf, et al.*, No. GCG-22-599223 (Cal. Super. Ct.-S.F. Cnty. July 24, 2025), Mr. Aguilar led the team of attorneys that recovered a $100 million cash payment – the largest payment directly to a company in a derivative action in California state court history – for Wells Fargo & Co. in shareholder derivative litigation alleging breaches of fiduciary duty by certain Wells Fargo & Co. officers and directors stemming from the purported mismanagement of and noncompliance with myriad consent orders that resulted in the opening of deposit and credit card accounts without customer authorization. Plaintiffs defeated multiple rounds of dispositive motions, engaged in multi-jurisdictional litigation to streamline these proceedings into one court, forced the production of millions of pages of discovery, and worked through incredibly complex privilege issues with federal regulators to secure those documents. The settlement also includes significant corporate governance reforms that include improvement to Wells Fargo's risk structure, programs, policies, and procedures, additional training for employees, expanded and enhanced oversight of risk management by Wells Fargo's Board of Directors, and changes to the composition of Wells Fargo's Board of Directors. In *Warner v. Lesar*, No. 2011-09567 (Tex. Dist. Ct.-Harris Cnty. Oct. 1, 2012), Mr. Aguilar led the firm's efforts on behalf of Halliburton Company arising from defendants' mismanagement of risk, controls, and operations that led to the worst oil spill in U.S. history at the Deepwater Horizon offshore drilling rig in the Gulf of Mexico. Navigating the case through the company's internal investigation, and difficult and complex settlement discussions and mediation sessions, Mr. Aguilar secured comprehensive health, safety, and environmental governance reforms.  In shareholder derivative litigation on behalf of Maxwell Technologies, Inc., *Loizides v. Schramm*, No. 37-2010-00097953-CU-BT-CTL (Cal. Super. Ct.-San Diego Cnty. Apr. 12, 2012), Mr. Aguilar helped secure a settlement in which the company adopted corporate governance and compliance measures addressing its violations of the Foreign Corrupt Practices Act (FCPA) after being investigated by federal agencies for bribery and subcontracting kickbacks.  Of note is the creation of a new FCPA and Anti-Corruption Compliance department led by a Chief Compliance Officer to provide for greater effectiveness of Maxwell's board of directors in responding to FCPA compliance issues worldwide. In shareholder litigation involving Brocade Communications Systems, *In re Brocade Communications Systems, Inc., Derivative Litigation*, No. 1:05-cv-041683 (Cal. Super. Ct.-Santa Clara Cnty. Jan. 28, 2010), the firm prosecuted the shareholder action involving a criminal options backdating scheme at Brocade until the company formed a Special Litigation Committee to consider the plaintiffs' claims.  A key player in the prosecution of the action, Mr. Aguilar successfully presented facts and law to the Special Litigation Committee on

behalf of the firm's shareholder clients.  Brocade ultimately retained the firm as co-counsel to prosecute its claims against Brocade's officers and directors.  Mr. Aguilar also led the firm's efforts as part of a consortium of plaintiff firms in a high-profile antitrust class action suit, *Dahl v. Bain Capital Partners*, No. 1:07-cv-12388 (WGY) (D. Mass. Mar. 17, 2015), against several private equity firms. The case involved allegations of conspiracy among defendants to rig bids, restrict the supply of private equity financing, fix transaction prices, and divide up the market for private equity services for leveraged buyouts. Robbins LLP played a prominent role in this litigation, bearing the responsibility for building the case against a principal defendant, one of the largest private equity firms in the world. In doing so, Mr. Aguilar conducted several depositions of some of the key private equity principals during the initial discovery phase of the case.  The defendants settled for more than $590 million.

Before joining Robbins LLP, Mr. Aguilar spent 17 years as a federal prosecutor with the U.S. Attorney's Office in San Diego.  During his tenure, Mr. Aguilar served as chief for the Terrorism, Violent Crimes, and General Prosecutions Section; deputy chief for the General Crimes Section; trial lawyer for the Financial Institution Fraud Task Force and the Major Frauds Sections; and as a supervising ethics officer.  He led grand jury investigations and indicted and tried complex white collar criminal cases involving corporate, securities, bank, investor, tax, foreign currency and bankruptcy fraud, bank bribery, and money laundering, among others.  He authored 35 appellate briefs and argued more than a dozen cases on appeal before the U.S. Court of Appeals for the Ninth Circuit.  For his work, Mr. Aguilar received several awards of recognition from the U.S. Department of Justice and federal agencies, including the prestigious Director's Award of the Executive Office for U.S. Attorneys.  Prior to joining the U.S. Attorney's Office, Mr. Aguilar worked on complex securities defense litigation at Morrison & Foerster LLP's San Francisco office.

Mr. Aguilar is a recognized leader in the legal and civic communities.  He writes and speaks on topics related to shareholder litigation and corporate governance.  He was recently appointed as a member of the U.S. District Court's Magistrate Judge's Merit Selection Panel, and is an active member of Association of Business Trial Lawyers, Public Justice Foundation, San Diego La Raza Lawyers Association, and San Diego County Bar Association.  He has served in top leadership positions at La Raza Lawyers Association of California, San Diego La Raza Lawyers Association, the State Bar of California, and the City of San Diego.  Mr. Aguilar was honored as a Super Lawyers Top 50 attorney in San Diego (2016-2020) and has been named a Super Lawyer for 14 consecutive years (2012-2025).  He is also the recipient of the Attorney of the Year Award from San Diego La Raza Lawyers Association (2014) and has received the San Diego Mediation Center's Peacemaker Award for his community service work.

Mr. Aguilar received his law degree in 1986 from the University of California, Berkeley School of Law. While in law school, he served on the Moot Court Board and was managing editor of the *La Raza Law Journal*.  Mr. Aguilar graduated from the University of Southern California in 1983 with a Bachelor of Arts in both Political Science and Journalism.  He is licensed to practice law in the State of California and has been admitted to the U.S. District Courts for the Northern, Central, and Southern Districts of California, the Eastern District of Wisconsin, and the District of Colorado, as well as the U.S. Courts of Appeals for the Second, Ninth, and Tenth Circuits, and the U.S. Supreme Court.

**Gregory E. Del Gaizo**

Gregory E. Del Gaizo focuses his practice on shareholder rights litigation.  As the head of Robbins LLP's New Matters Group, he initiates and oversees pre-litigation investigations and analysis of new cases for the firm.  Mr. Del Gaizo has prosecuted shareholder litigation that has recouped over one hundred million dollars and secured extensive corporate governance reforms and other pro-investor measures at companies in which his clients invest.

Under Mr. Del Gaizo's guidance, the firm has achieved numerous successes on behalf of classes of shareholders who were misled in connection with business combinations involving special purpose

acquisition companies. These cases include: $21 million recovery for CM Life Sciences, Inc. shareholders (*In Re GeneDx de-SPAC Litigation*, No. 2023-0140-PAF (Del. Ch. Dec. 2, 2024)); $17.5 million for Gores IV shareholders (*In re Gores Holdings IV, Inc. Stockholder Litigation*, No. 2023-0284-LWW (Del Ch. July 15, 2025)); $14.4 million for Apex Technology Acquisition Corp. shareholders (*Drulias v. Apex Technology Sponsor LLC, et al.*, No. 2024-0094-LWW (Del Ch. July 10, 2025)); $12 million for CF Finance Acquisition Corp. II shareholders (*Siseles, et al. v. Lutnick, et al.*, No. 2023-1152-JTL (Del. Ch. Dec. 6, 2024)); $11.99 million for RMG Acquisition Corp. shareholders (*Yu v. RMG Sponsor, LLC, et al.*, No. 2021-0932-NAC (Del. Ch. Oct. 18, 2024)); $8.75 million for Kensington Capital Acquisition Corp. shareholders (*In re Kensington-QuantumScape De-SPAC Litigation*, No. 2022-0721-JTL (Del. Ch. July 11, 2025)); and $6 million for Fortress Value Acquisition Corp. II, shareholders and $6.45 million to settle shareholder derivative claims (*In re ATI Physical Therapy, Inc. S'Holder Deriv. Litig.*, No. 1-21-cv-06415 (N.D. Ill Sept. 24, 2024)).

