**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq.
Laurence M. Rosen, Esq.
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: philkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for the Plaintiff and the Class*
*[Additional Counsel on Signature Page]*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| DINO KURT, Individually and On Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>        v.<br><br>FLY-E GROUP, INC., ZHOU OU, and SHIWEN FENG,<br><br>        Defendants. | CASE No.: 1:25-cv-05017-CHK<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF CORRADO TAVELLI, KRISTIAN WULFF, PER-OLAF KEITSCH AND TARUN SETHI TO: (1) APPOINT LEAD PLAINTIFFS; AND (2) APPROVE LEAD PLAINTIFFS' SELECTION OF COUNSEL**<br><br>**CLASS ACTION** |

## **TABLE OF CONTENTS**

INTRODUCTION AND BACKGROUND ................................................................................. 1

ARGUMENT .............................................................................................................................. 2

    I.   MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF ........................................... 2

       A.  Movant Is Willing to Serve as Class Representative .......................................... 3

       B.  Movant Has the Largest Financial Interest in the Action .................................... 3

       C.  Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure... 4

          1.  Movant's Claims are Typical.......................................................................... 5

          2.  Movant Is Adequate ...................................................................................... 5

       D.  Movant Is Presumptively the Most Adequate Plaintiff........................................ 6

    II.  MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED............................ 7

CONCLUSION........................................................................................................................... 7

CERTIFICATE OF SERVICE ................................................................................................... 9

# TABLE OF AUTHORITIES

Page(s)

Cases

*In re Bally Total Fitness*, *Sec. Litig.*,
   2005 WL 627960 (N.D. Ill. Mar. 15, 2005) ................................................................ 4

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 2001) ....................................................................................... 5

*In re Fuwei Films Sec. Litig.*,
   247 F.R.D. 432 (S.D.N.Y. 2008) ............................................................................ 3, 4

*In re Livent, Inc. Noteholders Sec. Litig.*,
   210 F.R.D. 512 (S.D.N.Y. 2002) ............................................................................... 5

*In re Olsten Corp. Sec. Litig.*,
   3 F.Supp.2d 286 (E.D.N.Y. 1998) .............................................................................. 3

*In re Oxford Health Plans, Inc. Sec. Litig.*,
   182 F.R.D. 42 (S.D.N.Y. 1998)................................................................................... 4

*Lax v. Merch. Acceptance Corp.*,
   1997 WL 461036 (N.D. Ill. Aug. 11, 1997).............................................................. 3

*Takara Tr. v. Molex Inc.*,
   229 F.R.D. 577 (N.D. Ill. 2005) ................................................................................ 3

Statutes

15 U.S.C. § 78u-4(a) ....................................................................................... 2, 3, 6, 7

Rules

Fed. R. Civ. P. 23 ..................................................................................................... 3, 4, 5

Plaintiffs' Corrado Tavelli, Kristian Wulff, Per-Olaf Keitsch and Tarun Sethi ("Movants") respectfully submit this memorandum of law in support of Movants' motion for an Order, pursuant to Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a)      appointing Movants' as Lead Plaintiff for the class of: (i) all persons or entities who purchased or otherwise acquired Fly-E Group, Inc. ("Fly-E" or the "Company") securities between July 15, 2025 and August 14, 2025, inclusive (the "Class Period"). Plaintiffs seek to recover compensable damages caused by Defendants' violations of the federal securities laws under the Securities Exchange Act of 1934 (the "Exchange Act"); and

(b)      approving Movants' selection of The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel and the Schall Law Firm ("Schall Law") Additional Counsel for the Class.

## INTRODUCTION AND BACKGROUND

This action was commenced on September 8, 2025 against the Company and certain of its executives and directors ("Defendants") for violations under the Exchange Act covering the Class Period. An early notice was issued pursuant to the PSLRA advising class members of, *inter alia*, the allegations and claims in the complaint, the Class Period, and of their option to seek appointment as Lead Plaintiff. *See* Ex. 1 hereto.

Defendant Fly-E designs, installs, and sells smart electric motorcycles, electric bikes, electric scooters, and related accessories under the Fly E-Bike brand in the United States, Mexico, and Canada.

The complaint alleges that during the Class Period Defendants provided these overwhelmingly positive statements to investors while, at the same time, disseminating materially false and misleading statements and/or concealing material adverse facts concerning the safety of Fly-E's lithium battery which in turn took a material toll on its E-

1

vehicle sales revenue, despite making lofty long-term projections, Fly-E's forecasting processes fell short as sales continued to decline and operating expenses increased, ultimately, derailing the Company's revenue projections.

Then, on August 14, 2025, the truth emerged when Fly-E filed a form NT 10-Q: Notification of inability to timely file Form 10-Q for the first quarter of fiscal year 2026 revealing a substantial decrease of 32% in net revenues "primarily driven by a decrease in total units sold." In pertinent part, the Company attributed the decline to "recent lithium-battery accidents involving E-Bikes and E-Scooters." As a result of the lithium battery incidents and retail store closures, Defendants expect a further decrease in retail sales revenue for the Company's 2026 fiscal year.

