UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DINO KURT, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>    v.<br><br>FLY-E GROUP, INC., ZHOU OU, and SHIWEN FENG,<br><br>Defendants. | Case No.  1:25-cv-05017-CHK |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE FLY-E INVESTOR GROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................... 1

STATEMENT OF FACTS ................................................................................................. 2

ARGUMENT....................................................................................................................... 3

    I.     The Fly-E Investor Group SHOULD BE APPOINTED LEAD PLAINTIFF........ 3

          A.     The Fly-E Investor Group Is Willing to Serve as Class Representative..... 4

          B.     The Fly-E Investor Group Has the "Largest Financial Interest" in the Action................................................................................................................ 5

          C.     The Fly-E Investor Group Otherwise Satisfies the Requirements of Rule 23...................................................................................................................... 6

          D.     The Fly-E Investor Group Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses .................. 10

    II.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED .................................................................................................................... 10

CONCLUSION.................................................................................................................. 12

CERTIFICATE OF WORD COUNT ................................................................................ 13

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aude v. Kobe Steel, Ltd.*,
No. 17-CV-10085 (VSB), 2018 WL 1634872 (S.D.N.Y. Apr. 4, 2018) ...................................6

*Barnet v. Elan Corp., PLC*,
236 F.R.D. 158 (S.D.N.Y. 2005) ...........................................................................................9

*Chahal v. Credit Suisse Grp. AG*,
No. 18-CV-2268 (AT) (SN), 2018 WL 3093965 (S.D.N.Y. June 21, 2018).............................5

*Dookeran v. Xunlei Ltd.*,
No. 18-cv-467 (RJS), 2018 WL 1779348 (S.D.N.Y. Apr. 12, 2018) ........................................8

*Foley v. Transocean Ltd.*,
272 F.R.D. 126 (S.D.N.Y. 2011) ...........................................................................................8

*In re Blue Apron Holdings, Inc. Sec. Litig.*,
No. 17-CV-4846 (WFK) (PK), 2017 WL 6403513 (E.D.N.Y. Dec. 15, 2017)....................8, 9

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001)...............................................................................................5, 9

*In re Comverse Tech., Inc. Sec. Litig.*,
No. 06-CV-1825 (NGG) (RER), 2007 WL 680779 (E.D.N.Y. Mar. 2, 2007) .........................5

*In re Molson Coors Brewing Co. Sec. Litig.*,
233 F.R.D. 147 (D. Del. 2005) .............................................................................................11

*In re Olsten Corp. Sec. Litig.*,
3 F. Supp. 2d 286 (E.D.N.Y. 1998) ........................................................................................5

*In re Orion Sec. Litig.*,
No. 08 Civ. 1328 (RJS), 2008 WL 2811358 (S.D.N.Y. July 7, 2008) ....................................7

*In re Oxford Health Plans, Inc. Sec. Litig.*,
182 F.R.D. 42, 49 (S.D.N.Y. 1998) ........................................................................................6

*Janbay v. Canadian Solar, Inc.*,
272 F.R.D. 113 (S.D.N.Y. 2010) ...........................................................................................7

*Kaplan v. Gelfond*,
240 F.R.D. 88 (S.D.N.Y. 2007) .............................................................................................6

ii

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
   311 F.R.D. 373 (S.D.N.Y. 2015) ...................................................................................10

*Khunt v. Alibaba Grp. Holding Ltd.*,
   102 F. Supp. 3d 523 (S.D.N.Y. 2015)..............................................................................6

*Lax v. First Merchants Acceptance Corp.*,
   No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997)..........................................5

*Louisiana Mun. Police Employees' Ret. Sys. v. Green Mountain Coffee Roasters, Inc.*,
   No. 2:11-CV-289, 2012 WL 12985571 (D. Vt. Apr. 27, 2012) ....................................9

*Nurlybaev v. ZTO Express (Cayman) Inc.*,
   No. 17-CV-06130 (LTS) (SN), 2017 WL 5256769 (S.D.N.Y. Nov. 13, 2017) .......................5

*W. Palm Beach Police Pension Fund v. DFC Glob. Corp.*,
   No. CIV.A. 13-6731, 2014 WL 1395059 (E.D. Pa. Apr. 10, 2014) ..............................9

*Weltz v. Lee*,
   199 F.R.D. 129 (S.D.N.Y. 2001) ....................................................................................9

