UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DINO KURT, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> FLY-E GROUP, INC., ZHOU OU, and SHIWEN FENG, <br><br> Defendants. | Case No.  1:25-cv-05017-CHK |

MEMORANDUM OF LAW: (1) IN FURTHER SUPPORT OF THE MOTION OF THE FLY-E INVESTOR GROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; AND (2) IN OPPOSITION TO THE COMPETING MOTION OF KENNETH RIISBORG AND ANDVIC HOLDING APS

## TABLE OF CONTENTS

**Page(s)**

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT .................................................................................................................... 3

    I.    THE COURT SHOULD APPOINT THE FLY-E INVESTOR GROUP AS LEAD PLAINTIFF................................................................................................................ 3

        A.    The Fly-E Investor Group Has the Largest Financial Interest of Any Competing Movant ....................................................................................... 4

        B.    The Fly-E Investor Group Satisfies the Applicable Requirements of Rule 23 ......................................................................................................... 5

    II.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED 6

    III.    THE RIISBORG-ANDVIC GROUP DOES NOT MEET THE PSLRA'S CRITERIA FOR APPOINTMENT AS LEAD PLAINTIFF ................................. 7

CONCLUSION.................................................................................................................. 7

CERTIFICATE OF WORD COUNT .................................................................................. 9

i

# TABLE OF AUTHORITIES

**Cases**                                                                                                **Page(s)**

*Aude v. Kobe Steel, Ltd.*,
   17-CV-10085, 2018 WL 1634872 (S.D.N.Y. Apr. 4, 2018) ...................................................3, 5

*Chahal v. Credit Suisse Grp. AG*,
   18-CV-2268 *et al.*, 2018 WL 3093965 (S.D.N.Y. June 21, 2018) ........................................2, 4

*Dookeran v. Xunlei Ltd.*,
   18-cv-467 (RJS) *et al.*, 2018 WL 1779348 (S.D.N.Y. Apr. 12, 2018) ..................................3, 6

*Foley v. Transocean Ltd.*,
   272 F.R.D. 126 (S.D.N.Y. 2011) ................................................................................2, 4, 6

*In re Comverse Tech., Inc. Sec. Litig.*,
   No. 06-CV-1825, 2007 WL 680779 (E.D.N.Y. Mar. 2, 2007)....................................................4

*In re Molson Coors Brewing Co. Sec. Litig.*,
   233 F.R.D. 147 (D. Del. 2005) ..................................................................................................7

*In re Orion Sec. Litig.*,
   No. 08 CIV. 1328 (RJS), 2008 WL 2811358 (S.D.N.Y. July 8, 2008) .................................2, 5

*In re Vicuron Pharms., Inc. Sec. Litig.*,
   225 F.R.D. 421 (E.D. Pa. 2005)..................................................................................................4

*Janbay v. Canadian Solar, Inc.*,
   272 F.R.D. 112 (S.D.N.Y. 2010) ...........................................................................................2, 5

*Kaplan v. Gelfond*,
   240 F.R.D. 88 (S.D.N.Y. 2007) ..............................................................................................3, 5

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
   311 F.R.D. 373 (S.D.N.Y. 2015) ...............................................................................................6

*Nurlybaev v. ZTO Express (Cayman) Inc.*,
   17-CV-06130 (LTS)(SN), 2017 WL 5256769 (S.D.N.Y. Nov. 13, 2017) ................................4

*Takara Trust v. Molex, Inc.*,
   229 F.R.D. 577 (N.D. Ill. 2005)..................................................................................................4

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
   589 F. Supp. 2d 388 (S.D.N.Y. 2008) .......................................................................................7

**Statutes**

15 U.S.C. § 78u-4 ...........................................................................................................*passim*

Private Securities Litigation Reform Act of 1995 ................................................................ *passim*

Securities Exchange Act of 1934 .........................................................................................5

**Rules**

Local Civil Rule 6.1(b) ........................................................................................................1

Fed. R. Civ. P. 23 ....................................................................................................... *passim*

Lead Plaintiff Movant the Fly-E Investor Group[1] respectfully submits this memorandum of law in further support of its motion for appointment as Lead Plaintiff and approval of its selection of Pomerantz as Lead Counsel (Dkt. No. 20); and in opposition to the competing motion of Kenneth Riisborg and Andvic Holding ApS (respectively, "Riisborg" and "Andvic" and collectively, the "Riisborg-Andvic Group") (Dkt. No. 6).

