**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DINO KURT, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:25-cv-05017-CHK |
| Plaintiff, | |
| v. | |
| FLY-E GROUP, INC., ZHOU OU, and SHIWEN FENG, | |
| Defendants. | |

**KENNETH RIISBORG AND ANDVIC HOLDING APS'S MEMORANDUM OF LAW IN OPPOSITION TO THE COMPETING MOTIONS FOR APPOINTMENT AS LEAD <u>PLAINTIFF AND APPROVAL OF LEAD COUNSEL</u>**

## <u>TABLE OF CONTENTS</u>

I.    INTRODUCTION ............................................................................................. 1

II.   THE MOVANT GROUPS AND THEIR MEMBERS ARE INADEQUATE ................. 4

      A.    The Movant Groups Consist of Unrelated Members, Cobbled Together
            by Their Counsel ..................................................................................... 4

      B.    No Members of the Movant Groups Should Be Appointed Individually
            as Lead Plaintiff ...................................................................................... 6

III.  REINBLATT IS INADEQUATE BECAUSE HE DID NOT PROVIDE MEANINGFUL
      INFORMATION ABOUT HIMSELF ............................................................... 7

IV.   RIISBORG IS THE PRESUMPTIVELY MOST ADEQUATE PLAINTIFF ................. 8

V.    THE PRESUMPTION THAT RIISBORG IS THE MOST ADEQUATE PLAINTIFF
      HAS NOT BEEN REBUTTED ...................................................................... 10

VI.   LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED ........ 10

VII.  CONCLUSION .......................................................................................... 11

# <u>TABLE OF AUTHORITIES</u>

## <u>CASES</u>

*Chauhan v. Intercept Pharm.*,
  2021 WL 235890 (S.D.N.Y. Jan. 25, 2021) ...................................................... 4, 6

*Cohen v. Luckin Coffee Inc.*,
  2020 WL 3127808 (S.D.N.Y. June 12, 2020) ............................................... 4, 5, 6

*Darish v. N. Dynasty Minerals Ltd.*,
  2021 WL 1026567 (E.D.N.Y. Mar. 17, 2021) ...................................................... 9

*Gross v. AT&T Inc.*,
  2019 WL 7759222 (S.D.N.Y. June 24, 2019) ...................................................... 8

*In re Cendant Corp. Litig.*,
  264 F.3d 201 (3d Cir. 2001) .............................................................................. 4

*In re eSpeed, Inc. Sec. Litig.*,
  232 F.R.D. 95 (S.D.N.Y. 2005) ......................................................................... 9

*In re Petrobras Sec. Litig.*,
  104 F. Supp. 3d 618 (S.D.N.Y. 2015) ................................................................ 7

*In re Stitch Fix, Inc. Sec. Litig.*,
  393 F. Supp. 3d 833 (N.D. Cal. 2019) ............................................................... 7

*Jakobsen v. Aphria, Inc.*,
  2019 WL 1522598 (S.D.N.Y. Mar. 27, 2019) .................................................... 6

*Karp v. Diebold Nixdorf, Inc.*,
  2019 WL 5587148 (S.D.N.Y. Oct. 30, 2019) .................................................... 8

*Khunt v. Alibaba Grp. Holding Ltd.*,
  102 F. Supp. 3d 523 (S.D.N.Y. 2015) ................................................................ 4

*Kniffin v. Micron Tech., Inc.*,
  379 F. Supp. 3d 259 (S.D.N.Y. 2019) ................................................................ 6

*McDermid v. Inovio Pharm., Inc.*,
  2020 WL 3288189 (E.D. Pa. June 18, 2020) ...................................................... 7

*Perez v. HEXO Corp.*,
  2020 WL 905753 (S.D.N.Y. Feb. 25, 2020) ...................................................... 8

*Pipefitters Local No. 636 Defined Benefit Plan v. Bank of Am. Corp.*,
    275 F.R.D. 187 (S.D.N.Y. 2011) ........................................................................ 6

*Salim v. Mobile TeleSystems PJSC*,
    2019 WL 11095253 n.5 (E.D.N.Y. Sept. 11, 2019) ................................. 9

