UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DINO KURT, Individually and on Behalf of All Others Similarly Situated,<br><br>               Plaintiff,<br><br>   v.<br><br>FLY-E GROUP, INC., ZHOU OU, and SHIWEN FENG,<br><br>               Defendants. | Case No.: 1:25-cv-05017-RER-CHK<br><br><u>CLASS ACTION</u><br><br>REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOVANT ELLIS REINBLATT'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL<br><br>Date of Service: December 1, 2025 |

**TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................... - 1 -

II.   REINBLATT REMAINS THE MOST ADEQUATE PLAINTIFF UNDER THE
      PSLRA ................................................................................................................. - 3 -

      A.    Reinblatt Has the Largest Loss of the Proper Movants...................................... - 3 -

      B.    Reinblatt Satisfies the Requirements of Rule 23 ............................................... - 5 -

III.  CONCLUSION ..................................................................................................... - 6 -

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Cohen v. Luckin Coffee Inc.*,
   No. 1:20-CV-01293-LJL, 2020 WL 3127808 (S.D.N.Y. June 12, 2020) ...............................4

*Constance Sczesny Tr. v. KPMG LLP*,
   223 F.R.D. 319 (S.D.N.Y. 2004) ...............................................................................................5

*Evangelista v. Late Stage Asset Mgmt., LLC*,
   784 F. Supp. 3d 542 (E.D.N.Y. 2025)........................................................................................1

*In re Fuwei Films Sec. Litig.*,
   247 F.R.D. 432 (S.D.N.Y. 2008) ...............................................................................................4

*Jonathan Tan v. NIO Inc.*,
   No. 19-CV-1424(NGG)(VMS), 2020 WL 1031489 (E.D.N.Y. Mar. 3, 2020).........................1

*Murphy v. JBS S.A.*,
   No. 17-CV-3084, 2017 WL 4480751 (E.D.N.Y. Oct. 6, 2017)..................................................2

*OFI Risk Arbitrages v. Cooper Tire & Rubber Co.*,
   63 F. Supp. 3d 394 (D. Del. 2014) ............................................................................................2

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*,
   229 F.R.D. 395 (S.D.N.Y. 2004) ...............................................................................................4

*In re Spero Therapeutics, Inc. Sec. Litig.*,
   No. 22-CV-3125(LDH)(RLM), 2022 WL 4329471 (E.D.N.Y. Sept. 19, 2022) ......................5

*Tsirekidze v. Syntax-Brillian Corp.*,
   No. CV-07-2204-PHX-FJM, 2008 WL 942273 (D. Ariz. Apr. 7, 2008)........................ 1, 4, 6

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
   589 F. Supp. 2d 388 (S.D.N.Y. 2008) .......................................................................................4

**Statutes**

15 U.S.C. § 78u-4(e) ......................................................................................................................5

Private Securities Litigation Reform Act of 1995,
   15 U.S.C. § 78u-4...........................................................................................................................5

**Court Rules**

Federal Rules of Civil Procedure Rule 23 ...............................................................................2, 4

Movant Ellis Reinblatt ("Reinblatt") respectfully submits this Reply Memorandum of Law in further support of his motion for appointment as Lead Plaintiff and approval of selection of counsel (ECF No. 15).

## I.    INTRODUCTION

As explained in Reinblatt's opposition to the competing lead plaintiff motions, groups that "'appear[]to be solely the product of the litigation' are generally not suitable to serve as lead plaintiff." *Jonathan Tan v. NIO Inc.*, No. 19-CV-1424(NGG)(VMS), 2020 WL 1031489, at *3 (E.D.N.Y. Mar. 3, 2020).[1]    The burden falls on the moving "group" to demonstrate that the aggregation of disparate members is appropriate. *Evangelista v. Late Stage Asset Mgmt., LLC*, 784 F. Supp. 3d 542, 550-51 (E.D.N.Y. 2025).    Fly-E Groups 1 and 2 have not come close to meeting their burden.    In fact, they have done just the opposite; their submissions demonstrate that they are lawyer driven groups.[2]    For example, both Fly-E Group 1 and Fly-E Group 2 fail to explain adequately how neither knew Mr. Lindberg was moving with both groups in their initial filings. Such a mistake has been held to be disqualifying.    *See Tsirekidze v. Syntax-Brillian Corp.*, No. CV-07-2204-PHX-FJM, 2008 WL 942273, at *4 (D. Ariz. Apr. 7, 2008) ("Oddly, the group's

---

[1] Here, as throughout, all emphasis is deemed added and citations and footnotes are deemed omitted unless otherwise noted.

