**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

DINO KURT, Individually and on Behalf of All Others Similarly Situated,

        Plaintiff,

v.

FLY-E GROUP, INC., ZHOU OU, and SHIWEN FENG,

        Defendants.

Case No.: 1:25-cv-05017-CHK

Hon. Clay H. Kaminsky

## THE FLY-E INVESTOR GROUP'S REPLY TO COMPETING MOTIONS FOR APPOINTMENT AS CO-LEAD PLAINTIFFS AND <u>APPROVAL OF SELECTION OF COUNSEL</u>

ii

## PRELIMINARY STATEMENT

The Court should appoint movants Marina Mazzeo and Stanley Eng to serve as lead plaintiffs in the above-captioned class action lawsuit.[1] The only competing movants at this point are: 1) Fredrik Melin, Ringkallens Holding AB, Ara Ainadin Zarei, and Jan and Helena Lindberg (the "Melin Group"), a group of five unrelated investors, with no pre-existing relationship, cobbled together by their attorneys in an attempt to secure the role of lead counsel; 2) Ellis Reinblatt, an individual movant who does not possess the largest financial interest in this action, and 3) Kenneth Riisborg and Andvic Holding ApS, an individual movant and his company who claim even less of a financial interest than Mr. Reinblatt.

The Melin Group has made a belated attempt to satisfy this evidentiary burden. In connection with their opposition, they have submitted a "Supplemental Declaration" signed by only one of their group members, Jan Lindberg. *See* ECF No. 28-2. It is woefully deficient. In addition to being filed after the 60-day statutory deadline under the PSLRA (and thus late), it provides no evidence that Mr. Lindberg had a pre-existing relationship with the majority of his other group members and conspicuously omits that Mr. Lindberg had any joint conference call with the other shareholders in the Melin Group. Furthermore, Mr. Lindberg's supplemental declaration describes that he "authorized both firms to file these motions [...] based on [his] unknowing belief that it was advantageous to file two such motions". *Id.* at 2. At best, it shows that Mr. Lindberg does not understand the lead plaintiff selection process or the duties required of

---

[1] Counsel for Ms. Mazzeo and Mr. Eng also represent Plaintiff Dino Kurt. In response to the Court's text order dated November 25, 2025, counsel contacted the Clerk's office in connection with proposed summonses filed on September 24, 2025. Dkt. No. 5. Revised proposed summonses were subsequently filed at the Clerk's direction. Dkt. No. 29. Summonses have since been issued and have been sent out for immediate service. Counsel will file proofs of service on or before December 8, 2025, as directed.

him. Mr. Lindberg executed his declarations in support of both groups the same day, and just one day after speaking with Ms. Mazzeo and Mr. Eng. *Compare* ECF Nos. 20-7 and 14-7.

Only by aggregating their losses can the Melin Group claim a larger financial interest than Ms. Mazzeo and Mr. Eng. However, their losses should not be aggregated because they do not have an adequate "pre-litigation relationship based on more than the losing investments at issue in this case" and their group is "too large and unwieldy to serve as a cohesive group." *See Abouzied v. Applied Optoelectronics, Inc.,* No. 4:17-CV-2399, 2018 U.S. Dist. LEXIS 16801, at *9-16 (S.D. Tex. Jan. 22, 2018); *Barnet v. Elan Corp., PLC.*, 236 F.R.D. 158, 161-62 (S.D.N.Y. 2005) (collecting cases) ("the aggregation of large, unrelated 'groups' of investors defeats the purpose of choosing a lead plaintiff")

Ms. Mazzeo and Mr. Eng are unencumbered by these issues. Ms. Mazzeo and Mr. Eng have submitted a joint declaration in support of their motion outlining their plans for serving as co-lead plaintiffs and confirming their intent to obtain the largest possible recovery for themselves and the class. *See* Joint Declaration, ECF No. 14-7. Ms. Mazzeo and Mr. Eng are a group of two sophisticated individual investors with nearly 40 years of investing experience. *Id.* at ¶3-4. Due to their commitment to this case, they have chosen to continue with this litigation despite being abandoned by a fellow group member. *See* ECF No. 21-3, Joint Declaration in Further Support of Motion. With an estimated loss of $785,112.95, and a group that clearly satisfies the Rule 23 requirements, the Court should grant Ms. Mazzeo and Mr. Eng's motion for lead plaintiff in its entirety.

