**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DINO KURT, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:25-cv-05017-RER |
| Plaintiff, | Date of Service: December 1, 2025 |
| v. | |
| FLY-E GROUP, INC., ZHOU OU, and SHIWEN FENG, | |
| Defendants. | |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF KENNETH RIISBORG AND ANDVIC HOLDING APS'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

## I.    INTRODUCTION

Riisborg's[1] motion for appointment as lead plaintiff and approval of lead counsel (Dkt. No. 6) should be granted because the movants who claim a larger financial interest are inadequate to represent the class. Excluding inadequate movants, Riisborg is the movant with the largest financial interest and no other movant contests that he is adequate to represent the class. Accordingly, Riisborg should be appointed as lead plaintiff and his selection of counsel should be approved.

Only four movants filed oppositions to the competing lead plaintiff motions: Riisborg; Fly-E Investor Group 1 (Dkt. No. 28, "FIG1 Opp."); Fly-E Investor Group 2 (Dkt. No. 27, "FIG2 Opp."); and Reinblatt (Dkt. No. 25, "Reinblatt Opp.").[2] All other movants have effectively abandoned their motions by declining to oppose the four remaining movants' motions. *See Bar-Asher v. Playtika Holding Corp.*, 2022 WL 22910727, at *1 n.3 (E.D.N.Y. Mar. 9, 2022) ("One movant failed to respond and that investor group is therefore considered to have abandoned its motion [to appoint lead plaintiff and class counsel].") (quoting *Kasilingam v. Tilray, Inc.*, 2020 WL 4530357, at *1 n.1 (S.D.N.Y. Aug. 6, 2020)).[3] As such, only Riisborg, Fly-E Investor Group 1, Fly-E Investor Group 2, and Reinblatt are still seeking appointment as lead plaintiff.

## II.    THE FLY-E INVESTOR GROUPS ARE INADEQUATE BECAUSE THEY WERE COBBLED TOGETHER BY COUNSEL

While the Fly-E Investor Groups claim to have a larger loss than Riisborg, they should be disqualified from consideration because they are inadequate. The Fly-E Investor Groups were

---

[1] All capitalized terms herein are as defined in Riisborg's opposition memorandum (Dkt. No. 26, "Riisborg Opp.").

[2] Fly-E Investor Group 1 and Fly-E Investor Group 2 are collectively referred to hereinafter as the "Fly-E Investor Groups."

[3] Even if Fly-E Investor Group 3 and Fy-E Investor Group 4 had not abandoned their motions, they should be disqualified for the reasons articulated in Riisborg's opposition memorandum: they are cobbled together by counsel and are therefore inadequate to represent the class. *See* Riisborg Opp. at 4-7.

cobbled together by counsel, and therefore cannot be counted on to adequately oversee counsel. *See* Riisborg Opp. at 4-7. Reinblatt identifies the same issue in his opposition memorandum with respect to Fly-E Investor Group 1, pointing out that it is "a lawyer-driven improper aggregation of unrelated members created for the sole purpose of attempting to have the largest loss." *See* Reinblatt Opp. at 3-8.

Despite now having had a second opportunity in their opposition memoranda to present evidence that the Fly-E Investor Groups were not cobbled together by counsel, they have only produced more evidence confirming it. Lindberg, the individual who initially applied to be appointed as a member of both Fly-E Investor Groups, filed a supplemental declaration in which she states that she had an "unknowing belief that it was advantageous to file two [] motions," each of which advocated for approval of different lead counsel, while also claiming "[t]his decision does not reflect any misunderstanding of the responsibilities of a Lead Plaintiff." *See* Dkt. No. 28-2, ¶¶ 2, 4.

However, this directly contradicts her earlier sworn statement that she "understand[s] and appreciate[s] the Lead Plaintiff's obligation under the PSLRA to select Lead Counsel," which requires that she select one lead counsel rather than multiple alternative lead counsels. *See* Dkt. No. 20-7, ¶ 15. It appears that Lindberg did not in fact substantively discuss with counsel for either group the responsibilities of a lead plaintiff in selecting lead counsel. This further demonstrates that both Fly-E Investor Groups were cobbled together by counsel for purposes of constructing the largest loss. *See Tsirekidze v. Syntax-Brillian Corp.*, 2008 WL 942273, at *4 (D. Ariz. Apr. 7, 2008) (finding that a movant's application as a member of two competing lead plaintiff groups "does not bode well for the adequacy of his group"). Both Fly-E Investor Groups should be disqualified as inadequate.