Mr. Del Gaizo's additional successes on behalf of clients include leading the discovery process for Robbins LLP in litigation on behalf of luxury homebuilder Toll Brothers, Inc., which resulted in a $16.25 million settlement, one of the largest *Brophy* monetary recoveries ever. *Martinez v. Toll*, No. 2:09-cv-00937-CDJ (E.D. Pa. Mar. 27, 2013). He was also a member of litigation teams in *Staehr v. Walter*, No. 02-CVG-11-0639 (Ohio Ct. C.P.-Del. Cnty. Dec. 17, 2007), which secured a payment of $70 million to Cardinal Health and *In re KB Home S'holder Derivative Litig.*, No. 2:06-CV-05148-FMC (CTx) (C.D. Cal. Feb. 9, 2009), which obtained $30 million in cash benefits and substantial corporate governance reforms for the home builder.

Mr. Del Gaizo has authored several articles on securities litigation, including *State Law Insider Trading Claims See New Light*, The Recorder, July 1, 2011; *Directors and Officers Can't Hide in Del.,* Securities Law360, Jan. 14, 2011; *Control of Forum in Derivative Actions*, The Recorder, Dec. 10, 2010; and *Clearing the Path for Double Derivative Suits*, The Recorder, Nov. 1, 2010. He also speaks to audiences about shareholder rights. Mr. Del Gaizo has been acknowledged for his hard work and dedication by Super Lawyers (2015-2016, 2022-2025), Best Lawyers for Litigation – Securities (2020-2025), and as a Recommended Attorney in M&A Litigation by Legal 500 (2016).

Mr. Del Gaizo obtained his Juris Doctor degree in 2006 from the University of San Diego School of Law. While in law school, Mr. Del Gaizo served as a research assistant to Frank Partnoy, director of the Center for Corporate and Securities Law at the University of San Diego, and as an intern at Kim & Chang, the largest law firm in Korea. Mr. Del Gaizo attended Providence College and, while there, interned for the New York City Law Department. He graduated *cum laude* in 2003 with a Bachelor of Arts degree in Political Science. Mr. Del Gaizo is licensed to practice law in the State of California and has been admitted to the U.S. District Courts for the Northern, Central, and Southern Districts of California and the District of Colorado.

**Michael J. Nicoud**

Michael J. Nicoud represents individuals and institutional investors in complex litigation aimed at improving corporate governance practices and recovering lost assets for shareholders of publicly traded companies, and businesses and consumers challenging anticompetitive behavior. He has litigated cases involving antitrust violations, accounting fraud, insider trading, false and misleading statements, and other types of fiduciary and corporate misconduct at public and private companies. In addition to his experience at Robbins LLP, Mr. Nicoud has worked at several boutique business litigation firms in San Diego, where he worked on trials, arbitrations, and mediations in cases before state and federal courts. For his work, Mr. Nicoud's peers have recognized him as a Super Lawyer Rising Star for ten consecutive years.

Mr. Nicoud was part of the litigation team that recovered a $100 million cash payment – the largest payment directly to a company in a derivative action in California state court history – and the implementation of significant governance reforms for Wells Fargo & Co. in shareholder derivative

litigation alleging breaches of fiduciary duty by certain Wells Fargo & Co. officers and directors stemming from the purported mismanagement of and noncompliance with myriad consent orders that resulted in the opening of deposit and credit card accounts without customer authorization. Plaintiffs achieved their success only after defeating multiple rounds of dispositive motions, engaging in multi-jurisdictional litigation to streamline these proceedings into one court, forcing the production of millions of pages of discovery, and working through incredibly complex privilege issues with federal regulators to secure those documents. *Himstreet, et al. v. Scharf, et al.*, No. GCG-22-599223 (Cal. Super. Ct.-S.F. Cnty. July 24, 2025). One of Mr. Nicoud's most important contributions to the firm's success was his role in the litigation against the officers and directors of Community Health Systems, Inc. *In re Community Health Systems, Inc. Shareholder Derivative Litig.*, No. 3:11-cv-00489 (M.D. Tenn. Jan. 20, 2017). Mr. Nicoud deposed multiple hospital CEOs, a physician whistleblower, and other high-level executives.  The case ultimately settled for a massive $60 million dollar payment to the company, along with extensive corporate governance reforms.

Mr. Nicoud received his Juris Doctor degree from the University of Colorado Law School.  While in law school, Mr. Nicoud served as an intern at the San Diego Public Defender's Office, as an editor of the *Colorado Journal of International Environmental Law and Policy*, as president of the Student Trial Lawyers Association, and was on the Moot Court Board.  As a member of the mock trial team, he earned a best advocate award at the national level and received the Melanie Ruth Vogl Memorial Scholarship for Outstanding Trial Advocacy. Mr. Nicoud received his Bachelor of Science in Environmental Science, with honors, from the University of Calgary in Alberta, Canada.  Mr. Nicoud is licensed to practice law in California and has been admitted to the U.S. District Court for the Northern and Southern Districts of California, the U.S. District Court for the District of Colorado, the U.S. District Court for the Central District of Illinois, and the U.S. District Court of Appeals for the Second and Ninth Circuit.

**Stephen J. Oddo**

Stephen J. Oddo represents the firm's clients in complex litigation. Of particular note, Mr. Oddo spent more than a decade representing individual and institutional shareholders in corporate merger and acquisition class actions.  In so doing, he has secured tens of millions of dollars of additional consideration for shareholders whose investments have been adversely impacted by corporate transactions.  Mr. Oddo has also achieved disclosure of material information to shareholders so they are informed on the transaction at the time of the vote.  His litigation efforts have helped preserve the integrity of the merger process in companies across the country and helped maximize value to shareholders.  For his excellence in practice, Mr. Oddo was recognized as a Super Lawyer (2016-2025), by Best Lawyers for Securities Litigation (2020-2025), and as a Recommended Attorney in M&A Litigation by Legal 500 (2016, 2018).