On this news, the price of Fly-E's stock fell to $1.00 per share on August 15, 2025 from a closing market price of $7.76 per share on August 14, 2025, a decline of about 87% in the span of just a single day. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiffs and other Class members have suffered significant losses and damages.

## ARGUMENT

### I.    MOVANTS SHOULD BE APPOINTED LEAD PLAINTIFFS

The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice…;

2

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movants satisfy all three of these criteria, and thus is entitled to the presumption of being the "most adequate plaintiff" for the Class.

## A. Movants Are Willing to Serve as Class Representative

Movants have filed herewith PSLRA certifications attesting that Movants are willing to serve as representatives of the class and remain willing to provide testimony at deposition and trial, if necessary. *See* Ex. 2 hereto. Accordingly, Movants satisfy the first requirement to serve as Lead Plaintiffs for the Class.

## B. Movants Have the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff … is the person or group of persons that … has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Tr. v. Molex Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the *Lax*/*Olsten*-styled[1] factors in determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008). Indeed, "the best yardstick

---

[1] *Lax v. Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

by which to judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness*, *Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

Movants lost approximately $545,482.96 in connection with purchases of Fly-E securities. *See* Ex. 3 hereto. Movants are not aware of any other movant that has suffered greater losses in Fly-E securities during the Class Period. Accordingly, Movants satisfy the largest financial interest requirement to be appointed as Lead Plaintiffs for the class.

### C. Movants Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movant will satisfy the requirements of Rule 23 is sufficient. *Fuwei Films*, 247 F.R.D. at 439 (only a *prima facie* showing is required). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

4

### 1.  Movants' Claims are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

Here, Movants claims are typical of the claims asserted by the Class. Movants, like all members of the Class, allege that Defendants violated the Exchange Act by issuing false and misleading statements about the Company's business. Movants interests are closely aligned with the other Class members' and Movants interests are, therefore, typical of the other members of the Class.

### 2.  Movants Are Adequate

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a potential representative's claim and those asserted on behalf of the class. *In re Cendant Corp. Litig.*, 264 F.3d 201, 265 (3d Cir. 2001).

Here, Movants have communicated with competent, experienced counsel concerning this case, and made this motion to be appointed as Lead Plaintiffs. Movants are not aware that any conflict exists between Movants' claims and those asserted on behalf of the Class. Movants also sustained substantial financial losses from investments in Fly-E securities and are, therefore, extremely motivated to pursue claims in this action.

5

**D. Movants Are Presumptively the Most Adequate Plaintiff**

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interests of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The ability of Movants to represent the Class fairly and adequately is discussed above. Movants are not aware of any unique defenses Defendants could raise against them that would render Movants inadequate to represent the Class.

The presumption that Movants are the most adequate Lead Plaintiffs are not, therefore, subject to rebuttal. Accordingly, Movants have suffered financial losses and have the largest financial interest in this case of any timely movant and should be appointed Lead Plaintiffs.

Further, Mr. Tavelli, a resident of Italy, is an individual investor and Doctor with ten years of stock investing experience. Mr. Wulff, a resident of Denmark, is an individual investor with three years of stock investing experience. Mr. Wulff is a high school teacher with a Master of Science in Sports Science and Geography. Mr. Keitsch, a resident of Sweden, is an individual investor with forty-five years of stock investing experience. Mr. Keitsch was the CEO of a ventilation company and has a B.A. in International Economics. Mr. Sethi, a resident of Oregon, is an individual investor with three years of stock investing experience. Mr. Sethi is the owner and operator of multiple retail establishments. Together, they bring a wealth of experience and are qualified to represent the class.

## II.    MOVANTS' SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movants have selected The Rosen Law Firm, P.A. as Lead Counsel and the Schall Law Firm as Additional Counsel. The firms have been actively researching Movants' and Class Plaintiffs' claims, reviewing publicly available financial and other documents while gathering information in support of the claims against Defendants. Furthermore, the firms have an extensive history of bringing significant recoveries to investors and are experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in other courts throughout the nation. *See* Ex. 4. The firms have prosecuted numerous securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors.

As a result of the firms' experience in litigation involving issues similar to those raised in this action, Movants' counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movants' selection of Lead Counsel, the members of the class will receive the best legal representation available.

### **<u>CONCLUSION</u>**

For the foregoing reasons, Movants respectfully request the Court issue an Order; (1) appointing Movants as Lead Plaintiffs of the Class; (2) approving Movants' selection of The Rosen Law Firm, P.A. as Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: November 10, 2025

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Phillip Kim
Phillip Kim, Esq.
Laurence M. Rosen, Esq.
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: philkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Plaintiffs and the Class*

**THE SCHALL LAW FIRM**
Brian Schall, Esq.
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Phone: (310) 301-3335
Fax: (877) 590-0483
Email: brian@schallfirm.com

*Additional Counsel*

8

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on November 10, 2025, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

<u>/s/ Phillip Kim</u>