### Statutes

15 U.S.C. § 78u-4 .......................................................................................... *passim*

Private Securities Litigation Reform Act of 1995 ........................................... *passim*

Securities Exchange Act of 1934 ..........................................................................1, 7

### Rules

Fed. R. Civ. P. 23......................................................................................... *passim*

Fed. R. Civ. P. 6.............................................................................................................4

Fredrik Melin ("Melin"), Ringkallens Holding AB ("Ringkallens"), Ara Ainadin Zarei ("Zarei"), and Jan and Helena Lindberg (together, the "Lindberg Family" and, collectively with Melin, Ringkallens, and Zarei, the "Fly-E Investor Group") respectfully submit this memorandum of law in support of their motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order: (1) appointing the Fly-E Investor Group as Lead Plaintiff on behalf of a class (the "Class") consisting of all investors who purchased or otherwise acquired Fly-E Group, Inc. ("Fly-E" or the "Company") securities between July 15, 2025, to August 14, 2025, inclusive (the "Class Period"); and (2) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.

## PRELIMINARY STATEMENT

The complaint ("Complaint") (Dkt. No. 1) in the above-captioned action (the "Action") alleges that the above-captioned defendants ("Defendants") defrauded investors in violation of the Exchange Act. Fly-E investors, including the Fly-E Investor Group, incurred significant losses following the disclosures of Defendants' alleged fraud, which caused Fly-E's share price to fall sharply, damaging the Fly-E Investor Group and other Fly-E investors.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant or group of movants with the largest financial interest in the outcome of the Action and who satisfies the relevant requirements of Federal Rule of Civil Procedure 23 ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). In connection with its purchases of Fly-E securities during the Class Period, the Fly-E Investor Group incurred losses of approximately $1,749,745. *See* Declaration of J. Alexander Hood II in Support of Motion ("Hood Decl."), Exhibit ("Ex.") A. Accordingly, the Fly-E Investor Group believes that it has the largest financial interest in the relief sought in this Action. Beyond its considerable financial interest, the Fly-E Investor Group also meets the applicable

1

requirements of Rule 23 because its claims are typical of those of absent Class members and it will fairly and adequately represent the interests of the Class.

To fulfill its obligations as Lead Plaintiff and vigorously prosecute this Action on behalf of the Class, the Fly-E Investor Group has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the areas of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume.

Accordingly, the Fly-E Investor Group respectfully requests that the Court enter an Order appointing the Fly-E Investor Group as Lead Plaintiff for the Class and approving its selection of Pomerantz as Lead Counsel for the Class.

## STATEMENT OF FACTS

As alleged in the Complaint in the Action, Defendants provided investors with material information concerning Fly-E's overall revenue growth from sales of the Company's E-bikes, E-motorcycles, and E-scooters.  Dkt. No. 1 ¶ 2.  Defendants' statements included, among other things, confidence in Fly-E's ability to enhance its position as a leader in urban mobility solutions by growing its product and service portfolio for food and package delivery workers, expanding its international sales network, and increasing growth in the online market.  *Id.*

Defendants provided these overwhelmingly positive statements to investors while, at the same time, disseminating materially false and misleading statements and/or concealing material adverse facts concerning the safety of Fly-E's lithium battery which in turn took a material toll on its E-vehicle sales revenue, despite making lofty long-term projections, and Fly-E's forecasting processes fell short as sales continued to decline and operating expenses increased, ultimately, derailing the Company's revenue projections.  *Id.* ¶ 3.  Such statements absent these material facts

2

caused the plaintiff in the Action and other shareholders to purchase Fly-E's securities at artificially inflated prices. *Id.*

On August 14, 2025, the truth emerged when Fly-E filed a form NT 10-Q: Notification of inability to timely file Form 10-Q for the first quarter of fiscal year 2026, revealing a substantial decrease of 32% in net revenues "primarily driven by a decrease in total units sold." *Id.* ¶ 4. In pertinent part, the Company attributed the decline to "recent lithium-battery accidents involving E-Bikes and E-Scooters." *Id.* As a result of the lithium battery incidents and retail store closures, Defendants expect a further decrease in retail sales revenue for the Company's 2026 fiscal year. *Id.*

Investors and analysts reacted immediately to Fly-E's revelation. *Id.* ¶ 5. The price of FlyE's common stock declined dramatically. *Id.* From a closing market price of $7.76 per share on August 14, 2025, Fly-E's stock price fell to $1.00 per share on August 15, 2025, a decline of about 87% in the span of just a single day. *Id.*

**ARGUMENT**

**I.    THE FLY-E INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF**

The Fly-E Investor Group should be appointed Lead Plaintiff because it has timely filed a motion for appointment as Lead Plaintiff, has the largest financial interest in the Action to its knowledge, and otherwise strongly satisfies the requirements of Rule 23.