A total of eight movants or movant groups timely filed motions for appointment as Lead Plaintiff in this Action. Two movants or movant groups—the Riisborg-Andvic Group and Matteo Lazzaretti ("Lazzaretti")—filed their motions on November 7, 2025. *See* Dkt. Nos. 6, 9. (Lazzaretti subsequently stated his non-opposition to the other competing motions. *See* Dkt. No. 22.) Six other movants or movant groups—including the Fly-E Investor Group—filed their motions on November 10, 2025. *See* Dkt. Nos. 10-11, 14-15, 18, 20.

Pursuant to Local Civil Rule 6.1(b), any opposition to the competing motions before the Court are due 14 days after service of the motion papers. Accordingly, the Fly-E Investor Group's opposition to the Riisborg-Andvic Group's motion is due on November 21, 2025, while its opposition to the other five competing motions is due on November 24, 2025. This memorandum of law solely states the basis of the Fly-E Investor Group's opposition to the Riisborg-Andvic Group's motion. The Fly-E Investor Group will timely file a separate memorandum of law stating the basis for its opposition to the remaining motions on November 24, 2025.

## PRELIMINARY STATEMENT

This Action is a putative class action securities fraud lawsuit on behalf of investors in Fly-E securities. As with all federal class action securities fraud lawsuits, a lead plaintiff must be

---

[1] All capitalized terms herein are defined in the Fly-E Investor Group's moving brief, unless otherwise indicated. *See* Dkt. No. 20-2.

1

appointed. The PSLRA governs that process and, pursuant to the PSLRA, the Court must appoint as lead plaintiff the movant or group of movants with the greatest financial interest in the outcome of the litigation; and that satisfies the requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Here, that movant is the Fly-E Investor Group, whose members incurred an aggregate loss of approximately $1.75 million in connection with their Class Period transactions in Fly-E securities. *See* Dkt. No. 20-4. Although the PSLRA does not define "financial interest," courts in the Second Circuit, including this District, recognize that the amount of financial loss is the most significant factor to be considered. *See, e.g.*, *Chahal v. Credit Suisse Grp. AG*, 18-CV-2268 *et al.*, 2018 WL 3093965, at *4 (S.D.N.Y. June 21, 2018) (equating financial interest with economic loss). The Riisborg-Andvic Group, for its part, claims to have incurred a loss of only $216,182— significantly less than the Fly-E Investor Group. As such, the Fly-E Investor Group, not the Riisborg-Andvic Group, has alleged the largest financial interest in the relief sought by the Class in this litigation.

In addition to its significant financial interest in this litigation, the Fly-E Investor Group also strongly satisfies Rule 23's typicality and adequacy requirements. The group's claims in this Action are based on the same legal theory and arise from the same events and course of conduct as the Class's claims. *See In re Orion Sec. Litig.*, No. 08 CIV. 1328 (RJS), 2008 WL 2811358, at *5 (S.D.N.Y. July 8, 2008); *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 112, 120 (S.D.N.Y. 2010). In addition, the Fly-E Investor Group's significant losses gives it a sufficient stake in the outcome of this litigation to ensure vigorous advocacy on behalf of the Class, the group is aware of no conflict between its interests and those of the Class, and, as discussed in greater detail below, the group has selected counsel highly capable and experienced in prosecuting securities cases and managing complex litigation efficiently to serve as Lead Counsel for the Class. *Foley v.*

2

*Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011); *Dookeran v. Xunlei Ltd.*, Nos. 18-cv-467 (RJS) *et al.*, 2018 WL 1779348, at *2-3 (S.D.N.Y. Apr. 12, 2018). Further demonstrating its adequacy, the group has submitted a detailed Joint Declaration providing the Court with biographical information about its members and attesting to, *inter alia*, their understanding of the significance of the group's motion, their understanding of the responsibilities of a Lead Plaintiff appointed pursuant to the PSLRA, and their readiness to shoulder these responsibilities jointly on behalf of the Class. *See generally* Dkt. No. 20-7.