*Topping v. Deloitte Touche Tohmatsu CPA*,
    95 F. Supp. 3d 607 (S.D.N.Y. 2015) ...................................................... 10

*Tronox, Inc. Sec. Litig.*,
    262 F.R.D. 338 (S.D.N.Y. 2009) ............................................................ 10

*Tsirekidze v. Syntax-Brillian Corp.*,
    2008 WL 942273 (D. Ariz. Apr. 7, 2008) .......................................... 5, 7

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
    589 F. Supp. 2d 388 (S.D.N.Y. 2008).................................................. 2, 5

## STATUTES

15 U.S.C. § 78u-4(a)(3)(B)(i) ..................................................................... 2

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ........................................................ 2, 8, 9

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)........................................................ 2, 10

15 U.S.C. § 78u-4(a)(3)(B)(v) ................................................................. 10

## RULES

Rule 23 of the Federal Rules of Civil Procedure ................................. 1, 2, 4

## I.    INTRODUCTION

Kenneth Riisborg and Andvic Holding ApS (collectively, "Riisborg")[1] is the *bona fide* movant with the largest financial interest that also satisfies the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure. As such, Riisborg should be appointed lead plaintiff.

Eight movants filed competing motions for appointment as lead plaintiff and approval of lead counsel. The motions were filed by:

- Riisborg (Dkt. No. 6);

- The self-styled "Fly-E Investor Group" composed of Fredrik Melin, Ringkallens Holding AB, Ara Ainadin Zarei, and Jan and Helena Lindberg (Dkt. No. 20, hereinafter "Fly-E Investor Group 1");

- A second self-styled "Fly-E Investor Group" composed of Marina Mazzeo, Stanley Eng, and Jan Lindberg[2] (Dkt. No. 14, hereinafter "Fly-E Investor Group 2");

- Ellis Reinblatt ("Reinblatt") (Dkt. No. 15);

- A third self-styled "Fly-E Investor Group" composed of Lars Torbjörn Edgren, Magnus Nilsson, Peter Schröder, Peter Bertilson, and Curt Peter Lars Rehnborg (Dkt. No. 10, hereinafter "Fly-E Investor Group 3");

- A fourth group composed of Corrado Tavelli, Kristian Wulff, Per-Olaf Keitsch, and Tarun Sethi (Dkt. No. 18, hereinafter "Fly-E Investor Group 4");[3]

---

[1] Riisborg owns Andvic Holding ApS.

[2] Jan Lindberg ("Lindberg") moved for appointment as a member of Fly-E Investor Group 1 and Fly-E Investor Group 2. Fly-E Investor Group 2 subsequently filed a belated amended lead plaintiff motion in which Lindberg was dropped from the group. *See* Dkt. No. 21.

[3] The four movant groups are collectively referred to hereinafter as the "Movant Groups."

1

- Matteo Lazzaretti ("Lazzaretti") (Dkt. No. 9);[4] and

- Kenneth Zalba ("Zalba") (Dkt. No. 11).

With respect to the lead plaintiff determination, the question presently before the Court is which of the remaining movants is the "most adequate plaintiff"—*i.e.*, the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The Private Securities Litigation Reform Act of 1995 ("PSLRA") directs courts to appoint the "most adequate plaintiff" as lead plaintiff, and provides a rebuttable presumption that the most adequate plaintiff is the movant with the "largest financial interest in the relief sought by the class" who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure (hereinafter "Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption may be rebutted, however, by a showing that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). If the presumption is rebutted the inquiry continues with the movant who has the next largest financial interest until a suitable lead plaintiff is identified. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 396 n.7 (S.D.N.Y. 2008).

Here, the Movant Groups and Reinblatt all claim to have a larger financial interest than Riisborg, as measured by their respective last in, first out ("LIFO") losses:

[Chart on next page]

---

[4] Lazzaretti subsequently abandoned his motion by filing a notice informing the Court that he does not oppose the competing motions. *See* Dkt. No. 22.

| Movant | LIFO Loss |
|---|---|
| Fly-E Investor Group 1 | $1,749,000 |
| Fly-E Investor Group 2 | $1,014,635 |
| Reinblatt | $619,549 |
| Fly-E Investor Group 3 | $577,037 |
| Fly-E Investor Group 4 | $527,025 |
| Riisborg | $216,182 |
| Lazzaretti | $143,373 |
| Zalba | $87,241 |

However, the Movant Groups and Reinblatt should be disqualified because they are inadequate.