[2] Eight competing motions were filed in this Court seeking appointment as Lead Plaintiff and approval of selection of counsel in the above-captioned action (the "Action"): (i) Fly-E Investor Group, consisting of movants Fredrik Melin, Ringkallens Holding AB, Ara Ainadin Zarei, Jan Lindberg, and Helena Lindberg (the "Fly-E Group 1") (ECF No. 20); (ii) movants Kenneth Riisborg and Andvic Holding APS ("Riisborg and Andvic") (ECF No. 6); (iii) movant Matteo Lazzaretti ("Lazzaretti") (ECF No. 9); (iv) movant Kenneth Zalba ("Zalba") (ECF No. 11); (v) Fly-E Investor Group, consisting of movants Marina Mazzeo, Stanley Eng, and Jan Lindberg ("Fly-E Group 2") (ECF No. 14); (vi) movant Reinblatt (ECF No. 15); (vii) movants Corrado Tavelli, Kristian Wulff, Per-Olaf Keitsch and Tarun Sethi ("Tavelli, Wulff, Keitsch, and Sethi") (ECF No. 18); and (viii) Fly-E Investor Group, consisting of movants Lars Torbjörn Edgren, Magnus Nilsson, Peter Schröder, Peter Bertilson, and Curt Peter Lars Rehnborg ("Fly-E Group 3") (ECF No. 10).    Movant Lazzaretti withdrew his motion (ECF No. 9) via notice filed on November 20, 2025 (ECF No. 22).    Investor Jan Lindberg moved as part of Fly-E Group 1 and Fly-E Group 2 before apparently withdrawing as a member of Fly-E Group 2.    *See* Amended Motion of Fly-E Group 2 (ECF No. 21).    Movant Reinblatt opposed movants Riisborg and Andvic's motion on November 21, 2025 (ECF No. 24).

principal member, Robert McCullough, Jr., was initially named as a member of a competing proposed lead plaintiff, the Syntax Investor Group....  Such a blatant gaffe does not bode well for the adequacy of his group to lead this litigation.").  As a result, Reinblatt is the proper movant with the largest loss that otherwise satisfies the requirements of Rule 23.

The competing motions raise hollow objections to Reinblatt, speculating as to his qualifications, complaining that they wish Reinblatt provided more information on his background or quibbling with the end he used to calculate his losses.  Yet they simultaneously acknowledge *that the 90-day lookback had yet to expire at the time of filing so all calculated losses were inexact at that point*.  The law is clear—any competing movant must provide evidence of Reinblatt's inadequacy.  Rank speculation is insufficient.  *Murphy v. JBS S.A.*, No. 17-CV-3084, 2017 WL 4480751, at *5 (E.D.N.Y. Oct. 6, 2017) ("The [competing movant] must produce more than speculation to rebut the presumption.... Mere speculation about a unique defense does not meet this standard" (quoting *OFI Risk Arbitrages v. Cooper Tire & Rubber Co.*, 63 F. Supp. 3d 394, 403 (D. Del. 2014) (omission in original))).  No competing movant has raised any viable evidence of inadequacy here.

Nevertheless, to remove all doubt, Reinblatt has included with this reply his declaration demonstrating his long history of investing, his education, and his willingness and understanding to move forward as lead plaintiff.  Accordingly, Reinblatt's declaration shows even the competing movants speculation is unjustified.  Accordingly, the Court should appoint Reinblatt as Lead Plaintiff.