## ARGUMENT

**I.    THE COURT SHOULD NOT ALLOW THE MELIN GROUP TO SERVE AS LEAD PLAINTIFF BECAUSE IT FAILED TO MAKE THE NECESSARY EVIDENTIARY SHOWING OF ADEQUACY.**

The case law in this Circuit is clear that a large, unrelated group of investors should not be appointed to serve as lead plaintiff. *See e.g., Goldberger v. PXRE Grp., Ltd.,* No. 06-CV-3410 (KMK), 2007 U.S. Dist. LEXIS 23925, at \*13-15 (S.D.N.Y. Mar. 30, 2007) (rejecting group whose members "share[] only this lawsuit in common," has no leader of the group, and suspecting group "of disparate and apparently unrelated plaintiffs" was result of the "type of lawyer-driven action that the PSLRA eschews") (citation omitted); *In re Tarragon Corp. Sec. Litig.,* 2007 U.S. Dist. LEXIS 91418, at \*3 (S.D.N.Y. Dec. 6, 2007) (rejecting two movant groups as they provided "no evidence that the members of these groups have ever communicated with other members of their respective group or will do so in the future" and have failed to provide any other evidentiary basis for aggregation other than that each was represented by a set of lawyers); *Weltz v. Lee*, 199 F.R.D. 129, 133 (S.D.N.Y. 2001) (collecting cases) ("There are, however, outer limits to the number of plaintiffs allowed  to proceed as lead plaintiff, in that there exists a point at which the Act's express purpose of placing the control of securities class actions with a small and finite number of plaintiffs (as opposed to plaintiffs' counsel) becomes wholly undermined by the sheer size of the proposed plaintiff group.").

Only in limited situations will a small group be permitted to serve as the lead plaintiff in a class action. A group is permissible if it can show the following factors: "(1) the existence of a pre-litigation relationship between group members; (2) involvement of the group members in the litigation thus far; (3) plans for cooperation; (4) the sophistication of its members; and (5) whether

3

the members chose outside counsel, and not vice versa." *Varghese*, 589 F. Supp. 2d at 392; *accord Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 533 (S.D.N.Y. 2015). Additionally, when evaluating a group's cohesiveness, courts will consider:

> why the individual members chose to work as a group; how the group intends to function collectively, including how they plan to communicate; the protocol the group will use to address disagreements; background information regarding individual members of the group; and the members' willingness to accept the role and responsibilities of lead plaintiff.

*Peters v. Jinkosolar Holding Co.*, 2012 U.S. Dist. LEXIS 38489, at *20-21 (S.D.N.Y. Mar. 19, 2012).

To satisfy this evidentiary burden, the Melin Group has submitted Mr. Lindberg's Supplemental Declaration with their opposition. *See* ECF No. 28-2. A reasonable evaluation of this declaration quickly reveals its shortcomings. Notably, the declaration fails to confirm that he participated in a joint conference call with his fellow Melin Group members, which is effectively required when filing a motion for lead plaintiff on behalf of a group of investors. *In re Tarragon Corp. Sec. Litig.,* 2007 U.S. Dist. LEXIS 91418, at *3, *6  (declining to appoint group where "evidence that the members of these groups have ever communicated" or "evidence that the members of the group will act collectively and separately from their lawyers" is "wholly lacking"); *In re MicroStrategy Sec. Litig.*, 110 F. Supp. 2d 427, 437 (E.D. Va. 2000) (group "failed to present evidence" that "members of the group had ever communicated with one another"); *In re Network Assocs. Sec. Litig.*, 76 F. Supp. 2d 1017, 1022 (N.D. Cal. 1999) (finding group inadequate where, among other things, it "attended no organizing meetings" and had "no cohesive identity"). In addition, while Mr. Lindberg claims he "authorized both firms to file these motions, [his] decision to do so was based on [his] unknowing belief that it was advantageous to file two such motions." *Id*. at 2. This shows Mr. Lindberg's lack of understanding regarding the lead plaintiff selection

process and his inability to adequately represent the class. Mr. Lindberg was then alerted by counsel that "having two competing motions filed on [his] behalf by two different law firms could jeopardize [his] appointment as a Lead Plaintiff." *Id*. at 3. Indeed, agreeing to be a member of one group, while at the same time partaking in a group call and committing to another group, shows that Mr. Lindberg does not understand his role or, for that matter, have an appropriate understanding of his obligations towards his fellow Melin Group members. *Compare* ECF Nos. 20-7 and 14-7.