### III. REINBLATT IS INADEQUATE BECAUSE HE FAILED TO PROVIDE MEANINGFUL INFORMATION ABOUT HIMSELF

Reinblatt has failed to provide any meaningful background information about himself. As explained in Riisborg's opposition memorandum, this is disqualifying. *See* Riisborg Opp. at 7-8. Fly-E Investor Group 1 identified the same issue in their opposition memorandum, pointing out that "courts have . . . denied motions by individual movants that have provided no meaningful information about themselves." FIG 1 Opp. at 20 (collecting cases).[4] Reinblatt again did not provide any additional information about himself in his opposition memorandum. Reinblatt should therefore be disqualified as inadequate. *See Perez v. HEXO Corp.*, 2020 WL 905753, at *3 (S.D.N.Y. Feb. 25, 2020) (disqualifying movant in part because he "fail[ed] to provide any information regarding his experience in his preliminary motion").

Any effort by Reinblatt to provide such information on reply, when the competing movants do not have an opportunity to respond, should be disregarded as untimely. *Beck v. Metro. Bank Holding Corp.*, 2024 WL 2813233, at *10 n.9 (E.D.N.Y. June 3, 2024) ("[I]t is "plainly improper to submit on reply evidentiary information that was available to the moving party at the time that it filed its motion and that is necessary in order for that party to meet its burden.'" (citation omitted).

### IV. RIISBORG SHOULD BE APPOINTED AS LEAD PLAINTIFF

Since the Fly-E Investor Groups and Reinblatt are disqualified as inadequate, and the other movants have abandoned their motions, Riisborg is the remaining *bona fide* movant with the largest financial interest:

[Chart on Next Page]

---

[4] Fly-E Investor Group 1 also argues that Reinblatt should be disqualified because he miscalculated his loss. *See* FIG1 Opp. at 18-20.

| Movant | LIFO Loss |
|---|---|
| ~~Fly-E Investor Group 1~~ | ~~$1,749,000~~ |
| ~~Fly-E Investor Group 2~~ | ~~$785,112[5]~~ |
| ~~Reinblatt~~ | ~~$619,549~~ |
| ~~Fly-E Investor Group 3~~ | ~~$577,037~~ |
| ~~Fly-E Investor Group 4~~ | ~~$527,025~~ |
| Riisborg | $216,182 |
| ~~Lazzaretti~~ | ~~$143,373~~ |
| ~~Zalba~~ | ~~$87,241~~ |

Since Riisborg also filed a timely motion and is adequate and typical of the class, he is the presumptively most adequate plaintiff to be appointed as lead plaintiff.

Moreover, all movants concede that Riisborg is adequate to represent the class. No movant has attempted to rebut the presumption by showing (or even suggesting) that Riisborg is inadequate or subject to unique defenses. Indeed, Riisborg is more than adequate. Riisborg owns Andvic and has been managing his own investments for approximately seven years. *See* Dkt. No. 7 at 8. Riisborg has a college degree and for the last six years has been employed facilitating Executive and Board education programs for the Scandinavian Executive Institute. *See id.* He has also completed multiple executive leadership programs through INSEAD in the last five years. *See id.* Since Riisborg is presumptively the most adequate plaintiff, and the presumption has not been rebutted, Riisborg should be appointed as lead plaintiff.

## V.    CONCLUSION

For the foregoing reasons, as well as those put forth in Riisborg's previous briefs, Riisborg requests that the Court enter an Order: (1) appointing Riisborg as lead plaintiff; (2) approving

---

[5] Fly-E Investor Group 2 provided a revised certification for one of its members, which added transactions, and a revised loss analysis for the group. *See* Dkt. Nos. 27-2, 27-3. The accuracy of the group's loss is irrelevant because the group should be disqualified as inadequate. However, this type of error is also an independent basis to disqualify Fly-E Investor Group 2. *See Karp v. Diebold Nixdorf, Inc.*, 2019 WL 5587148, at *6 (S.D.N.Y. Oct. 30, 2019) ("The Court thus finds that the errors in the Aroras' submissions further militate against appointment and render them inadequate to serve as lead plaintiff.") (internal quotation marks and brackets omitted).

Riisborg's selection of Glancy Prongay & Murray LLP as lead counsel; and (3) denying the competing lead plaintiff motions.

Respectfully submitted,

DATED: December 1, 2025                    **GLANCY PRONGAY & MURRAY LLP**

By:   _/s/ Gregory B. Linkh_
Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 358
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
glinkh@glancylaw.com

Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Kenneth Riisborg and Andvic Holding ApS and Proposed Lead Counsel for the Class*

**LAW OFFICES OF HOWARD G. SMITH**
Howard G. Smith
3070 Bristol Pike, Suite 112
Bensalem PA 19020
Telephone: (215) 638-4847
Facsimile: (215) 638-4867

*Additional Counsel*

5

**<u>CERTIFICATE OF COMPLIANCE</u>**

The undersigned counsel for Kenneth Riisborg and Andvic Holding ApS certifies that this brief contains 1,257 words, which complies with the word limit of L.R. 7.1(c).

*/s/ Gregory B. Linkh*
Gregory B. Linkh

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On December 1, 2025, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Eastern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 1, 2025, at Brooklyn, New York.

*/s/ Gregory B. Linkh*
Gregory B. Linkh