Mr. Oddo's contributions to the firm are extensive. In *Walsh, et al. v. Buchholz, et al.*, Case No. 0:19-cv-01856-JWB-DTS (D. Minn. Mar. 12, 2025), Mr. Oddo represented a class of unitholders who challenged the fairness of the April 2019 unit-for-unit acquisition of Apollonia, LLC by St. Renatus, LLC., and achieved a $11.6 million settlement for the class on the eve of trial. Serving as lead counsel on behalf of a plaintiff who alleged certain Microchip Technology, Inc. officers and directors issued materially false and misleading statements regarding the operations and financial performance of Microsemi Corporation, which Microchip acquired for $10.15 billion, Mr. Oddo obtained a $4 million payment for Microchip from defendants' insurer and significant governance benefits for the Company. *Reid v. Sanghi*, Case No. CV2019-002389 (Sup. Ct. AZ June 14, 2023). After three years of litigation, Mr. Oddo secured an $8 million settlement for LRR Energy, L.P. unitholders who owned stock when Vanguard Natural Resources, LC acquired LRR Energy for an unfair price and as the result of a misleading proxy.  Hurwitz v. Mullins, et al., C.A., No. 15-711 (Del.Ch.Dec. 19, 2018). Serving as lead counsel in *In re Saba Software, Inc. Stockholder Litig*. C.A. No. 10698-VCN, Mr. Oddo secured a $19.5 million settlement on behalf of former Saba Software shareholders in a class action alleging the company had engaged in a flawed and self-serving sales process in exchange for

inadequate merger consideration for Saba Software shareholders.  The court acknowledged that the settlement was "exemplary" and a "strong recovery for the class."  In *In re Venoco, Inc. S'holder Litig.*, C.A. No. 6825-VCG (Del. Ch. Oct. 5, 2016), Mr. Oddo, serving as co-lead counsel to the public shareholders of the energy company, achieved a $19 million settlement fund for shareholders – a significant recovery in light of Venoco's dire financial circumstances.  Mr. Oddo earned praise from the judge for securing a "good result for all" and noted Robbins LLP as "excellent counsel."  Mr. Oddo secured a $5.9 million settlement fund as lead counsel in *In re Star Scientific, Inc. Securities Litig.,* No. 3:13-CV-00183-JAG (E.D. VA July 6, 2015), a securities fraud class action alleging that defendants made materially false and misleading statements regarding one of the company's clinical trials. In *In re PETCO Animal Supplies, Inc. S'holder Litig.*, Lead Case No. GIC 869399 (Cal. Super. Ct.-San Diego Cnty. Mar. 26, 2010), Mr. Oddo helped secure a $16 million settlement fund for the shareholder class after three years of contentious litigation.  At his former firm, Mr. Oddo represented shareholders of eMachines, Inc., in *In re eMachines, Inc. Merger Litigation*, No. 01-CC-00156 (Cal. Super. Ct.-Orange Cnty. July 25, 2007), in challenging the efforts of the company's founder to take the company private.  Mr. Oddo's litigation efforts helped secure a $24 million common fund for shareholders.  In the merger and acquisition-related securities class action *In re Electronic Data Systems Class Action Litigation*, Master File No. 366-01078-2008 (Tex. Dist. Ct.-Collin Cnty. Dec. 23, 2008), Mr. Oddo served as lead counsel and challenged the acquisition of Electronic Data Systems Corporation by Hewlett-Packard Company.  Mr. Oddo negotiated a pre-closing settlement that secured for Electronic Data Systems shareholders a $25 million dividend and the disclosure of previously omitted material information concerning the transaction that allowed for an informed shareholder vote.

Prior to joining Robbins LLP, Mr. Oddo was a partner at the firm now known as Robbins Geller Rudman & Dowd LLP, where Mr. Oddo was part of a team at the forefront of litigating shareholder claims challenging unfair business combinations.  Before entering the legal profession, Mr. Oddo served as Press Secretary to U.S. Representative Robert T. Matsui (D-Cal).

Mr. Oddo received his Juris Doctor in 1994 from the University of San Diego School of Law.  During law school, he interned for the Honorable Eugene Lynch, U.S. District Judge in the Northern District of California.  Mr. Oddo earned his Master of Science in Journalism from Northwestern University, Medill School of Journalism in 1987, and his Bachelor of Arts from Santa Clara University in 1986. Mr. Oddo is licensed to practice law in the State of California and has been admitted to the U.S. District Courts for the Northern, Central, and Southern Districts of California, the District of Colorado, the Northern District of Illinois, the Southern District of Texas, the Eastern District of Michigan, and the Eastern District of Wisconsin.

**Brian J. Robbins**

Brian J. Robbins is a co-founder and the managing partner of Robbins LLP and oversees the management of the firm and its practice areas.  He has committed his entire career to representing shareholders, employees, consumers, and businesses in complex litigation matters.  Focusing on shareholder rights litigation, Mr. Robbins has served as lead or co-lead counsel in many complex, multi-party actions across the country on behalf of U.S. and international clients.  He has secured hundreds of millions of dollars in monetary recoveries and comprehensive corporate governance enhancements for shareholders and the public corporations in which they have invested.

Mr. Robbins was instrumental in achieving an extraordinary settlement on behalf of his shareholder client in *Kloss v. Kerker*, No. 50-2010-CA-018594-XXXX-MB (Fla. Cir. Ct.-Palm Beach Cty. May 27, 2011), which virtually saved vitamin and supplement retailer Vitacost.com, Inc. from bankruptcy and helped to preserve the equity interests of its shareholders. In *In re Wireless Facilities, Inc. Derivative Litigation*, No. 04-CV-1663-JAH-(NLS) (S.D. Cal. Mar. 30, 2010), Mr. Robbins was instrumental in obtaining the forfeiture of stock and/or stock options back to the company by certain officers, restricted voting rights for certain former officers dend directors, monetary reimbursement to the company, and corporate governance reforms, such as the addition of two independent directors to the board and an

annual review of the chairman's performance. *In re Tenet Healthcare Corporation Derivative Litig*ation, No. 01098905 (Cal. Super Ct.-Santa Barbara Cty. May 5, 2006), *aff'd*, No. B192252 (Cal. App. Sept. 20, 2007), Mr. Robbins helped recover $51.5 million for Tenet and sweeping corporate governance enhancements and remedial measures, and in *Titan, Inc. Securities Litigation,* No. 04-CV-0676-LAB (NLS) (S.D. Cal. Dec. 20, 2005*),* Mr. Robbins helped obtain a $61.5 million recovery, one of the largest securities fraud class action recoveries in San Diego's history at the time. In *In re OM Group, Inc. Derivative Litigation*, No. 1:03-CV-0020 (N.D. Ohio Nov. 10, 2005), Mr. Robbins secured $29 million for OM Group, the removal of the company's long term chief executive officer, the addition of two shareholder-nominated directors, and other corporate governance reforms.

Mr. Robbins is recognized nationally as a leader in the plaintiffs' bar. He has authored articles in several national publications and speaks to audiences as an authority on securities litigation, corporate governance, and shareholder rights topics. For his leadership and achievements, he has been named a Super Lawyer (2007–2025), Best of the Bar by *San Diego Business Journal* (2014–2016), and a Top 50 Attorney in San Diego by Super Lawyers (2014, 2016, 2018-2025). He was also recognized by Best Lawyers in America for Securities Litigation (2016-2025), and a Top Attorney by *The Daily Transcript* (2015).

Mr. Robbins earned his Master of Laws (LL.M.) in Securities and Financial Regulation from the Georgetown University Law Center in 1998 and received his Juris Doctor from Vanderbilt Law School in 1997. While at Vanderbilt, Mr. Robbins served as research assistant for two corporate and securities law professors: Professor Donald C. Langevoort, former Special Counsel for the U.S. Securities and Exchange Commission in the Office of the General Counsel, and the late Professor Larry D. Soderquist, one of the most respected professors in the field of corporate and securities law. He earned his Bachelor of Arts in Sociology from the University of California, Berkeley in 1993 after only two and a half years of study. Mr. Robbins is licensed to practice law in the State of California and the State of Connecticut, and has been admitted to the U.S. District Courts for the Northern, Central, and Southern Districts of California, the District of Colorado, the District of Connecticut, and the Western District of Texas, as well as the U.S. Courts of Appeals for the Second, Fifth, Sixth, Ninth, and Tenth Circuits.