The PSLRA requires a plaintiff who files an action governed by its provisions to publish a notice (the "Notice") to the class within twenty days of filing the action, informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as lead plaintiff within sixty days after publication of the Notice. *See* 15 U.S.C. § 78u–4(a)(3)(A)(i)(I)-(II). Additionally, the PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to the Notice, and to do so by the later of (1)

3

ninety days after the date of publication or (2) as soon as practicable after the Court decides any pending motion to consolidate. *See id.* § 78u-4(a)(3)(B)(i)-(ii).

Pursuant to the PSLRA, the Court "shall appoint" the "most adequate plaintiff" to serve as lead plaintiff. *Id.* § 78u-4(a)(3)(B)(i). The PSLRA provides a "[r]ebuttable presumption" that the "most adequate plaintiff" is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* § 78u-4(a)(3)(B)(iii)(I).

As set forth below, the Fly-E Investor Group satisfies all three of these criteria and thus is entitled to the presumption that it is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### A.    The Fly-E Investor Group Is Willing to Serve as Class Representative

Pursuant to the PSLRA, members of the putative Class have sixty days from the date of the Notice's publication to file a motion to be appointed as Lead Plaintiff. *See id.* § 78u-4(a)(3)(A)(i). Here, on September 9, 2025, counsel for plaintiff in the Action caused the statutorily required Notice to be published via *Globe Newswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, announcing that a securities class action had been filed against Fly-E and other defendants, and advising investors in Fly-E securities of, *inter alia*, the claims and Class Period alleged in the Action. *See* Hood Decl., Ex. B. Because sixty days from the date of the Notice's publication fell on November 8, 2025, a Saturday, pursuant to Federal Rule of Civil Procedure 6(a), the deadline to file a motion for appointment as Lead Plaintiff in this Action is November 10, 2025.

The Fly-E Investor Group has timely filed the instant motion pursuant to the Notice, and it has attached sworn Certifications executed by its members attesting to their willingness to serve as representatives for the Class and to provide testimony at deposition and trial, if necessary. *See* Hood Decl., Ex. C. Accordingly, the Fly-E Investor Group satisfies the first requirement to serve as Lead Plaintiff of the Class.

**B.      The Fly-E Investor Group Has the "Largest Financial Interest" in the Action**

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class[.]" 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). To the best of its knowledge, the Fly-E Investor Group has the largest financial interest of any Fly-E investor or investor group seeking to serve as lead plaintiff. For claims arising under Section 10(b) of the Exchange Act, courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997). In accord with other courts nationwide,[1] these so-called *Lax* factors have been adopted and routinely applied by courts in this District. *See, e.g.*, *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 WL 680779, at *6-8 (E.D.N.Y. Mar. 2, 2007). Of the *Lax* factors, courts in the Second Circuit generally emphasize approximate loss in assessing a lead plaintiff movant's financial interest within the meaning of the PSLRA. *See, e.g.*, *Nurlybaev v. ZTO Express (Cayman) Inc.*, No. 17-CV-06130 (LTS) (SN), 2017 WL 5256769, at

---

[1]  *See In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001); *Chahal v. Credit Suisse Grp. AG*, No. 18-CV-2268 (AT) (SN), 2018 WL 3093965, at *4 (S.D.N.Y. June 21, 2018).

*1 (S.D.N.Y. Nov. 13, 2017); *Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 530 (S.D.N.Y. 2015).

In connection with its purchases of Fly-E securities during the Class Period, the Fly-E Investor Group incurred losses of approximately $1,749,745. *See* Hood Decl., Ex. A. As such, the Fly-E Investor Group believes that it possesses the largest financial interest in the outcome of this litigation within the meaning of the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

**C.      The Fly-E Investor Group Otherwise Satisfies the Requirements of Rule 23**

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In determining whether a lead plaintiff movant satisfies Rule 23's requirements, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. Instead, "[t]he parties moving for lead plaintiff are only required to make a prima facie showing that they meet [the requirements of] Rule 23." *Aude v. Kobe Steel, Ltd.*, No. 17-CV-10085 (VSB), 2018 WL 1634872, at *3 (S.D.N.Y. Apr. 4, 2018); *see also Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007) ("[A]t this stage of the litigation, only a preliminary showing of typicality and adequacy is required."). Further, "[t]ypicality and adequacy of representation are the only provisions [of Rule 23] relevant to a determination of lead plaintiff under the PSLRA." *In re*

6

*Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998). Moreover, the Complaint in the Action sufficiently pleads Rule 23(a)(1) numerosity and Rule 23(a)(2) common questions in a manner common to all Class members, including the Fly-E Investor Group. *See* Dkt. No. 1 ¶¶ 38, 41.