Accordingly, the Fly-E Investor Group respectfully requests that the Court enter an Order appointing it as Lead Plaintiff for the Class and approving its selection of Pomerantz as Lead Counsel for the Class, and denying the Riisborg-Andvic Group's competing motion.

## ARGUMENT

### I.    THE COURT SHOULD APPOINT THE FLY-E INVESTOR GROUP AS LEAD PLAINTIFF

The PSLRA creates a strong presumption that the lead plaintiff is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The movant that has the largest financial interest must only make a *prima facie* showing of typicality and adequacy within the meaning of Rule 23. *See Aude v. Kobe Steel, Ltd.*, 17-CV-10085, 2018 WL 1634872, at *3-4 (S.D.N.Y. Apr. 4, 2018); *see also Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007). Once this presumption is triggered, it may be rebutted only upon "***proof***" that the presumptive lead plaintiff will not fairly represent the interests of the Class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added). Here, the most adequate class representative is the Fly-E Investor Group—not the Riisborg-Andvic Group.

3

**A.      The Fly-E Investor Group Has the Largest Financial Interest of Any Competing Movant**

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  *Id.* § 78u-4(a)(3)(B)(iii).  While the PSLRA itself does not provide any guidance concerning the method of calculating which plaintiff has the "largest financial interest," courts in this District, the Second Circuit, and around the country recognize that the amount of financial loss is the most significant factor to be considered.  *See, e.g.*, *Foley*, 272 F.R.D. at 128 (equating financial interest with economic loss); *Chahal*, 2018 WL 3093965, at *4 (same); *Nurlybaev v. ZTO Express (Cayman) Inc.*, 17-CV-06130 (LTS)(SN), 2017 WL 5256769, at *1 (S.D.N.Y. Nov. 13, 2017) (same); *In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825, 2007 WL 680779, at *3 (E.D.N.Y. Mar. 2, 2007) (recognizing that most courts consider "the approximate loss a plaintiff suffered during the class period to be most influential in identifying the plaintiff with the largest financial interest"); *In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 421, 511 (E.D. Pa. 2005) (finding the amount of the financial loss is "the most significant" factor); *Takara Trust v. Molex, Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005) ("[M]ost courts simply determine which potential lead plaintiff has suffered the greatest total losses.").

Under the foregoing analysis, the Fly-E Investor Group clearly has the largest financial interest in this litigation among the competing movants.  Here, the Fly-E Investor Group's members incurred an aggregate loss of roughly $1.75 million in connection with their Class Period transactions in Fly-E securities, significantly more than the Riisborg-Andvic Group (or any other competing movant).  Thus, the Fly-E Investor Group—not the Riisborg-Andvic Group—clearly possesses the largest financial interest in this litigation within the meaning of the PSLRA of any movant seeking appointment as Lead Plaintiff.

**B.** **The Fly-E Investor Group Satisfies the Applicable Requirements of Rule 23**

In addition to possessing the largest financial interest in the outcome of this litigation, the Fly-E Investor Group has plainly made the requisite *prima facie* showing that it satisfies the typicality and adequacy requirements of Rule 23. *Aude*, 2018 WL 1634872, at *3; *Kaplan*, 240 F.R.D. at 94 ("[A]t this stage of the litigation, only a preliminary showing of typicality and adequacy is required.").

First, the Fly-E Investor Group's claims in this litigation satisfy the typicality requirement of Rule 23(a)(3) because its claims are based on the same legal theory and arise from the same events and course of conduct as the Class's claims. *See Orion*, 2008 WL 2811358, at *5; *Janbay*, 272 F.R.D. at 120. The Fly-E Investor Group alleges, like other Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning Fly-E, or by omitting to state material facts necessary to make the statements they did make not misleading. In addition, the members of the Fly-E Investor Group, like other Class members, purchased Fly-E securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and were damaged upon the disclosure of those misrepresentations and/or omissions that drove Fly-E's share price downward. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23. *See Orion*, 2008 WL 2811358, at *5; *Janbay*, 272 F.R.D. at 120.