The Movant Groups are inadequate because they are composed of unrelated individuals, cobbled together by their counsel for purposes of achieving lead plaintiff (and lead counsel) status. The cobbled-together nature of the Movant Groups is especially evident here because Lindberg moved for appointment as a member of two different groups, and then promptly abandoned one of the groups after the lead plaintiff motions were filed. *See* Dkt. Nos. 14, 21. Courts routinely disqualify such groups as inadequate because they are lawyer-driven and not cohesive. The same result is warranted here.

Moreover, no member of the Movant Groups should be considered individually for appointment as lead plaintiff. Any individual willing to sign on to a cobbled-together group and then abandon the group once it becomes inconvenient should be considered inadequate to represent the class. Regardless, since the members of the Movant Groups did not move for appointment individually, they are not entitled to consideration outside their respective groups.

The only other movant that claims a larger financial interest than Riisborg is Reinblatt. However, Reinblatt failed to provide any meaningful information about himself such as his place of residence, education, career, or investing experience. His failure to provide any meaningful information about himself renders him inadequate to represent the class.

Since the Movant Groups and Reinblatt are inadequate, Riisborg is the *bona fide* movant with the largest financial interest in the relief sought by the class. Since Riisborg also satisfies the typicality and adequacy requirements of Rule 23 and filed a timely motion, Riisborg is the presumptively most adequate plaintiff. Since no other movant can rebut this presumption, Riisborg should be appointed as lead plaintiff and his selection of counsel should be approved.

## II.    THE MOVANT GROUPS AND THEIR MEMBERS ARE INADEQUATE

### A.    The Movant Groups Consist of Unrelated Members, Cobbled Together by Their Counsel

The Movant Groups claim to have a larger financial interest than Riisborg. However, they are groups of unrelated investors, cobbled together "by the efforts of lawyers hoping to ensure their eventual appointment as lead counsel," and "based on this history, [] the members of that 'group' c[an] not be counted on to monitor counsel in a sufficient manner." *In re Cendant Corp. Litig.*, 264 F.3d 201, 267 (3d Cir. 2001). Courts in this Circuit (and out) routinely reject such groups as inadequate. *See Chauhan v. Intercept Pharm.*, 2021 WL 235890, at *5 (S.D.N.Y. Jan. 25, 2021) (rejecting a "random assemblage of [two] unlike individuals"); *Cohen v. Luckin Coffee Inc.*, 2020 WL 3127808, at *4 (S.D.N.Y. June 12, 2020) (declining to appoint a "random assemblage of unlike individuals" that "had no pre-existing relationship" and "did not even know of one another before counsel introduced them"); *Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 533 (S.D.N.Y. 2015) (declining to appoint a proposed group as lead plaintiff where they "effectively admit[ted] to having no pre-litigation relationship . . . [and] [t]heir only involvement in the litigation thus far appears to have been a single conference call"). Consistent with this authority, the Movant Groups should not be appointed as lead plaintiff.

While the PSLRA permits groups to serve as lead plaintiff, not just any group of unrelated members is permissible. The group must "proffer an evidentiary showing" that its members "will

be able to function cohesively and to effectively manage the litigation apart from their lawyers." *Luckin*, 2020 WL 3127808, at *3 (citing *Varghese*, 589 F. Supp. 2d at 392). "Factors that courts have considered when evaluating whether a group's members will function cohesively and separately from their lawyers include evidence of: (1) the existence of a pre-litigation relationship between group members; (2) involvement of the group members in the litigation thus far; (3) plans for cooperation; (4) the sophistication of its members; and (5) whether the members chose outside counsel, and not vice versa." *Id.* Here, the factor analysis weighs against appointment of the Movant Groups.