## II.    REINBLATT REMAINS THE MOST ADEQUATE PLAINTIFF UNDER THE PSLRA

### A.    Reinblatt Has the Largest Loss of the Proper Movants

As an individual that invested a substantial amount of money in Fly-E Group, Inc., Reinblatt is an appropriate lead plaintiff.  After accounting for shifting memberships among the different movant groups and some errors in calculation, Reinblatt has the third largest loss, as shown by the following table:

| | |
|---|---|
| "Fly-E Group 1" *Comprised of Fredrik Melin, Ringkallens Holding AB, Ara Ainadin Zarei, and Jan and Helena Lindberg* | $1,749,745.36 |
| "Fly-E Group 2" *Comprised of Marina Mazzeo and Stanley Eng* | $785,112.95 |
| Ellis Reinblatt | $621,853.58 |
| "Fly-E Group 3" *Comprised of Lars Torbjörn Edgren, Magnus Nilsson, Peter Schröder, Peter Bertilson, and Curt Peter Lars Rehnborg* | $578,361.60 |
| Corrado Tavelli, Kristian Wulff, Per-Olaf Keitsch and Tarun Sethi | $531,173.96 |
| Kenneth Riisborg and Andvic Holding APS | $217,148.22 |
| Matteo Lazzaretti | $143,999.42 |
| Kenneth Zalba | $87,696.79 |

However, as explained in Reinblatt's opposition, attorney driven groups, such as the Fly-E Groups 1 and 2 are improper lead plaintiff movants.  The Declaration of Jan Lindberg (ECF No. 28-2) (the "Lindberg Declaration") of the Fly-E Group 1 (and formerly a member of the Fly-E Group 2) further demonstrates the lawyer driven nature of those Groups.  In the Lindberg Declaration, he admits that he knowingly filed two separate motions for his appointment as lead

plaintiff with two different groups. His purported explanation demonstrates that he does not understand the nature of the lead plaintiff process nor how this "gaffe" can be excused. Indeed, his attempt to "rectif[y]" his "mistake" only confuses the issue further as Mr. Lindberg declares that he spoke with the Kehoe Law Firm, P.C., which was not his proposed lead counsel, then neglects to mention any discussion of his "mistake" with his proposed lead counsel. Nor does the Lindberg Declaration mention whether he discussed his "mistake" with the other members of his proposed group and whether they acquiesced in his change of affiliation. In fact, there is no evidence that Mr. Lindberg has spoken to the other members of his "group" at all. Such a "gaffe" should be disqualifying for Fly-E Group 1. *See Tsirekidze*, 2008 WL 942273, at *4 ("Such a blatant gaffe does not bode well for the adequacy of his group to lead this litigation.").

The Fly-E Group 2 is similarly as inadequate a group of cobbled together unrelated investors. As noted above, Fly-E Group 2 initially moved for lead with Mr. Lindberg without even knowing that he had also moved for lead with Fly-E Group 1. In addition, Fly-E Group 2's joint declaration (ECF No. 14-7) states that "if ever there is a disagreement between us that cannot be resolved, we will take a simple majority vote, with each of us possessing one vote[,]" even though with only two members, there could never be a simple majority and disagreements would lead to deadlock. Because both Fly-E Group 1 and Fly-E Group 2 have failed to demonstrate their cohesiveness as groups under the *Varghese* factors, the Court should move to the movant with the next largest losses, Reinblatt. *Cohen v. Luckin Coffee Inc.*, No. 1:20-CV-01293-LJL, 2020 WL 3127808, at *3 (S.D.N.Y. June 12, 2020) (citing *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 392 (S.D.N.Y. 2008)).

### B.    Reinblatt Satisfies the Requirements of Rule 23

It is undisputed that after the improper groups, Reinblatt has the largest losses.  "At this point, a prospective lead plaintiff need only make a preliminary, *prima facie* showing that his or her claims satisfy the requirements of Rule 23."  *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 412 (S.D.N.Y. 2004); *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 439 (S.D.N.Y. 2008).  Reinblatt has done so.  He submitted his certification demonstrating his substantial investments and his willingness to serve as lead plaintiff.  Certain of the movants complain that Reinblatt did not submit additional background information and speculate that this somehow makes him an inadequate lead plaintiff.  However, competing movants are required to provide evidence of any purported inadequacy and they have not done so here. *Constance Sczesny Tr. v. KPMG LLP*, 223 F.R.D. 319, 324-25 (S.D.N.Y. 2004) ("[C]onclusory assertions of inadequacy are ... insufficient to rebut the statutory presumption under the PSLRA without specific support in evidence of the existence of an actual or potential conflict of interest or a defense to which [the presumptively most adequate plaintiff] would be uniquely subject.").  To remove all doubt, Reinblatt included with this reply his declaration demonstrating he is a sophisticated investor with substantial experience who is willing to serve as a lead plaintiff and understands the requirements of that position.