## II.    MS. MAZZEO AND MR. ENG ARE THE "MOST ADEQUATE PLAINTIFFS" TO SERVE AS LEAD PLAINTIFF.

Ms. Mazzeo and Mr. Eng have the largest financial interest once the Melin Group is disqualified. Ms. Mazzeo and Mr. Eng satisfy the typicality and adequacy requirements too. Ms. Mazzeo and Mr. Eng's claims are typical of those of other Class members because, like other Class members, they purchased Fly-E securities during the Class Period at prices artificially inflated by Defendants' misrepresentations and/or omissions that form the basis of the Action. *See* Amended Memorandum in Support of Motion, ECF No. 21. Ms. Mazzeo and Mr. Eng have also made a preliminary showing of adequacy. Ms. Mazzeo and Mr. Eng's choice of counsel, Levi & Korsinsky, LLP, is qualified, experienced, and able to conduct the litigation. *See* ECF. No. 14-8 (Levi & Korsinsky firm resume). Finally, Ms. Mazzeo and Mr. Eng have further demonstrated their adequacy by submitting a joint declaration in support of their Motion, attesting that they are sophisticated investors with approximately 38 years of investing experience and agree to act in the best interests of the Class during the course of the litigation to provide effective representation and to ensure that Lead Counsel effectively litigates the Action. *See* Joint Declaration, ECF No. 14-7. Furthermore, Ms. Mazzeo and Mr. Eng signed a second joint declaration after Mr. Lindberg

departed the group, attesting to their continued commitment to pursue the case. *See* Joint Declaration in Further Support of Motion, ECF No. 21-3. Ms. Mazzeo and Mr. Eng are exactly the type of small, cohesive group that the PSLRA envisioned to represent class members. *Silverberg v. Dryships Inc.,* 2018 U.S. Dist. LEXIS 225563, at *9 (E.D.N.Y. Aug. 21, 2018) (group of five or fewer individuals investors is sufficiently small to be presumed cohesive).

Ms. Mazzeo and Mr. Eng, therefore, are the movants for lead plaintiff that have the largest financial interest in the Action and otherwise meet the requirements of Rule 23. Accordingly, Ms. Mazzeo and Mr. Eng are entitled to the presumption that they are the "most adequate plaintiff" and that they should be appointed as co-lead plaintiffs. 15 U.S.C § 78u-4(a)(3)(B)(iii)(II).

## CONCLUSION

For the reasons set forth above and in the opening motion papers, Ms. Mazzeo and Mr. Eng respectfully request that this Court: (1) appoint them as Co-Lead Plaintiffs for the Class in the Action; and (2) approve Levi & Korsinsky, LLP as Lead Counsel for the Class.

Dated: December 1, 2025                 Respectfully Submitted,

                                        **LEVI & KORSINSKY, LLP**

                                        By: */s/ Adam M. Apton*
                                        Adam M. Apton
                                        33 Whitehall Street, 27th Floor
                                        New York, NY 10004
                                        Tel: (212) 363-7500
                                        Fax: (212) 363-7171
                                        Email: aapton@zlk.com

                                        *Lead Counsel for Marina Mazzeo and*
                                        *Stanley Eng, and [Proposed] Lead Counsel*
                                        *for the Class*

6

## CERTIFICATE OF WORD COUNT

The undersigned, counsel of record for the Fly-E Investor Group, certifies that this brief contains 1,789 words, which complies with the word limit of L.R. 7.1(c).

Executed on December 1, 2025.

/s/ Adam M. Apton
Adam M. Apton