### Shane P. Sanders

Shane P. Sanders represents individual and institutional investors in shareholder derivative actions, securities fraud class actions, and mergers and acquisitions actions. Mr. Sanders has litigated a broad range of matters, including cases addressing stock option backdating, the subprime mortgage crisis, board entrenchment and elections, executive compensation, corporate takeovers, violations of the Foreign Corrupt Practices Act and myriad forms of fraud, including violations of federal securities laws related to insider trading and companies' initial public offerings. He has played a major role in securing monetary recoveries and innovative governance reforms designed to improve the independence, rigor, and transparency of corporate governance at dozens of publicly traded companies.

Mr. Sanders served as lead counsel for the plaintiffs in the consolidated state derivative action alleging that, from the third quarter of 2015 through the first half of 2017, certain Under Armour officers and directors made or permitted the publication of statements intended to create the impression of continued strong demand that had fueled the Company's year-over-year quarterly revenue growth with the knowledge that Under Armour had been relying on unsustainable sales practices to mask declining demand that created revenue holes in future quarters and undercut future sales and margins by damaging relationships with full-price retailers. After eight years of litigation, Robbins LLP helped to obtain $8,900,000 for Under Armour and significant corporate governance enhancements, including the creation of a disclosure committee, audit committee enhancements, and insider trading policy enhancements. *Kenney, et al. v. Plank, et al.*, Case No. 24-C-18-003939 (Balt. City Cir. Ct. Md. Aug. 14, 2025). Coordinating a multi-jurisdictional litigation effort, Mr. Sanders helped secure $9 million for Becton Dickinson and Company and an agreement by the Company to implement and maintain a

package of corporate governance reforms in shareholder derivative litigation arising from alleged false and misleading statements concerning the Company's Alaris infusion pump system. *In re Becton, Dickinson and Company Stockholder Derivative Litigation*, No. 2:20-cv-15474-SRC-CLW (D.N.J. Aug. 11, 2025). Serving as lead counsel, Mr. Saunders secured $15 million for Emergent BioSolutions Inc., as well as an agreement by the Company to implement and maintain a package of corporate governance reforms, in shareholder derivative litigation resulting from Emergent's failed internal controls at its Bayview, Maryland facility, which had led to the termination of Emergent's contracts to manufacture COVID-19 vaccine bulk drug substance as part of the U.S. government's "Operation Warp Speed" pandemic response and left the Company on the brink of insolvency. *In re Emergent BioSolutions Inc., Stockholder Derivative Litigation*, Case No. 8:21-cv-01595-DLB (D. Md. Aug. 6, 2025). In *Himstreet, et al. v. Scharf, et al.*, No. GCG-22-599223 (Cal. Super. Ct.-S.F. Cnty. July 24, 2025), Mr. Sanders was part of the team of attorneys that recovered a $100 million cash payment – the largest payment directly to a company in a derivative action in California state court history – for Wells Fargo & Co. in shareholder derivative litigation alleging breaches of fiduciary duty by certain Wells Fargo & Co. officers and directors stemming from the purported mismanagement of and noncompliance with myriad consent orders that resulted in the opening of deposit and credit card accounts without customer authorization. Plaintiffs defeated multiple rounds of dispositive motions, engaged in multi-jurisdictional litigation to streamline these proceedings into one court, forced the production of millions of pages of discovery, and worked through incredibly complex privilege issues with federal regulators to secure those documents. The settlement also includes significant corporate governance reforms that include improvement to Wells Fargo's risk structure, programs, policies, and procedures, additional training for employees, expanded and enhanced oversight of risk management by Wells Fargo's Board of Directors, and changes to the composition of Wells Fargo's Board of Directors. In *In re Prudential Financial Inc. Derivative Litigation*, No. 2:20-cv-12772-SRC-CLW (Dist. NJ June 9, 2025), Mr. Sanders served as co-lead counsel for plaintiffs in shareholder derivative litigation alleging defendants made false and misleading statements regarding oversight and disclosures of adverse mortality experience and corresponding reserves for life insurance policies acquired from The Hartford Financial Services Group, Inc. After protracted litigation, Robbins LLP obtained $10 million for the Company, which was deemed by the Honorable Stanley R. Chesler as "not only a reasonable recovery, it is a remarkable recovery and is a tribute to plaintiffs and plaintiffs' lawyer efforts in this case." (Transcript of Motion on Final Settlement Approval at 19-20).

Mr. Sanders served as part of the Robbins LLP team that represented plaintiffs who had concerns that Altria Group Inc.'s $12.8 billion investment in Juul Labs, Inc. undermined Altria's hard-fought reputational progress after decades of marketing tobacco products and funding misleading research about the harmful effects of smoking. Our hard-fought settlement requires Altria to commit to funding $117 million over five years, with a minimum spend of $20 million each year to address policy and governance measures relating to youth prevention and transaction oversight. *In re Altria Group, Inc. Derivative Litigation*, No: 3:20cv772(DJN) (E.D. VA, Feb. 20, 2023). Mr. Sanders helped secure a $38 million settlement for Twitter and substantial corporate governance reforms, including enhancements to the Disclosure and Audit Committees, the creation of an independent Chief Compliance Officer position, and improved compliance training and insider trading policies in *In re Twitter, Inc. Shareholder Derivative Litig.* No. 1:18-cv-00062-VAC-MPT (D. Del. July 27, 2021).  Mr. Sanders served as co-lead counsel on behalf of the federal shareholder plaintiffs on allegations that defendants breached their fiduciary duties to the Company and its stockholders by making materially false and/or misleading statements about Twitter's user growth and user management prospects and that certain individual defendants profited on their inside information.  Mr. Sanders achieved this result after extensive litigation, including multiple mediations and months of settlement discussions.  Mr. Sanders helped litigate shareholder derivative litigation on behalf of Fifth Street Finance Corp., *In re Fifth Street Finance Corp. Shareholder Derivative Litigation*, Lead Case No. 3:15-cv-01795-RNC (D. Conn. Dec. 13, 2016), based on allegations that the company's officers and directors caused Fifth Street to pursue reckless asset growth strategies, employ aggressive accounting and financial reporting practices, and pay excessive fees to its investment advisor to inflate the investment advisor's perceived value in advance of its initial public offering.  Mr. Sanders was instrumental in the discovery efforts and