The typicality requirement of Rule 23(a)(3) "is satisfied if 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS), 2008 WL 2811358, at *5 (S.D.N.Y. July 7, 2008) (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)). "[T]he claims of the class representative need not be identical [to] those of all members of the class. '[T]he typicality requirement may be satisfied even if there are factual dissimilarities or variations between the claims of the named plaintiffs and those of other class members, including distinctions in the qualifications of the class members.'" *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 113, 120 (S.D.N.Y. 2010) (quoting *Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*, 141 F.R.D. 229, 238 (S.D.N.Y. 1992)).

The Fly-E Investor Group's claims are typical of those of the Class. The Fly-E Investor Group alleges, like other Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning Fly-E, or by omitting to state material facts necessary to make the statements they did make not misleading. The Fly-E Investor Group, like other Class members, purchased Fly-E securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon the disclosures of those misrepresentations and/or omissions that drove Fly-E's share price downward. These shared

7

claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011); *see also Dookeran v. Xunlei Ltd.*, No. 18-cv-467 (RJS), 2018 WL 1779348, at *2 (S.D.N.Y. Apr. 12, 2018) (same).

The Fly-E Investor Group is an adequate representative for the Class. As set forth in greater detail below, in Pomerantz, the Fly-E Investor Group has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this Action, and submits its choice of Pomerantz to the Court for approval as Lead Counsel for the Class pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). In addition to Pomerantz, the Fly-E Investor Group is also represented by the Kehoe Law Firm, P.C. in this Action. There is no evidence of antagonism or conflict between the Fly-E Investor Group's interests and those of the Class. Moreover, the Fly-E Investor Group has submitted sworn Certifications executed by its members declaring their commitment to protecting the interests of the Class (*see* Hood Decl., Ex. C), and the Fly-E Investor Group's significant monetary losses as a result of the Defendants' alleged malfeasance demonstrates that the Fly-E Investor Group has a sufficient interest in the outcome of this litigation to ensure vigorous advocacy on behalf of the Class.

Further, the Fly-E Investor Group constitutes an appropriate movant group of the type routinely appointed to serve as Lead Plaintiff. *See In re Blue Apron Holdings, Inc. Sec. Litig.*, No. 17-CV-4846 (WFK) (PK), 2017 WL 6403513, at *4 (E.D.N.Y. Dec. 15, 2017) (appointing group

8

of four unrelated investors as Lead Plaintiff pursuant to the PSLRA); *Barnet v. Elan Corp., PLC*, 236 F.R.D. 158, 162 (S.D.N.Y. 2005) (holding "there can be no doubt" that the PSLRA permits appointment of groups, and appointing group consisting of six members with the largest financial interest as Lead Plaintiff); *Weltz v. Lee*, 199 F.R.D. 129, 133 (S.D.N.Y. 2001) ("recogniz[ing] that appointing a group of people as Lead Plaintiff is allowable under the PSLRA" and finding a group of seven shareholders with the greatest loss was "presumptively the most adequate plaintiff"); *Cendant*, 264 F.3d at 266 ("The PSLRA explicitly permits a 'group of persons' to serve as lead plaintiff." (citation omitted)).