Second, the Fly-E Investor Group satisfies the adequacy requirement of Rule 23(a)(4) because its significant financial interest gives it a sufficient stake in the outcome of this litigation to ensure vigorous advocacy on behalf of the Class, the Fly-E Investor Group is aware of no conflict between its interests and those of the Class, and, as discussed in greater detail below, the

Fly-E Investor Group has selected and retained counsel highly capable and experienced in prosecuting securities cases and managing complex litigation efficiently to serve as Lead Counsel for the Class. *Foley*, 272 F.R.D. at 131; *Dookeran*, 2018 WL 1779348, at *2-3. The Fly-E Investor Group has further demonstrated its adequacy by submitting with its motion papers a detailed Declaration that provides information about its members, and that attests to, *inter alia*, their shared understanding of the significance of the group's motion and the responsibilities of a Lead Plaintiff appointed pursuant to the PSLRA, as well as their shared readiness to shoulder these responsibilities jointly on behalf of the Class. *See generally* Dkt. No. 20-7.

\* \* \* \*

Because the Fly-E Investor Group has the largest financial interest in the relief sought by the Class and otherwise satisfies the applicable requirements of Rule 23, it is the presumptive "most adequate" plaintiff of the Class within the meaning of the PSLRA. To overcome the strong presumption entitling the Fly-E Investor Group to appointment as Lead Plaintiff, the PSLRA requires "***proof***" that the Fly-E Investor Group is inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added). No such proof exists in this case and any arguments to the contrary should be flatly rejected.

## II.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with a lead plaintiff's choice if necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA 'evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.'" (quoting

6

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008));

*In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 151 (D. Del. 2005).

Here, the Fly-E Investor Group has selected and retained Pomerantz as Lead Counsel for the Class. As its resume reflects, Pomerantz is highly experienced in the areas of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors. *See* Dkt. No. 20-8. Thus, the Court may be assured that by approving the Fly-E Investor Group's selection of counsel, the members of the Class will receive the best legal representation available.

**III.    THE RIISBORG-ANDVIC GROUP DOES NOT MEET THE PSLRA'S CRITERIA FOR APPOINTMENT AS LEAD PLAINTIFF**

As discussed further in Section I.A., *supra*, the Riisborg-Andvic Group has not alleged a larger financial interest in this litigation than the Fly-E Investor Group. As such, it does not satisfy the first of the PSLRA's criteria for appointment as Lead Plaintiff—namely, that is has the largest financial interest in the relief sought by the Class. This fact alone mandates denial of the Riisborg-Andvic Group's motion.

**CONCLUSION**

For the foregoing reasons, the Fly-E Investor Group respectfully requests that the Court issue an Order: (1) appointing the Fly-E Investor Group as Lead Plaintiff for the Class; and (2) approving its selection of Pomerantz as Lead Counsel for the Class.

Dated: November 21, 2025

Respectfully submitted,

POMERANTZ LLP

*/s/ J. Alexander Hood II*
J. Alexander Hood II
Jeremy A. Lieberman
James M. LoPiano
600 Third Avenue, 20th Floor
New York, New York 10016

7

Telephone: (212) 661-1100
Facsimile: (917) 463-1044
ahood@pomlaw.com
jalieberman@pomlaw.com
jlopiano@pomlaw.com

*Counsel for the Fly-E Investor Group and Proposed Lead Counsel for the Class*

KEHOE LAW FIRM, P.C.
Michael K. Yarnoff
(*pro hac vice* application forthcoming)
2001 Market Street
Suite 2500
Philadelphia, Pennsylvania 19103
Telephone: (215) 792-6676
myarnoff@kehoelawfirm.com

*Additional Counsel for the Fly-E Investor Group*

8

**CERTIFICATE OF WORD COUNT**

The undersigned, counsel of record for the Fly-E Investor Group, certifies that this brief contains 2,132 words, which complies with the word limit of Local Civil Rule 7.1(c).

Executed on November 21, 2025.

/s/ J. Alexander Hood II
J. Alexander Hood II