Three of the Movant Groups have submitted declarations that provide no evidence that their members have a relationship that predates this litigation (Dkt. Nos. 10-7, 14-7, 20-7). Fly-E Investor Group 4 did not even submit a joint declaration. Accordingly, the first *Varghese* factor weighs against appointment of the Movant Groups. *See Luckin*, 2020 WL 3127808, at *4 (rejecting a "random assemblage of unlike individuals" who had "no pre-existing relationship" and "apparently did not even know of one another before counsel introduced them").

The Movant Groups' involvement in this litigation so far is limited to some discussion about the case with their counsel. Fly-E Investor Group 1 does not explicitly claim its members have ever spoken to each other. *See* Dkt. No. 20-7 ¶ 7 (stating only "[w]e have discussed this case with our counsel"). Moreover, Lindberg moved for appointment as a member of two different groups, *see* Dkt. Nos. 14, 20, which evidences that both groups have failed to meaningfully discuss the lead plaintiff appointment process with their counsel. *See Tsirekidze v. Syntax-Brillian Corp.*, 2008 WL 942273, at *4 (D. Ariz. Apr. 7, 2008) ("Oddly, the group's principal member, Robert McCullough, Jr., was initially named as a member of a competing proposed lead plaintiff, the Syntax Investor Group. . . . . Such a blatant gaffe does not bode well for the adequacy of his group

to lead this litigation."). Accordingly, the second *Varghese* factor weighs against appointment of the Movant Groups. *See Luckin*, 2020 WL 3127808, at *4 (rejecting a group that submitted a boilerplate joint declaration attesting that the members discussed the action "both with our counsel and with one another").

The Movant Groups did not submit a detailed communication plan. Accordingly, the third *Varghese* factor weighs against appointment of the Movant Groups. *See Kniffin v. Micron Tech., Inc.*, 379 F. Supp. 3d 259, 263 (S.D.N.Y. 2019) ("vague discussions of general communication protocols" and "boilerplate plans for cooperation" did not establish that a proposed group would work effectively and cohesively as lead plaintiff) (citing *Pipefitters Local No. 636 Defined Benefit Plan v. Bank of Am. Corp.*, 275 F.R.D. 187, 191-92 (S.D.N.Y. 2011)); *Intercept*, 2021 WL 235890, at *5 (rejecting "boilerplate language" as insufficient evidence of a robust communication plan).

The Movant Groups were admittedly formed by their counsel. Accordingly, the fifth *Varghese* factor weighs against appointment of the Movant Groups. *See Luckin*, 2020 WL 3127808, at *4 ("[T]here is every reason to believe that the members agreed to be assembled by counsel and to ratify counsel's representation of them—rather than that they gathered together and engaged in a truly independent selection of counsel.").

Since the Movant Groups are cobbled together by counsel to achieve lead plaintiff (and lead counsel) status, the *Varghese* factors indicate that the Movant Groups are not cohesive, and weigh against appointment of the Movant Groups as lead plaintiff.

### B.    No Members of the Movant Groups Should Be Appointed Individually as Lead Plaintiff

No member of the Movant Groups moved for individual appointment as lead plaintiff. As such, the Court should not consider the members individually. *See Jakobsen v. Aphria, Inc.*, 2019 WL 1522598, at *4 (S.D.N.Y. Mar. 27, 2019) ("There are no separate motions to appoint any

member of the Wan Group as lead plaintiff on an individual basis. As such, this Court does not consider whether each individual member of the Wan Group could be appointed as lead plaintiff."); *In re Petrobras Sec. Litig.*, 104 F. Supp. 3d 618, 624 n.4 (S.D.N.Y. 2015) (refusing to appoint a group member with the largest loss because it "at no time sought to serve as an individual lead plaintiff").[5]

In fact, any such request to be appointed individually at this late stage would be untimely, further demonstrate the individuals' inadequacy, and be an independent ground to reject their respective motions. *See Inovio*, 467 F. Supp. 3d at 280 (holding "[t]he Group's eleventh-hour willingness to discard" a member demonstrates that it is not cohesive); *Tsirekidze*, 2008 WL 942273, at *4 ("The willingness to abandon the group only suggests how loosely it was put together.").