The Fly-E Group 1 also complains about the date Reinblatt used to calculate his losses, claiming that Reinblatt (and the other movants) used an "arbitrary date" for the 90-day lookback. Fly-E Group 1 Opposition at 19 (ECF No. 28).  However, while the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4, explains that the losses are calculated using the average stock price over the 90-days after the truth is revealed (*see* 15 U.S.C. § 78u-4(e)), here, as the Fly-E Group 1 acknowledges, the lead plaintiff motions were due before the end of the

lookback period. *Id*. Thus, none of the movants could calculate with precision the true average price of the 90-day lookback, because it was impossible to do so at the time. The 90-day period has now expired, and, as Reinblatt points out above, and no one has disputed, he has the largest losses when disregarding the improper movants.[3] Further, even if Reinblatt's decision to use a shorter lookback period until the 90 days had passed could be considered an error, the error was immaterial since all the information for any competing movant to calculate Reinblatt's losses was available. More importantly, this purported error pales in comparison to Mr. Lindberg's admitted "gaffe" of moving for lead in two groups.[4] *See Tsirekidze.*, 2008 WL 942273, at *4. Accordingly, the Court should appoint Reinblatt as Lead Plaintiff.

## III.   CONCLUSION

The Fly-E Groups have demonstrated that they are being led by its counsel, which will result in the kind of lawyer-driven litigation that the PSLRA was intended to prevent and that courts in this jurisdiction have specifically rejected. Thus, the Court should deny the Fly-E Groups' respective motions and grant Reinblatt's motion for appointment as Lead Plaintiff, approve his selection of Robbins LLP as Lead Counsel and Johnson Fistel, PLLP as Liaison Counsel for Lead Plaintiff and the proposed class, and grant such other relief as the Court may deem just and proper.

---

[3] Reinblatt admits he did make an inadvertent error in his opposition on the total amount of losses, which led to him incorrectly state he had larger losses than the Fly-E Group 2. Reinblatt apologizes for the mistake, but has corrected it herein. This mistake does not render him an inadequate lead plaintiff movant. *See In re Spero Therapeutics, Inc. Sec. Litig.*, No. 22-CV-3125(LDH)(RLM), 2022 WL 4329471, at *8 (E.D.N.Y. Sept. 19, 2022) (Finding that inadvertent misstatements in loss calculations are not disqualifying where the movant quickly corrected the error and acted in good faith, stating: "these are not the kind of errors that courts in this Circuit typically view as demonstrating a movant's inadequacy to serve as lead plaintiff."). Moreover, Reiblatt's error does not change the key facts: the Fly-E Groups are improper lawyer driven groups and he has the next largest loss.

[4] Reinblatt notes that the Fly-E Group 1 did not request that the Court disaggregate their losses and consider its members independently.

Dated: December 1, 2025

Respectfully submitted,

JOHNSON FISTEL, PLLP

/s/*Ralph M. Stone*
RALPH M. STONE
620 Fifth Avenue, 2nd Floor
New York, NY 10020
Telephone: (212) 292-5690
Facsimile: (619) 363-8326
E-mail: ralphs@johnsonfistel.com

*Counsel for Movant Ellis Reinblatt and [Proposed] Liaison Counsel*

ROBBINS LLP
BRIAN J. ROBBINS
STEPHEN J. ODDO
5060 Shoreham Place, Suite 300
San Diego, CA 92122
Telephone: (619) 525-3990
Facsimile: (619) 525-3991
E-mail: brobbins@robbinsllp.com
         soddo@robbinsllp.com

*Counsel for Movant Ellis Reinblatt and [Proposed] Lead Counsel*

1712432

## CERTIFICATE OF COMPLIANCE

The undersigned counsel for Movant Ellis Reinblatt certifies that this brief contains 1,958 words, which complies with the word limit of L.R. 7.1(c).

Executed December 1, 2025.

/s/*Ralph M. Stone*
RALPH M. STONE

- 1 -

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 1, 2025, I caused the foregoing to be filed electronically with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Court's electronic mail notice list.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed December 1, 2025.

/s/*Ralph M. Stone*
RALPH M. STONE

- 1 -