settlement negotiations and mediations, and helped secure an outstanding settlement for Fifth Street and its stockholders, including advisory fee reductions worth at least $30 million to Fifth Street, and comprehensive corporate governance, oversight, and conflicts management enhancements to substantially improve the compliance control environment at Fifth Street and reduce the likelihood of a recurrence of similar wrongdoing in the future. Mr. Sanders was the lead associate in *In re Koss Corporation Shareholder Derivative Litigation*, No. 10-CV-2422 (Wis. Cir. Ct.-Milwaukee Cnty. Sept. 22, 2011), a shareholder derivative action that involved the theft of tens of millions of dollars from the company by one of its executive officers. In that case, Mr. Sanders and his fellow counsel defeated defendants' motion to dismiss based on demand futility and negotiated a settlement that provided for the implementation of extensive corporate governance changes, including the separation of the positions of chairman of the board of directors, chief executive officer, and chief financial officer; the appointment of a lead independent director; enhanced accounting and audit functions; and the implementation of a plan requiring the reimbursement of excess incentive-based compensation in the event of a financial restatement. In *In re Fossil, Inc. Derivative Litigation*, No. 3:06-cv-01672-F (N.D. Tex. July 6, 2011), Mr. Sanders supported a team in multi-year derivative litigation that achieved a settlement securing $8.6 million payment for Fossil from individual defendants and industry leading corporate governance reform, such as declassifying the election of directors to the board. Mr. Sanders was the lead associate in *Paschetto v. Shaich*, No. 08-SL-CC00805 (Mo. Cir. Ct.-St. Louis Cnty. April 8, 2011), a shareholder derivative action on behalf of Panera Bread Company in which Mr. Sanders helped the firm defeat defendants' motion to dismiss based on demand futility and negotiate a settlement that provided substantial benefits to the company and its shareholders. In *In re Vitesse Semiconductor Corporation*, No. Civ240483 (Cal. Sup. Ct.-Ventura Cnty. Oct. 17, 2008), Mr. Sanders was part of a team that achieved the return of more than $13 million from company insiders and valuable corporate governance improvements. In *In re Ligand Pharmaceuticals, Inc. Derivative Litigation*, No. GIC834255 (Cal. Super. Ct.-San Diego Cnty. Oct. 12, 2006), Mr. Sanders supported a team that persuaded the court that demand on the board of directors was futile and subsequently defeated all of defendants' other motions, and helped obtain a $14 million payment to the corporation and significant corporate governance improvements for the company.

For his achievements, Mr. Sanders was recognized by his peers as a Super Lawyer (2021-2025) and Super Lawyer Rising Star (2015), and by Best Lawyers in America for Securities Litigation (2020-2025).

Mr. Sanders received his Juris Doctor degree in 2004 from the University of San Diego School of Law. While in law school, Mr. Sanders served as a law clerk at the San Diego County Public Defender's Office, and he was a member of the Association of Trial Lawyers of America and USD's Sports and Entertainment Law Society. He also participated in USD's Thorsnes Closing Argument Competition and Senior Honors Moot Court Competition, receiving among the highest marks for his written briefs. Mr. Sanders graduated from the University of California, Santa Barbara in 2001 with a Bachelor of Arts degree in Sociology. He is licensed to practice law in the State of California and has been admitted to the U.S. District Courts for the Northern, Central, and Southern Districts of California and the District of Colorado, as well as the U.S. Courts of Appeals for the First, Second, Third, and Ninth Circuits.

**Kevin A. Seely**

Kevin A. Seely devotes his practice to representing shareholders, whistleblowers, and consumers in complex derivative, *qui tam*, and class actions throughout the U.S. A tenacious trial lawyer with more than 25 years of litigation experience in both the public and private sectors and in criminal and civil fraud prosecutions, Mr. Seely has successfully prosecuted top corporate executives, high-ranking government officials, and corporate entities for a variety of wrongdoing, including theft of government services, bribery, embezzlement, and health care fraud.

Mr. Seely has achieved significant results for his clients. Serving as co-lead counsel, Mr. Seely has been instrumental in obtaining settlements on behalf of classes of shareholders who were misled in connection with business combinations involving special purpose acquisition companies ("SPAC"). In *In re Gores Holdings IV, Inc. Stockholder Litigation*, No. 2023-0284-LWW (Del Ch. July 15, 2025), Mr. Seely helped secure $17.5 million for shareholders of Gores IV who sued for breach of fiduciary duty noting the Proxy's patently unattainable financial projections. Mr. Seely helped obtain $21 million for CM Life Sciences, Inc. shareholders in *In Re GeneDx de-SPAC Litigation*, No. 2023-0140-PAF (Del. Ch. Dec. 2, 2024) when they alleged breach of fiduciary duty resulting from defendants' impairment of their Redemption Right in connection with CM Life Science's merger with Mount Sinai Genomics, Inc. d/b/a/ Sema4 Holdings Corp. In *Yu v. RMG Sponsor, LLC, et al.*, No. 2021-0932-NAC (Del. Ch. Oct. 18, 2024), Mr. Seely helped secure $11.99 million for RMG Acquisition Corp. shareholders who alleged they were misled in connection with the business combination of RMG Acquisition Corp., a SPAC, and privately held Romeo Systems, Inc., which merged to create Romeo Power, Inc., when Romeo overstated its revenue projections and understated its backlog projections.

In *In re Community Health Systems, Inc. Shareholder Derivative Litig.*, No. 3:11-cv-00489 (M.D. Tenn. Jan. 20, 2017), serving as plaintiff's co-lead counsel, Mr. Seely and his team were instrumental in obtaining a $60 million cash payment to Community Health, which is believed to be the largest shareholder derivative recovery in the Sixth Circuit to date, and extensive corporate governance reforms. The firm brought *In re Alphatec Holdings, Inc., Derivative Shareholder Litigation*, No. 37-2010-00058586-CU-BT-NC (Cal. Super. Ct.–San Diego Cnty. Aug. 21, 2014) on behalf of Alphatec Holdings, Inc. to hold the company's fiduciaries responsible for their role in depleting shareholder equity through their self-serving actions. Mr. Seely's efforts resulted in the resignation of several defendant directors and senior executives, and Alphatec's implementation of reforms providing for director independence, greater review and oversight of related party transactions, and enhanced audit committee responsibilities regarding disclosure of company financial information. In shareholder derivative litigation on behalf of Computer Sciences Corporation, *Bainto v. Laphen*, No. A-12-661695-B (Nev. Dist. Ct.-Clark Cnty. Nov. 6, 2013), arising out of senior management and board of directors' breaches of fiduciary duties, Mr. Seely obtained extensive governance enhancements, including personnel changes, implementation of a Global Ethics & Compliance Program, and finance and administration training to strengthen accounting procedures and processes. Mr. Seely's settlement in *In re SciClone Pharmaceuticals, Inc. Shareholder Derivative Litigation*, No. CIV 499030 (Cal. Super. Ct.-San Mateo Cnty. Dec. 13, 2011), was praised by the Honorable Marie S. Weaver as "the most detailed and extensive corporate governance changes I've seen in a derivative settlement," and established consequences to employees for violations of the FCPA and other criminal misconduct. The settlement also created the position of compliance coordinator and a compliance program and code, instituted a due diligence process pertaining to the hiring of all foreign agents and distributors and demanded employee compliance training, established policies for disclosure and clawback of incentive-based compensation for officers in the event of a material restatement of the company's financial statements, and modified the company's whistleblower programs. In *In re ArthroCare Corporation Derivative Litigation*, No. D-1-GN-08-003484 (W.D. Tex.); *Weil v. Baker*, No. 08-CA-00787-SS (W.D. Tex Dec. 8, 2011), Mr. Seely obtained a substantial monetary recovery for ArthroCare Corporation, as well as the implementation of enhanced internal controls and reforms designed to curtail future corporate misconduct.

Prior to joining Robbins LLP, Mr. Seely served as an Assistant U.S. Attorney ("AUSA") in the U.S. District Court for the Southern District of California where he prosecuted civil fraud claims under the federal False Claims Act. He also served as an AUSA for the Districts of Guam and Northern Mariana Islands, focusing on white collar crime and public corruption matters. In actions filed on behalf of various U.S. federal agencies, Mr. Seely led the investigation, litigation, and negotiation of numerous settlements resulting in the return of millions of dollars to the victims of complex financial, accounting, and contract fraud schemes. Before becoming a federal prosecutor, Mr. Seely was a partner at a prominent commercial litigation law firm with offices in Guam and the Commonwealth of the Northern Mariana Islands.

Mr. Seely has authored articles in leading legal publications on shareholder and consumer rights topics and was named a Super Lawyer for the past ten years (2015–2025).