The Fly-E Investor Group likewise has demonstrated its adequacy because it is a small, cohesive group of five likeminded investors—Melin and his company Ringkallens, of which he is Managing Director and sole Owner; Zarei; and the Lindberg Family, consisting of husband and wife, Jan and Helena Lindberg—who have submitted a Joint Declaration attesting to, *inter alia*, their respective backgrounds and investing experience, their understanding of the responsibilities of lead plaintiffs appointed pursuant to the PSLRA, their decision to seek appointment jointly as a Co-Lead Plaintiffs, and the steps that each of them are prepared to take to cooperatively prosecute this litigation on behalf of the Class. *See* Hood Decl., Ex. D. Courts routinely appoint investor groups as Lead Plaintiff pursuant to the PSLRA under such circumstances. *See, e.g.*, *Blue Apron*, 2017 WL 6403513, at *4 (appointing group of four unrelated investors that submitted a declaration attesting "it is prepared to work cooperatively to serve the best interests of the class," and finding that the group is not "so large as to be unwieldy and impracticable"); *W. Palm Beach Police Pension Fund v. DFC Glob. Corp.*, No. CIV.A. 13-6731, 2014 WL 1395059, at *7-9, *12 (E.D. Pa. Apr. 10, 2014) (appointing group and noting "declaration lay[ing] out the duties and obligations of" the group's members); *Louisiana Mun. Police Employees' Ret. Sys. v. Green*

9

*Mountain Coffee Roasters, Inc.*, No. 2:11-CV-289, 2012 WL 12985571, at \*3 (D. Vt. Apr. 27, 2012) (finding a joint declaration "sufficient to assure the Court that the [lead] plaintiffs will effectively manage the litigation").

**D.    The Fly-E Investor Group Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses**

The presumption favoring the Fly-E Investor Group's appointment as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

    (aa)    will not fairly and adequately protect the interests of the class; or

    (bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

The Fly-E Investor Group's ability and desire to fairly and adequately represent the Class has been discussed above. The Fly-E Investor Group is not aware of any unique defenses Defendants could raise that would render it inadequate to represent the Class. Accordingly, the Fly-E Investor Group should be appointed Lead Plaintiff for the Class.

## II.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. *See id.* § 78u-4(a)(3)(B)(v). The Court should only interfere with a lead plaintiff's choice if necessary to "protect the interests of the class" (*id.* § 78u-4(a)(3)(B)(iii)(II)(aa)). *See Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA 'evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.'" (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008)));

10

*In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 151 (D. Del. 2005) ("Once the lead plaintiff is chosen, that party is primarily responsible for selecting lead counsel.").

Here, the Fly-E Investor Group has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the areas of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in its firm resume submitted herewith. *See* Hood Decl., Ex. E. In overview, Pomerantz is a premier firm in the area of securities litigation based in New York, with offices in Chicago, Los Angeles, Paris, France, London, the U.K., and Tel Aviv, Israel. *See id.* For more than 85 years, Pomerantz has represented defrauded investors. *See id.* As Lead Counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the largest settlement ever in a class action involving a foreign issuer and the fifth-largest class action settlement ever achieved in the United States. *See id.* Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 1:06-cv-01825 (E.D.N.Y.), in June 2010. *See id.* More recently, as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors, Pomerantz reached a $110 million settlement on behalf of the class. *See id.*

As a result of its extensive experience in litigation involving issues similar to those raised in the instant Action, the Fly-E Investor Group's counsel, Pomerantz, has the skill, knowledge, expertise, and experience that will enable the firm to prosecute this Action effectively and expeditiously. Thus, the Court may be assured that by approving the Fly-E Investor Group's selection of Pomerantz as Lead Counsel, the members of the Class will receive the best legal representation available.

11

**CONCLUSION**

For the foregoing reasons, the Fly-E Investor Group respectfully requests that the Court issue an Order: (1) appointing the Fly-E Investor Group as Lead Plaintiff for the Class; and (2) approving its selection of Pomerantz as Lead Counsel for the Class.

Dated: November 10, 2025

Respectfully submitted,

POMERANTZ LLP

*/s/ J. Alexander Hood II*
J. Alexander Hood II
Jeremy A. Lieberman
James M. LoPiano
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
ahood@pomlaw.com
jalieberman@pomlaw.com
jlopiano@pomlaw.com

*Counsel for the Fly-E Investor Group and Proposed Lead Counsel for the Class*

KEHOE LAW FIRM, P.C.
Michael K. Yarnoff
(*pro hac vice* application forthcoming)
2001 Market Street
Suite 2500
Philadelphia, Pennsylvania 19103
Telephone: (215) 792-6676
myarnoff@kehoelawfirm.com

*Additional Counsel for the Fly-E Investor Group*

## CERTIFICATE OF WORD COUNT

The undersigned, counsel of record for the Fly-E Investor Group, certifies that this brief contains 3,568 words, which complies with the word limit of Local Civil Rule 7.1(c).

Executed on November 10, 2025.

*/s/ J. Alexander Hood II*
J. Alexander Hood II