## III. REINBLATT IS INADEQUATE BECAUSE HE DID NOT PROVIDE MEANINGFUL INFORMATION ABOUT HIMSELF

The only information Reinblatt provided on the record about himself is his name and transactions—nothing else. We know nothing of his background, including his investing experience, education, and career. Moreover, counsel's investigation into Reinblatt's background has yielded no results—possibly because Reinblatt resides overseas and has no meaningful records regarding his background obtainable in the United States. In other words, Reinblatt has not provided enough information to establish his adequacy to represent the class, nor enough

---

[5] *See also Tsirekidze*, 2008 WL 942273, at *4 ("The [] Group moved for lead plaintiff as a group and will be evaluated as such."); *In re Stitch Fix, Inc. Sec. Litig.*, 393 F. Supp. 3d 833, 836 (N.D. Cal. 2019) ("the Court declines to . . . consider their individual losses" because "the group members have not requested individual consideration"); *McDermid v. Inovio Pharm., Inc.*, 2020 WL 3288189, at *5 (E.D. Pa. June 18, 2020) ("The Inovio Group 'decided to move together as a group. . . .' That group motion is the one before the Court, and the Court will not retroactively amend it.") (citation omitted).

information for competing movants to meaningfully investigate whether he has any qualities that render him inadequate.

Courts routinely disqualify lead plaintiff movants who fail to provide basic information about themselves. *See Perez v. HEXO Corp.*, 2020 WL 905753, at *3 (S.D.N.Y. Feb. 25, 2020) ("[G]iven [movant's] failure to provide any information regarding his experience in his preliminary motion, the Court questions whether [he] will meaningfully oversee and control the prosecution of this consolidated class action."); *Karp v. Diebold Nixdorf, Inc.*, 2019 WL 5587148, at *6 (S.D.N.Y. Oct. 30, 2019) (denying lead plaintiff motion of movants who "provided the Court with little to go on with respect to their alleged capacity to manage this litigation"); *Gross v. AT&T Inc.*, 2019 WL 7759222, at *2 (S.D.N.Y. June 24, 2019) (denying lead plaintiff motion of movant who "failed to provide any information, beyond the name of a director, as to its business, management, structure, or its experience with securities litigation"). The same result is warranted with respect to Reinblatt—he should be disqualified from consideration for appointment as lead plaintiff.

## IV.    RIISBORG IS THE PRESUMPTIVELY MOST ADEQUATE PLAINTIFF

Since the Movant Groups and Reinblatt should be disqualified as inadequate to represent the class, Riisborg is the presumptively most adequate plaintiff. Riisborg satisfies all three requirements to be the most adequate plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Riisborg filed a timely motion for appointment as lead plaintiff, satisfies the typicality and adequacy requirements of Rule 23, and has the largest financial interest of the remaining *bona fide* movants in the relief sought by the class.

While the PSLRA does not specify a means of calculating the "largest financial interest" among movants, courts in the Second Circuit typically consider: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period;

(3) the total net funds expended during the class period; and (4) the approximate losses suffered. *See Darish v. N. Dynasty Minerals Ltd.*, 2021 WL 1026567, at *5 (E.D.N.Y. Mar. 17, 2021). Of these factors, losses suffered is the most important. *See id.*

Most courts agree that the preferred method to calculate financial losses requires class period sales to be matched to purchases on a last in, first out (LIFO) basis. *See In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 100-102 (S.D.N.Y. 2005); *Salim v. Mobile TeleSystems PJSC*, 2019 WL 11095253, at *3 n.5 (E.D.N.Y. Sept. 11, 2019) ("Courts in both the Second Circuit and nationwide prefer to use a LIFO calculation when assessing losses . . . ."). Indeed, LIFO is the preferred accounting method because it "has been used not only for lead plaintiff calculations, but also to determine compensation amounts for stockholders suffering losses due to securities fraud." *eSpeed*, 232 F.R.D. at 101.