Mr. Seely received his Juris Doctor in 1992 from the Northwestern School of Law of Lewis & Clark College. While in law school, he was an associate editor of the *Lewis & Clark Law Review*. Mr. Seely graduated *cum laude* from the University of California, Irvine in 1988. He is licensed to practice law in the State of California, the territory of Guam, and the Commonwealth of the Northern Mariana Islands. Mr. Seely has been admitted to the U.S. District Courts for the Northern, Central, Southern, and Eastern Districts of California, the District of Colorado, the Northern District of Florida, the District of Guam, the Northern and Central Districts of Illinois, the Eastern District of Michigan, the District of the Northern Mariana Islands, and the Western District of Texas, as well as the U.S. District Court of Appeals for the Ninth Circuit.

**Craig W. Smith**

Craig C. Smith represents shareholders in derivative and securities fraud class actions. His clients include shareholders invested in banking and finance, biotechnology, defense, education, information technology, leisure, consumer goods, and pharmaceutical industries. Mr. Smith also serves as the firm's general counsel.

Mr. Smith has led the firm's prosecution of a number of successful actions brought directly on behalf of shareholders and derivatively for the benefit of public corporations.

Mr. Smith served as lead counsel for the plaintiffs in the consolidated state derivative action alleging that, from the third quarter of 2015 through the first half of 2017, certain Under Armour officers and directors made or permitted the publication of statements intended to create the impression of continued strong demand that had fueled the Company's year-over-year quarterly revenue growth with the knowledge that Under Armour had been relying on unsustainable sales practices to mask declining demand that created revenue holes in future quarters and undercut future sales and margins by damaging relationships with full-price retailers. After eight years of litigation, Robbins LLP helped to obtain $8.9 million for Under Armour and significant corporate governance enhancements, including the creation of a disclosure committee, audit committee enhancements, and insider trading policy enhancements. *Kenney, et al. v. Plank, et al.*, Case No. 24-C-18-003939 (Balt. City Cir. Ct. Md. Aug. 14, 2025). Mr. Smith secured $15 million for Emergent BioSolutions Inc. and an agreement by the Company to implement and maintain a package of corporate governance reforms in the firm's role as lead counsel in shareholder derivative litigation resulting from Emergent's failed internal controls at its Bayview, Maryland facility, which had led to the termination of Emergent's contracts to manufacture COVID-19 vaccine bulk drug substance as part of the U.S. government's "Operation Warp Speed" pandemic response and left the Company on the brink of insolvency. *In re Emergent BioSolutions Inc., Stockholder Derivative Litigation*, Case No. 8:21-cv-01595-DLB (D. Md. Aug. 6, 2025). In *Himstreet, et al. v. Scharf, et al.*, No. GCG-22-599223 (Cal. Super. Ct.-S.F. Cnty. July 24, 2025), Mr. Smith was part of the team of attorneys that recovered a $100 million cash payment – the largest payment directly to a company in a derivative action in California state court history – for Wells Fargo & Co. in shareholder derivative litigation alleging breaches of fiduciary duty by certain Wells Fargo & Co. officers and directors stemming from the purported mismanagement of and noncompliance with myriad consent orders that resulted in the opening of deposit and credit card accounts without customer authorization. Plaintiffs defeated multiple rounds of dispositive motions, engaged in multi-jurisdictional litigation to streamline these proceedings into one court, forced the production of millions of pages of discovery, and worked through incredibly complex privilege issues with federal regulators to secure those documents. The settlement also includes significant corporate governance reforms that include improvement to Wells Fargo's risk structure, programs, policies, and procedures, additional training for employees, expanded and enhanced oversight of risk management by Wells Fargo's Board of Directors, and changes to the composition of Wells Fargo's Board of Directors. In

shareholder derivative litigation on behalf of Prudential Financial, Inc., Mr. Smith served as co-lead counsel for plaintiffs who alleged defendants made false and misleading statements regarding oversight and disclosures of adverse mortality experience and corresponding reserves for life insurance policies acquired from The Hartford Financial Services Group, Inc. After protracted litigation, Mr. Smith achieved a $10 million settlement for the Company, which was deemed by the Honorable Stanley R. Chesler as "not only a reasonable recovery, it is a remarkable recovery and is a tribute to plaintiffs and plaintiffs' lawyer efforts in this case." (Transcript of Motion on Final Settlement Approval at 19-20). *In re Prudential Financial Inc. Derivative Litigation*, No. 2:20-cv-12772-SRC-CLW (Dist. NJ June 9, 2025).

In *In re Fifth Street Corp. Shareholder Derivative Litigation*, Lead Case No. 3:15-cv-01795-RNC (D. Conn. Dec. 13, 2016), Mr. Smith served as lead counsel in shareholder derivative litigation on behalf of Fifth Street to challenge alleged conflicts of interest in Fifth Street's relationship with its investment advisor after certain Fifth Street officers and directors caused the company to make reckless investments and pay excessive fees to inflate the investment advisor's perceived value in advance of its initial public offering.  Mr. Smith led the settlement negotiations that resulted in advisory fee reductions worth at least $30 million and comprehensive corporate governance, oversight, and conflicts management enhancements.  Mr. Smith and his team played a leading role in a shareholder derivative suit brought on behalf of Avon Products, Inc., *Pritika v. Jung*, No. 651479/2015 (N.Y. Sup. Ct. May 1, 2015), against certain officers and directors who plaintiffs allege turned a blind eye to bribes made in violation of the FCPA to secure the first foreign direct sales license in China.  Mr. Smith led the negotiations that resulted in Avon's agreement to adopt a comprehensive corporate governance and compliance reform program.  The *Wall Street Journal* praised the settlement as "a victory for shareholders looking for accountability from the business."  Mr. Smith also played a leading role in shareholder derivative litigation brought on behalf of Career Education Corporation against officers and directors who plaintiffs alleged allowed its for-profit schools to falsify job placement and student loan repayment rates, fall short of accreditation standards, and jeopardize access to the Title IV federal student loan funds that account for the lion's share of its revenues.  Mr. Smith and his co-counsel in *Alex v. McCullough*, No. 1:12-cv-08834 (N.D. Ill. Dec. 5, 2012); *Bangari v. Lesnik*, No. 1:11-CH-41973 (Ill. Cir. Ct.-Cook Cty. Dec. 11, 2011); and *Cook v. McCullough*, No. 1:11-cv-09119 (N.D. Ill. Dec. 22, 2011), negotiated a global settlement that secured a $20 million recovery for Career Education, as well as comprehensive board and management-level governance and oversight reforms.

Mr. Smith has played an important role in improving the quality of corporate governance and oversight at pharmaceutical and bio-technology companies.  In *In re Forest Labs., Inc.*, *Derivative Litigation*, No. 1:05-cv-03489 (RJH) (S.D.N.Y. Feb. 7, 2012), Mr. Smith secured comprehensive regulatory oversight and compliance reforms to address the fallout resulting from Forest Lab's marketing of Celexa and Lexapro for off-label treatment of pediatric depression — violations that cost Forest Labs more than $313 million in fines and sanctions.  The reforms included the creation of Chief of Compliance and Chief Medical Officer positions, board oversight and management-level oversight of sales and promotions compliance, comprehensive policies and procedures governing sales and promotional activities, and compliance monitoring programs, including field sampling of interactions with physicians and rigorous reporting procedures and controls.  Mr. Smith spearheaded the litigation and settlements in shareholder derivative actions brought on behalf of biotechnology companies, MannKind Corporation, *In re MannKind Corp. Derivative Litigation*, No. 1:11-cv-05003-GAF-SSx (C.D. Ca. June 13, 2011), and CTI BioPharma (f.k.a. Cell Therapeutics), *In re Cell Therapeutics, Inc., Derivative Litigation*, No. 2:10-cv-00564-MJP (W.D. Wash.-Seattle Apr. 1, 2010), that led to their adoption of state-of-the-art clinical trial and disclosure oversight and internal controls programs, following costly mismanagement of clinical trials and publication of misleading disclosures.