Here, Riisborg has the largest LIFO loss of the remaining *bona fide* movants:[6]

| Movant | LIFO Loss |
|---|---|
| ~~Fly-E Investor Group 1~~ | ~~$1,749,000~~ |
| ~~Fly-E Investor Group 2~~ | ~~$1,014,635~~ |
| ~~Reinblatt~~ | ~~$619,549~~ |
| ~~Fly-E Investor Group 3~~ | ~~$577,037~~ |
| ~~Fly-E Investor Group 4~~ | ~~$527,025~~ |
| Riisborg | $216,182 |
| Lazzaretti | $143,373 |
| Zalba | $87,241 |

Accordingly, Riisborg has the largest financial interest in the relief sought by the class. Since Riisborg also filed a timely motion, and satisfies the requirements of Rule 23, he is the presumptively most adequate plaintiff. *See* 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I).

---

[6] The data included in this table is derived from the movants' loss charts submitted with their lead plaintiff motions. The figures in this table may differ slightly from the figures provided in the movants' loss charts because the figures in this table are normalized using the same 90-day average price to value losses on retained shares as was used in Riisborg' loss chart.

## V.  THE PRESUMPTION THAT RIISBORG IS THE MOST ADEQUATE PLAINTIFF HAS NOT BEEN REBUTTED

The presumption that Riisborg is the most adequate plaintiff may be rebutted only upon "proof" that he "will not fairly and adequately protect the interests of the class," or "is subject to unique defenses that render [him] incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No such proof has been presented.

Only two oppositions to Riisborg's motion have been timely filed (*see* Dkt. Nos. 23, 24) and neither challenges Riisborg's adequacy. In fact, Riisborg is more than adequate. As explained in his initial motion, Riisborg personally owns Andvic and has been managing his own investments for approximately seven years. *See* Dkt. No. 7 at 8. Riisborg has a college degree and for the last six years has been employed facilitating Executive and Board education programs for the Scandinavian Executive Institute. *See id.* He has also completed multiple executive leadership programs through INSEAD, the European business school, in the last five years. *See id.* As such, Riisborg is adequate and should be appointed as lead plaintiff.

No other movant is entitled to consideration. *See Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009) (the lead plaintiff process ends when "a candidate succeeds in both the first and second phases of inquiry").

## VI.  LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Topping v. Deloitte Touche Tohmatsu CPA*, 95 F. Supp. 3d 607, 623 (S.D.N.Y. 2015) ("There is a strong presumption in favor of approving a properly-selected lead plaintiff's decision as to counsel."). Accordingly, Riisborg's selection of Glancy Prongay & Murray LLP as lead counsel for the class should be approved.

Glancy Prongay & Murray LLP has the expertise, resources, and experience needed to effectively conduct this litigation. *See* Dkt. No. 8-4 (Glancy Prongay & Murray LLP firm résumé). The firm has decades of experience successfully representing injured investors. *See id.* By approving Riisborg's selection of counsel, the Court will ensure that the class receives the highest caliber of legal representation. Accordingly, Riisborg's selection of lead counsel for the class should be approved.

## VII.    CONCLUSION

For the foregoing reasons, Riisborg requests that the Court grant his motion and enter an Order (1) appointing Riisborg as Lead Plaintiff; (2) approving his selection of Glancy Prongay & Murray LLP as Lead Counsel for the class; and (3) denying the competing motions.

Respectfully submitted,

DATED: November 24, 2025            **GLANCY PRONGAY & MURRAY LLP**

By:  */s/ Gregory B. Linkh*
Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 358
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
glinkh@glancylaw.com

Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Kenneth Riisborg and Andvic Holding ApS and Proposed Lead Counsel for the Class*

**LAW OFFICES OF HOWARD G. SMITH**
Howard G. Smith
3070 Bristol Pike, Suite 112

Bensalem PA 19020
Telephone: (215) 638-4847
Facsimile: (215) 638-4867

*Additional Counsel*

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned counsel for Kenneth Riisborg and Andvic Holding ApS certifies that this brief contains 3,083 words, which complies with the word limit of L.R. 7.1(c).

<u>*/s/ Gregory B. Linkh*</u>
Gregory B. Linkh

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On November 24, 2025, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Eastern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 24, 2025, at Brooklyn, New York.

*/s/ Gregory B. Linkh*
Gregory B. Linkh