Mr. Smith played a leading role in securing best-in-class corporate governance for Motorola, Inc. in shareholder derivative litigation arising from Motorola's publication of misleading statements about prospects for its next-generation cell phones and related revenue projections.  *In re Motorola, Inc. Derivative Litigation*, No. 07-CH-23297 (Ill. Cir. Ct.-Cook Cty. Nov. 29, 2012).  Mr. Smith was

instrumental in drafting and negotiating a comprehensive overhaul of board- and executive-level supervision of financial disclosures, as well as broader corporate governance reforms designed to align director and executive compensation with long-term shareholder interests and to eliminate incentives for executives to manipulate results or withhold negative information from shareholders.  As lead counsel in *Monday v. Meyer*, No. 1:10-cv-01838-DCN (N.D. Ohio Aug. 17, 2012), Mr. Smith challenged the KeyCorp Board of Director's handling of an unlawful tax avoidance scheme, which exposed the bank to billions of dollars in back taxes and fines by the IRS.  While the case was on appeal, Mr. Smith negotiated corporate governance reforms that strengthened KeyCorp's internal controls and Board oversight over financial transactions and legal/regulatory risk, capital planning, dividends, and stock repurchases.  Mr. Smith played a key role in persuading Brocade Communication Systems, Inc.'s Board Special Litigation Committee to prosecute stock option backdating claims against former officers and directors of Brocade.  *In re Brocade Communication Systems, Inc., Derivative Litigation*, No. 1:05-cv-041683 (Cal. Super. Ct.-Santa Clara Cty. Jan. 28, 2010).  As part of a four-lawyer team, Mr. Smith convinced the Committee to retain the firm as co-counsel to pursue the claims.  Brocade recovered tens of millions of dollars and extinguished its obligation to fund the criminal defense of its former CEO.

Mr. Smith was recognized by his peers as a San Diego Super Lawyer for ten consecutive years (2015–2025).

Before joining Robbins LLP, Mr. Smith served for four years as division and regional counsel for UBS Financial Services, Inc., a global financial services company, where he advised management regarding litigation, regulatory, and employment matters arising in the company's Northern Pacific region.  Mr. Smith spent the first decade of his career at O'Melveny & Myers LLP, where he defended Fortune 500 companies and professional services firms in securities fraud class actions, shareholder derivative litigation, SEC investigations and enforcement actions, and professional malpractice and business tort matters.  Mr. Smith served for five years on O'Melveny & Myers' firm-wide Pro Bono Committee.

Mr. Smith earned his Juris Doctor in 1992 from Yale Law School.  At Yale, he externed for the U.S. Attorney's Office in New Haven, Connecticut.  Mr. Smith graduated with highest honors in Political Science and highest distinction in Letters and Science from the University of California, Berkeley in 1988, and was initiated into Phi Beta Kappa as a junior.  He is licensed to practice law in the State of California and has been admitted to the U.S. District Courts for the Northern, Central, and Southern Districts of California, as well as the U.S. Courts of Appeals for the First, Sixth, Eighth, and Ninth Circuits.

## Associates

**Aaron M. Dumas, Jr.**

Aaron M. Dumas, Jr. is an associate of the firm. Mr. Dumas has represented individuals and institutional shareholders in a variety of complex matters. He has experience conducting extensive legal research and document review, drafting motions, settlement offers, and litigation and inspection demands.  Mr. Dumas also helps analyze the firm's new matters, including on-boarding the firm's clients, maintaining relationships, and ensuring outstanding client support and engagement throughout the litigation process.

In addition to his experience at Robbins LLP, Mr. Dumas worked for another well-known shareholder rights law firm, was a solo practitioner serving a broad range of clients in criminal, civil, and family law matters, and worked for a consulting firm drafting contracts related to real estate investments and assisting in the acquisition of federal government contracts.

Mr. Dumas received his Juris Doctor from the University of San Diego School of Law.  While in law school, Mr. Dumas served as a research assistant for Professor Joseph J. Darby and a summer associate for Sony Electronics Limited.  He participated in moot court and studied abroad in Florence, Italy.  Mr. Dumas received his Bachelor of Science in Zoology from the University of Texas.  He is licensed to practice in the State of California

**Grant M. Klasna**

Grant M. Klasna is an associate of the firm. Mr. Klasna represents individual and institutional shareholders in a variety of complex matters. He has experience conducting legal research and drafting compliance documents in the areas of corporate, tax, and securities law.

Prior to joining Robbins LLP, Mr. Klasna worked at a boutique law firm, where he practiced corporate, tax, accounting, and estate law. In this role, he drafted and negotiated corporate contracts, assisted clients in structuring business entities, and prepared securities law compliance reports.

Mr. Klasna his received his Juris Doctor from University of San Diego School of Law. While in law school, Mr. Klasna interned at the Office of the United States Trustee, Department of Justice and served as a corporate counsel intern for a medical billing company. Mr. Klasna also participated on the Client Advocacy Negotiations Team and was a member of the Business Law and Sports and Entertainment Law Societies. Mr. Klasna received his Bachelor of Sciences in Business Administration from San Diego State University, where he graduated with honors. While in college, Mr. Klasna participated in the Pre-Law Society and was the VP of Operations for the Sports Business Initiative. Mr. Klasna is licensed in the State of California.

**Lauren G. Levi**

Lauren G. Levi is an associate of the firm where she represents shareholders in a variety of complex matters. Her experience includes conducting extensive legal research, document review, complaint drafting, and client communications.  Ms. Levi also serves as the manager of the firm's business development department, engaging with clients on new matters and overseeing the firm's marketing efforts.

Prior to joining Robbins LLP, Ms. Levi served almost ten years as a research attorney for the Los Angeles County Superior Court where she conducted extensive research, analyzed law and motion ranging from simple discovery disputes to contested motions for summary judgment, and prepared bench memoranda reflecting the tentative rulings of the civil judges. In addition, Ms. Levi supervised and mentored attorneys new to the role and student externs.

Ms. Levi received her Juris Doctor from Pepperdine University School of Law. While in law school, Ms. Levi clerked for the Honorable Ronald S.W. Lew, U.S. District Court Judge for the Central District of California, served as a judicial extern for the Los Angeles Superior Court, and volunteered with the Legal Aid Foundation's Domestic Violence Project preparing retraining orders for domestic violence victims. Ms. Levi received her Bachelor of Arts in History from California State University, Northridge. Ms. Levi is licensed in the State of California.

**Maria L. Mansur**

Ms. Mansur is an associate of the firm representing shareholders in a variety of complex shareholder matters. Ms. Mansur has experience conducting complex legal research and drafting legal memoranda.

Prior to joining Robbins LLP, Ms. Mansur worked as an ADR Deputy Counsel for the International Chamber of Commerce where she gained extensive mediation experience. In her role, she analyzed complex, disputed legal issues, and facilitated mediations. Ms. Mansur also worked as a legal clerk for JAMS Mediation, Arbitration and ADR Services and as an associate in a general litigation law firm in Brazil.

Ms. Mansur received her Bachelor of Laws from Pontifical Catholic University of Sao Paulo and is currently pursuing a Master of Law in Dispute Resolution from Pepperdine University Caruso School of Law. Ms. Mansur is licensed in Brazil, Paris, and the State of California.

**Ryan M. Messina**

Mr. Messina represents investors harmed by corporate malfeasance through shareholder derivative litigation and securities fraud class actions. Prior to joining Robbins LLP, Mr. Messina worked for a national shareholder rights law firm where he was involved in all facets of shareholder litigation. He also has experience in real property law.

Mr. Messina received his Juris Doctor degree and Masters of Business Administration from West Virginia University College of Law and College of Business and Economics. While in law school, Mr. Messina interned at the Supreme Court of New York Commercial Division for the Honorable Justice Oing and a private law firm, served as a clinician through the Land Use and Sustainable Development Law Clinic, and worked pro bono as a volunteer income tax assistant. Mr. Messina received his Bachelor of Arts, cum laude, from West Virginia University. Mr. Messina is licensed in the State of New York.

**Jacob W. Ogbozo**

Jacob W. Ogbozo protects shareholder rights through complex litigation and represents business and consumers in challenging anticompetitive conduct. Mr. Ogbozo has extensive experience in large-scale class action discovery. He is a subject matter expert on multiple e-discovery platforms and his experience includes investigating and helping to develop complex theories of liability, preparing depositions and other discovery, interfacing with expert witnesses and consultants, and supervising the firm's antitrust staff attorneys.

In addition to his experience at Robbins LLP, Mr. Ogbozo worked for several non-profit agencies focusing on environmental and landlord tenant law and several law firms focusing on environmental and securities law. Mr. Ogbozo also worked as an Administrative Hearing Officer in which he conducted administrative appeal hearings on behalf of several local municipalities.

Mr. Ogbozo received his Juris Doctor from the University of San Diego School of Law where he received multiple scholarships in recognition of his academic achievements. While in law school, Mr. Ogbozo interned and clerked for the Honorable Paul A. Magnuson, U.S. District Judge for the District of Minnesota; the City of San Diego, Neighborhood Code Compliance; and the San Diego County Counsel. Mr. Ogbozo received his Bachelor of Arts from the University of Minnesota where he triple majored in Political Science, International Studies and Spanish Language. Mr. Ogbozo is licensed in the State of California.

**Mario D. Valdovinos**

Mario D. Valdovinos focuses his practice on protecting the rights of shareholders in complex matters involving shareholder derivative and securities fraud class actions. Prior to joining Robbins LLP as an associate, Mr. Valdovinos served as a summer law clerk for the firm. For his work, Mr. Valdovinos has been recognized by his peers as a Super Lawyers Rising Star (2024 – 2025).

Mr. Valdovinos received his Juris Doctor degree from Michigan State University College of Law.  While in law school, Mr. Valdovinos participated in moot court, where he was recognized as regional champion and for writing the best brief in the Giles Sutherland Rich Patent Competition. Mr. Valdovinos received his Bachelor of Science in Business Administration from California State University, Long Beach. Mr. Valdovinos is licensed in the State of California.

## Of Counsel

### Ashley R. Rifkin

Ashley R. Rifkin has over 15 years' experience representing clients in complex litigation, including shareholder rights, consumer class actions, and antitrust matters.  She has helped achieve significant recoveries for shareholders in connection with securities class actions involving corporate mergers and acquisitions. For example, in *Fuerstenberg v. Mid-State Bancshares*, No. CV 060976 (Cal. Super. Ct.-San Luis Obispo County Oct. 4, 2007), Ms. Rifkin was part of the litigation team that obtained waivers of the "confidentiality" and "no-shop" provisions in the sale agreement, which enabled other suitors to participate effectively in the bidding process. In *In re HCA Inc. Derivative Litigation*, No. 3:05-CV-0968 (M.D. Tenn. Dec. 20, 2007), Ms. Rifkin was part of the litigation team that forced the disclosure of material information to shareholders before they voted on the proposed buyout by a private equity group and founding member.

Ms. Rifkin has litigated shareholder derivative actions on behalf of corporations and shareholders seeking to redress various forms of corporate misconduct including backdating and springloading practices, false and misleading public disclosures, improper Medicare and Medicaid billing practices, claims of off-label marketing, violations of the FCPA, and other state and federal law violations.  She has helped achieve considerable monetary recoveries and corporate governance reforms for clients and companies through these actions. In *In re Community Health Systems Inc. Shareholder Derivative Litig.*, No. 3:11-cv-00489 (M.D. Tenn. Jan. 20, 2017), Ms. Rifkin was part of the team that brought shareholder derivative litigation against the officers and directors of Community Health Systems, Inc. alleging that the fiduciaries systematically steered patients into medically unnecessary inpatient admissions when they should have been treated as outpatient. Ms. Rifkin oversaw the extensive document review process and other aspects of discovery.  Ms. Rifkin's team obtained a $60 million cash payment to Community Health and the implementation of extensive corporate governance reforms.  In shareholder derivative litigation arising from Motorola Inc.'s publication of allegedly misleading statements regarding its next-generation cell phones and revenue projections, *In re Motorola, Inc. Derivative Litig.,* No. 07CH23297 (Ill. Cir. Ct.-Cook Cnty. Nov. 29, 2012), Ms. Rifkin helped negotiate comprehensive governance reforms that overhauled the company's oversight of financial disclosures and achieved structural reforms that better aligned director and executive compensation with long-term shareholder interests. Ms. Rifkin served alongside a team of plaintiff firms in antitrust litigation involving allegations of conspiracy among private equity firms to rig bids, restrict the supply of private equity financing, fix transaction prices, and divide up the market for private equity services for leveraged buyouts.  *Dahl v. Bain Capital Partners*, No. 1:07-cv-12388 (WGY) (D. Mass. Mar. 17, 2015).  The defendants settled for more than $590 million.

Ms. Rifkin was named a Super Lawyer (2022-2025), a Super Lawyer Rising Star (2015-2016, 2019-2020), and one of the "Best Young Attorneys in San Diego County" by *The Daily Transcript* (2011).

Ms. Rifkin received her Juris Doctor in 2006 from Thomas Jefferson School of Law.  She graduated *summa cum laude* second in her class, was on the Dean's List, and received the Outstanding Scholastic Achievement Award for the 2004-2005 school year.  While in law school, Ms. Rifkin served as a judicial extern for the Honorable David A. Workman in the Los Angeles Superior Court.  She also was chief articles editor and notes editor of the *Thomas Jefferson Law Review* and vice president of

operations of the Tax Society.  Ms. Rifkin graduated from the University of California, Santa Barbara in 2002 with a Bachelor of Arts degree in Psychology.  She is licensed to practice law in the State of California and has been admitted to the U.S. District Courts for the Northern, Central, and Southern Districts of California, the District of Colorado, the Eastern District of Michigan, and the U.S. Courts of Appeals for the Sixth, Seventh, Ninth, and Tenth Circuits.

## Corporate Research Department

The Corporate Research Department is staffed by college graduates with degrees and/or work experience in accounting, economics, finance, health sciences, legal studies, political science, sociology, and statistics.  They are trained in the use of public and proprietary databases and search engines, including Bloomberg, Capital IQ, Lexis, and Morningstar.  Members of the Corporate Research Department analyze financial statements, various SEC filings, analyst reports, and other public data to prepare complex financial analyses and calculations in support of case filings.